```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

Georges F. de Laire

    v.                              Civil No. 21-cv-131-JD

Gary Michael Voris, et al.


Procedural Order

As a result of the parties' filing and docketing errors, there are documents that should be removed from the docket. Further, after several other errors, the defendants have filed motions without the certification required by Local Rule 7.1(c). These errors have delayed resolution of the pending motions and have required the court's attention to matters that counsel are expected manage.

    1.  Duplicate and Struck Documents

As is addressed in the prior procedural order, the plaintiff made multiple unsuccessful attempts to file objections to the defendants' motions to compel. See doc. no. 39. As a result, documents numbered 29, 30, 31, 32, 36, and 37 were struck. Those documents should also be removed from the docket.

The defendants filed replies to the plaintiff's objections without first seeking leave, documents nos. 40 and 41. The defendants then moved for leave to file replies, with copies of

the replies, and the motions were granted.  The replies are docketed as documents 47 and 48.  As a result, the originally filed replies, documents 40 and 41, are superfluous and shall be struck and removed from the docket.

The defendants also filed unredacted versions of their replies (documents no. 42 and 43) under seal before they sought leave to reply and without first moving to file the documents under seal.[1]  They then filed notices of conventional filing, including conventional filing of the unredacted replies.  Docs. nos. 50 & 51.  After those filings, the defendants moved for leave to file the replies under seal.  Docs. nos. 57 & 58.  The motions to seal have not yet been resolved because, as is addressed below, defendants' counsel failed to seek the plaintiff's assent.  Because the unredacted versions of the replies were erroneously filed under seal before leave had been granted, those documents also shall be struck and removed from the docket.

2. Lack of Certification

Local Rule 7.1(c) requires that a party filing a nondispositive motion certify to the court "that a good faith

---

[1] In addition, documents nos. 42 and 43 are docketed as sealed exhibits to the motions to compel when they are the unredacted versions of the defendants' replies.

2

attempt has been made to obtain concurrence in the relief sought" before involving the court. The purpose of the local rule is to expedite matters that are not contested and to conserve judicial resources for contested matters. See, e.g., Welvcro Indus. B.V. v. Taiwan Paiho Ltd., 2005 DNH 138, 2005 WL 2573383, at *1 (D.N.H. Oct. 12, 2005).

The defendants have filed five motions to seal without the required certification. Instead, the defendants state that they sought concurrence, without specifying how concurrence was sought, but did not receive a response before filing the motion. Given the relief requested in the motions to seal, it appears likely that the plaintiff would have assented, if the matter had been properly presented. In the absence of assent, however, the motions cannot be resolved until after the court receives the plaintiff's responses.

### 3. Practice in this District and Sanctions

The attorneys' filing and docketing errors in this case are numerous and time consuming. Any violation or failure to comply with the local rules may result in dismissal of an action, entry of default, or other sanctions. LR 1.3(a). "Violation of any local rule governing the form of filing may be sanctioned by imposing a fine against the attorney for the party that has

violated the rule."  Id.  Further, the court has inherent power to manage its cases and those appearing before it, which includes the power to impose sanctions as may be necessary and appropriate.  See Pimentel-Soto, 957 F.3d 82, 85 (1st Cir. 2020); In re Villa Marina Yacht Harbor, Inc., 984 F.2d 546, 548 (1st Cir. 1993).

The court notes that the plaintiff is represented by a member of the New Hampshire Bar, along with two lawyers who have been admitted pro hac vice.  The defendants are represented by a member of the New Hampshire Bar and a lawyer who has been admitted pro hac vice.

The court expects all counsel to comply with the Federal Rules of Civil Procedure, all filing and docketing procedures, and the local rules of this district.  In addition, the court expects counsel who are members of the New Hampshire Bar to review the filings, submissions, and docket entries made on behalf of their clients and to assure compliance with all procedures and rules.  That attention to rules, processes, and procedures should stop the noncompliance issues that have occurred in this case.

Conclusion

For the foregoing reasons, documents nos. 40, 41, 42, and 43 are struck and shall be removed from the docket.

Documents nos. 29, 30, 31, 32, 36, and 37, which were previously struck, shall be removed from the docket.

Counsel shall comply with the local rules and docketing procedures in all future filings, failing which the court may impose sanctions.

SO ORDERED.

_____
Joseph A DiClerico, Jr.
United States District Judge

October 21, 2021

cc: Counsel of record.