UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**VERY REVEREND GEORGES F. DE LAIRE, J.C.L.,**

       **Plaintiff,**

v.

**GARY MICHAEL VORIS; ANITA CAREY, ST. MICHAEL'S MEDIA a/k/a CHURCH MILITANT,**

       **Defendants.**

Case No. 1:21-CV-00131-JD

### DEFENDANTS' SUPPLEMENTAL REPLY IN SUPPORT OF RULE 35 MOTION TO COMPEL MENTAL EXAMINATION - DAMAGES

Georges de Laire is asserting more than mere "garden variety" emotional distress. In response to the Court's inquiry, he confirmed that he will be testifying as to his "emotional distress damages" and *will* call his treating "medical provider" as a witness to support that claim. *See* Plaintiff's Notice Concerning Intended Testimony at Trial, Dkt. 69. By asserting he has received medical treatment in connection with his alleged damages, de Laire is providing "good cause" to submit to an independent medical evaluation pursuant to Rule 35. *Tang v. City of Seattle,* C19-2055, 2020 WL 7714410 (W.D. Wash. Dec. 29, 2020) at * 2; *J.F. v. Correct Care Solutions,* 16-2177, 2018 WL 1276801 (D. Md. Mar. 9, 2018) at * 2. Defendants' entitlement to an independent examination is further supported any testimony concerning increases in the "P.R.N." of any medication.

Although the First Circuit has not directly addressed this issue, several other courts have analyzed the effect of self-diagnosis on the Rule 35 "good cause" analysis. In *Javeed v. Covenant Medical Center, Inc.*, the Northern District Court of Iowa held the case was not merely "garden

03506974 v2

variety" emotional distress because the plaintiff had "self-diagnosed a number of more serious symptoms as having been caused by the sexual harassment she allege[d] in [her] case [and] [s]he sought treatment and considered antidepressant medication." 218 F.R.D. 178, 180 (N.D. Iowa 2001). Other courts have held that physical evaluations are necessary to determine the extent, if any, to which an event "aggravated a previous medical condition." *O'Sullivan v. Rivera*, 229 F.R.D. 184, 186 (D.N.M. 2004). In *O'Sullivan*, the court noted the importance of allowing the defendants the opportunity to determine for themselves the extent of aggravation. *Id.* The court noted that "good cause" existed for a Rule 35 examination because without it, the defendant was limited to cross-examining the evaluation of the plaintiff's expert. *Id.*. It is crucial that Defendants conduct a Rule 35 examination to determine how, if at all, de Laire was affected by the alleged events in this case, even if he relies on his own testimony and chooses not to call his medical provider.

By acknowledging that he may call his medical provider to testify as to his non-economic damages, de Laire provided "good cause" for the requested Rule 35 examination. Without the examination, it will be impossible for Defendants to properly determine the extent of the emotional distress. There is no reason to deny Defendants this material discovery.

Respectfully submitted,

| | |
|---|---|
| MADDIN, HAUSER, ROTH & HELLER, P.C. | NICHOLSON LAW FIRM, PLLC |
| /s/Kathleen H. Klaus | /s/Neil B. Nicholson |
| Kathleen H. Klaus (MI Bar #67207) | Neil B. Nicholson (NH Bar #18341) |
| *Pro Hac Vice* | Attorney for Michigan Defendants |
| Attorney for Michigan Defendants | 58 North State Street |
| 28400 Northwestern Hwy, 2nd Floor | P.O. Box 4137 |
| Southfield, MI 48034 | Concord, NH 03302-4137 |
| (248) 359-7520 | (603) 856-8441 |
| kklaus@maddinhauser.com | neil@nicholson-lawfirm.com |

Dated: November 10, 2021