UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Charles F. de Laire

   v.                           Civil No. 21-cv-131-JD

Gary Michael Voris, et al.

**O R D E R**

The defendants moved to compel the plaintiff to provide additional discovery responses. The motion was denied, and the plaintiff was given the opportunity to move for an award of attorneys' fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(B). Doc. no. 81. The plaintiff has so moved, and the defendants have responded.

**Standard of Review**

When a motion to compel discovery is denied, the court must "require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). "[T]he court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Id. A motion to compel discovery is substantially justified if it was justified to a degree that could satisfy a reasonable person.

Sheppard v. River Valley Fitness One, L.P., 428 F.3d 1, 12 (1st Cir. 2005). The party opposing an award bears the burden of showing substantial justification. Wilson v. Bradlees of New Eng., Inc., 250 F.3d 10, 20-21 (1st Cir. 2001).

## **Discussion**

The plaintiff seeks an award of fees and costs in the amount of $10,296.50, which he contends is the amount incurred in his response to the defendants' motion to compel. The defendants argue that their motion was substantially justified, so that the motion for an award should be denied. They also contend that the amount of the fees is not reasonable or properly supported.

A. Substantial Justification

The defendants argue that their motion to compel was substantially justified because they were able to obtain the same information by other means and because the motion should have been granted. The defendants assert that, contrary to the order denying their motion, they were seeking relevant information, their requests were not overly broad, the plaintiff's response was misleading, and subsequently obtained information and events would have supported their discovery

requests.  In essence, the defendants contend that their motion to compel was denied in error.

The arguments the defendants provide do not show substantial justification for their motion.  Despite their current assertion that the order denying their motion was based on misinformation and error, the defendants did not move for reconsideration, and therefore, did not give the court an opportunity to correct any mistakes that might have been made.  That the defendants were able to obtain some of the information by other means does not show substantial justification for the motion to compel.

The defendants have not carried their burden to show that the motion to compel was substantially justified.

B.  Amount of Award Requested

Courts in the First Circuit apply the lodestar method to calculate the amount of reasonable attorneys' fees for purposes of an award under Rule 37(a)(5).  See Perez-Sosa v. Garland, --- F.4th ---, 2022 WL 71663, at *3 (1st Cir. Jan. 7, 2022); Conning v. Halpern, 2021 WL 24573, at *1 (D. Mass. Jan. 4, 2021).  The first step in the lodestar method is to calculate the number of hours reasonably spent by the attorneys for the moving party.  Perez-Sosa, 2022 WL 24573, at *3.  The second step is to

determine a reasonable hourly rate.  Id.  Multiplying the results of step one and step two provides the lodestar amount, which may then be raised or lowered based on the specific circumstances of the case.  Id.

1. Time

The plaintiff is represented by Suzanne Elovecky and Brian Fishman from the firm of Partridge Snow & Hahn in Boston and Howard Cooper and Joseph Cacace from the firm of Todd & Weld LLP also located in Boston.  Elovecky and Fishman seek fees for 20.30 hours spent representing the plaintiff to oppose the defendants' motion to compel.  Cooper and Cacace claim a total of 5.6 hours.  Their requests are supported by time records and their affidavits.  The plaintiff bears the burden of showing that the number of hours claimed are reasonable. Torres Rivera v. O'Neill-Cancel, 524 F.3d 331, 340 (1st Cir. 2008).

The defendants object to the time that was spent before the motion to compel was filed on September 3, 2021.  They also oppose an award for time spent on other discovery issues unrelated to the motion to compel.  In addition, the defendants object to the request for compensation for computer assisted research.

### a. Time Before Motion Filed

The plaintiff argues that the time spent by his attorneys before the motion to compel was filed was related because the attorneys were attempting to resolve the discovery issues. Rule 37(a)(5)(B), however, allows compensation for "reasonable fees incurred in <u>opposing the motion</u>." (Emphasis added.) The plaintiff did not cite a case to show that fees incurred before a motion to compel is filed may be awarded. Therefore, time spent before the motion to compel was filed is not included in the award.

Based on the date of the motion to compel, the time claimed is reduced as follows. The amount of time claimed by Elovecky is reduced by 3.2 hours. The amount of time claimed by Cooper is reduced by .2 hours, and Cacace's time is reduced by 1.4 hours.

### b. Time Spent on Other Matters

The parties were engaged in several other discovery disputes during the time the motion to compel was pending. The plaintiff did not respond to and therefore does not dispute the time entries identified by the defendants as pertaining to other work or as mixed entries without a reduction for the time spent

5

on other matters.  The plaintiff also does not dispute that the cited time by Cooper on September 23 is too vague.  Therefore, time spent on those matters is reduced as follows:

    Elovecky – Sept. 14 – 1.4 hours claimed, .7 hours allowed.
              Nov. 22 – 1.9 hours claimed, 1 hour allowed.
    Cooper     Sept. 23 - .1 hours not allowed.

    c.   <u>Time Properly Claimed</u>

    Elovecky – 8.2 hours
    Fishman  – 7.3 hours
    Cooper   –  .8 hours
    Cacace   – 2.4 hours.

The expenses for computer assisted research are allowed.

    2.   <u>Reasonable Hourly Rates</u>

The defendants contend that the plaintiff has not shown that the rates claimed by his attorneys are reasonable.  A reasonable hourly rate depends on "the nature of the work, the locality in which it is performed, the qualifications of the lawyers, and other criteria."  Perez-Sosa, 2022 WL 71663, at *6.  A rate may be reasonable if that is the rate the attorney actually charges her clients in the ordinary course of her practice and if that is the fee charged in the relevant market

6

by attorneys of comparable skill.  Id.  The party seeking an award of fees bears the burden of showing that the rate is reasonable.  Id.

The plaintiff contends that hourly rates of $440 for Elovecky, $295 for Fishman, $650 for Cooper, and $430 for Cacace are reasonable.  The defendants do not dispute Fishman's rate of $295 but contend that the rates claimed for Elovecky, Cooper, and Cacace are too high and that the plaintiff has not provided evidence to support the claimed rates.  The defendants submitted a copy of "The Legal Trends Report," published by Clio, that provides average costs for legal services in each state, and the hourly rate for lawyers in Massachusetts is listed as $285.

The plaintiff did not provide affidavits, expert opinion, or other evidence to support the hourly rates claimed in the motion.  In response to the defendants' objection as to the hourly rates, the plaintiff acknowledged the applicable standard but provided no additional evidence for the hourly rates claimed other than copies of parts of two cases in which attorneys' fees were awarded to different lawyers from the firms representing the plaintiff in this case.[1]  The plaintiff argued that the

---

[1] The case pertaining Elovecky's firm is a Rhode Island state case in which members of her firm were awarded fees based on hourly rates up to $465.  She does not provide evidence or even explanation of how those rates would apply to her.  For example, she provides no information about her status and

defendants should have provided an alternative rate schedule and that "[g]iven the relatively small amount at issue, retaining yet another attorney to serve as an expert on fees and rates would have served to only further increase the fees at issue." Doc. no. 91, at *4.

The burden is on the party claiming an award of fees to establish that the hourly rate is reasonable. Perez-Sosa, 2022 WL 71663, at *6. "The fee-seeker must carry the burden of establishing the prevailing hourly rate (or schedule of rates) in the community for the performance of similar legal services by comparably credentialled counsel." Id. The party seeking fees must "establish the market rate for comparable services with 'satisfactory evidence.'" Id. at *7.

The plaintiff provided no evidence of the prevailing market rate for comparable legal services in Boston.[2] The case excerpts the plaintiff submitted, by themselves, do not provide the required evidence, and, the case provided to support the Todd & Weld rates undermines the amounts claimed here. The plaintiff

---

experience as compared to the lawyers in that case. The case that involved attorneys from the Todd & Weld firm, where Cooper and Cacace practice, approved hourly rates of $370, $173, and $188, which does not support the hourly rates of $650 and $430 that are claimed by Cooper and Cacace in this case.

[2] Hourly rate of $500 may be a reasonable rate for a lawyer in Boston under demonstrated circumstances. See Gross v. Sun Life Assurance Co. of Canada, 880 F.3d 1, 23 (1st Cir. 2018).

did not provide evidence of the attorneys' usual and customary fees, the attorneys' experience, or their status in their law firms. As the plaintiff stated, he did not view an award of fees to be sufficiently important to seek the opinion of an outside attorney to support the hourly rates. Accordingly, the plaintiff has not properly supported the hourly rates set forth in the motion.

The defendants do not dispute that the hourly rate claimed by Fishman, $295, is appropriate. It may be a matter of common sense that the other attorneys who appear to be senior to Fishman would be entitled to higher hourly rates. However, in the absence of any evidence to support higher rates, the court declines to do plaintiff's work for him. Therefore, all of the allowable attorney time will be compensated at the rate of $295 per hour.

C. Result

The time allowed for the plaintiff's response to the motion to compel for all four attorneys is 18.7 hours. The hourly rate is $295. The amount of attorneys' fees awarded is $5,516.50.

The plaintiff is also awarded the expense of computer assisted research in the amount of $1,920.00 and other costs in the amount of $331.50. The total award is $7,768.00.

## Conclusion

For the foregoing reasons, the plaintiff's motion for an award of expenses (document no. 86) is granted to the extent that he is awarded $7,768.00.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

January 14, 2022

cc: Counsel of record.