UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Very Reverend Georges F. de Laire, J.C.L.

v.                                      Civil No. 1:21-cv-131-JL

Gary Michael Voris, et al.

## MEMORANDUM ORDER

The motions before the court in this case involve the plaintiff's efforts to amend his complaint after the defendants' answer and subsequent filings and discovery responses provided misleading information about the identity of the author of an allegedly defamatory news article. The Very Reverend Georges F. de Laire, J.C.L. brought defamation claims against Gary Michael Voris, Anita Carey, and St. Michael's Media, Inc. a/k/a Church Militant.[1]  In support, Father de Laire alleges that the defendants have published defamatory articles and a video about him that arose from a doctrinal dispute between a religious group and officials of the Catholic Church. Father de Laire moves to amend his complaint to add the person the defendants eventually (but not initially) identified as the author of the original article ("the Actual Author"), which Father de Laire contends is defamatory.[2]  The defendants object to the motion to amend on timeliness and futility grounds.

The defendants moved to maintain the confidentiality of the identity of the person they initially referred to as a "source", but who was eventually revealed to be the Actual Author. Father de Laire objects to maintaining confidentiality.  During oral argument, counsel for the

---

[1] J.C.L. stands for Licentiate in Canon Law.  https://canonlaw.catholic.edu/academics/degree-programs/jcl/index.html (last visited June 9, 2022).

[2] The identity of the Actual Author is (for now) confidential under the protective order in this case.

defendants agreed that the requested amendment, if allowed by the court, would moot their confidentiality motion.

The court has subject matter jurisdiction under 28 U.S.C. § 1332.  After reviewing the parties' submissions and holding oral argument, the court grants the motion to amend the defamation claim to add the Actual Author of the article published by Church Militant on January 17, 2019, as a defendant to the defamation claim.  The motion to maintain confidentiality is denied as moot.

## I.  **Applicable standard**

Under Federal Rule of Civil Procedure 15(a)(2), the court will grant leave to amend if justice so requires.  Pursuant to the discovery plan in this case, however, the deadline for amending pleadings was August 2, 2021.[3]  When a party moves for leave to amend a pleading after the deadline for doing so has passed, Rule 16(b)(4) applies instead of Rule 15(a)(2).  O'Brien v. Town of Bellingham, 943 F.3d 514, 527 (1st Cir. 2019).  Rule 16(b)(4) requires the moving party to show good cause to allow the amendment.  Id.

Good cause, in this context, "focuses on both the conduct of the moving party and the prejudice, if any, to the nonmovant."  Miceli v. JetBlue Airways Corp., 914 F.3d 73, 86 (1st Cir. 2019).  The moving party's diligence or lack of diligence is the "dominant criterion."  Id.  Even when good cause is shown, the court may deny a motion to amend if the proposed amendment would be futile.  See Snyder v. Collura, 812 F.3d 46, 51-52 (1st Cir. 2016); Bailey v. Dejoy, 2022 WL 123885, at *11 (D. Me. Jan. 13, 2022).

---

[3] Doc. no. 16, approving doc. no. 15.

## II. **Background**

The background information, as provided below, is drawn from the complaint, other filings by the parties, and oral argument on the pending motions.

Father de Laire filed this action against Gary Michael Voris, Anita Carey, and St. Michael's Media, which is also known as Church Militant, in February of 2021.  Church Militant is identified as a Michigan not-for-profit corporation that posts articles, videos, and podcasts on a website, churchmilitant.com.  Gary Michael Voris is the president of Church Militant.  Anita Carey was a staff reporter for Church Militant from March of 2017 to November of 2019.

Father de Laire is a priest in the Catholic Church and the pastor of a parish in the Diocese of Manchester, New Hampshire.  He also serves as the Judicial Vicar and the Vicar for Canonical Affairs for the diocese.  In those roles, Father de Laire's duties have included interaction with the Saint Benedict Center, Inc., located in Richmond, New Hampshire.[4]

A doctrinal dispute arose in 2016 between the Saint Benedict Center and the Diocese of Manchester about the Center's interpretation of the phrase "extra ecclesiam nulla salus."[5] Effective January 7, 2019, Father de Laire placed restrictions on the Saint Benedict Center in a Decree of Precepts because of their failure to follow the decisions made by the Congregation for the Doctrine of the Faith.  The precepts included prohibiting the Center "from referring to itself

---

[4]Father de Laire alleges that the Saint Benedict Center "is a group of men and women who work and live in the rural town of Richmond, New Hampshire.  The group is religious in nature and identifies as 'loyal to Father Leonard Feeney's crusade.'"  Doc. no. 1, ¶ 25.  Father de Laire further alleges that Father Leonard Feeney was ordained as a Jesuit priest in 1928 and "became known for incendiary and hate-filled speeches, primarily anti-Semitic in nature."  Id. ¶ 26.  As a result, Father de Laire alleges, Feeney was expelled from the Jesuit order and then excommunicated from the Catholic Church.  Apparently, the excommunication was reversed in 1972, five years before Feeney died.  The New York Times, Feb. 1, 1978, Sec. B, Page 2.

[5] The phrase is represented to mean "outside the church there is no salvation."  See doc. no. 24, fn. 1.

(or themselves,) or present itself (or themselves,) as an association of the faithful in the Roman Catholic Church . . . ,  from using the name 'Catholic' in any way or manner that implies a relationship of authenticity or legitimacy with Roman Catholic Church . . ., [and] from having any sacramental celebrations at the Saint Benedict Center property."[6]  Father de Laire continued to work with the Saint Benedict Center and offered to assign a priest in good standing to provide ministry there.

Church Militant published an article about Father de Laire dated January 17, 2019, under the Church Militant by-line without an identified author.  As explained infra,  Father de Laire's complaint alleged that defendant Gary Voris was the author of the article.[7]  Voris confirmed that he was the author in the defendants' answer, as did the other defendants.[8]

The article, titled "NH Vicar Changes Dogma into Heresy" with a subtitle of "Fr. George de Laire cracks down on Saint Benedict Center," featured a photograph of Father de Laire.  The article claimed that "work colleagues" of Father de Laire said he was emotionally unstable and that he was using the St. Benedict Center dispute to repair his image.  The article also said that there had been three complaints lodged against Father de Laire over several years which alleged corruption, abuse of office, violations of the law, and incompetence.  It further stated that Father de Laire was outsourcing his work, that he was vindictive and manipulative, and that he was living on an expensive estate.

After that article was published, Voris travelled to New Hampshire in April of 2019 to interview members and supporters of the Saint Benedict Center about Father de Laire's actions

---

[6] Doc. no. 1-2, at 1.

[7] Doc. no. 1, ¶ 43.

[8] Doc. no. 14, ¶ 43.

and made a video about Father de Laire, which was published on April 15, 2019.  On June 25, 2019, Church Militant published another article, which was written by Anita Carey, that challenged Father de Laire's interpretation of canon law, reported his interactions with the Saint Benedict Center, and stated that complaints had been lodged against him, among other things.

On February 5, 2021, Father de Laire brought suit against Church Militant, Voris, and Carey, alleging that the articles and video defamed him.[9]  In the complaint, Father de Laire alleged that Voris authored the January 17 article.[10] Father de Laire further alleged Voris falsely reported certain information stated in the article and lacked any sources for the false statements made there.[11]   The defendants filed their answer, signed by counsel, on April 15, 2021, in which they confirmed that Voris authored the January 17 article and did not identify any other author or source for the information in the article.[12] In subsequent motion practice, Father de Laire's counsel and the court relied on the defendants' answer and assumed that Voris wrote the January 17 article.[13]

Through discovery, Father de Laire sought information about the source of Voris's statements in the January 17 article.[14]  Father de Laire attempted without success to serve a subpoena on a witness listed by the defendants in their initial disclosures.  This witness was later

---

[9] Doc. no. 1.

[10] Id., ¶ 43.

[11] Id., ¶¶ 45-61.

[12] Doc. no. 14, ¶¶ 43-61.

[13] See Doc. no. 24, at 4; Doc. no. 81, at 4, n.2; Doc. no. 82, at 4; Doc. no. 84, at 4.

[14] Doc. no. 60.  The defendants contend that Father de Laire knew or suspected that a particular person was the source of the information in the article.  See doc. no. 108, at 2.

revealed to be the Actual Author.  In response to Father de Laire's discovery requests, the defendants invoked the newsgathering privilege to protect against disclosure of their sources.[15] Father de Laire moved to compel responses to his discovery requests and sought an order to preclude the defendants from invoking the newsgathering privilege in their depositions.[16]

The court denied Father de Laire's motion to compel without prejudice, finding that New Hampshire recognizes a newsgathering or reporters' privilege but that the privilege would be qualified in the context of this case.[17]  The court concluded that Father de Laire did not properly establish that the defendants should be compelled to provide the specific information and documents requested.  The court also concluded, however, that the defendants did not properly invoke the privilege in response to all of Father de Laire's discovery requests and should have provided responses for some if not all requests.  The court ordered the defendants to provide revised responses to Father de Laire's discovery requests and allowed him to move to compel if not satisfied with the defendants' responses.

Pursuant to Judge Johnstone's order, the defendants provided their supplemental responses on December 23, 2021, informing Father de Laire that a "confidential source" listed in their initial disclosures was the actual author of the January 17, 2019, article.  During a telephone conference among counsel to address discovery on February 7, 2022, counsel for the defendants identified the confidential source by name as the author ("the Actual Author") of the January 17,

---

[15] Doc. no. 66.

[16] Doc. no. 60, at 15.  Both the court and Father de Laire relied on the defendants' representation that Voris authored the January 17 article and assumed that the defendants were protecting the source or sources of information provided to Voris.

[17] Doc. no. 83, at 8-9.  Judge Johnstone issued the order that denied the motion to compel without prejudice.  Doc. no. 83. Senior Judge Joseph DiClerico presided over this case until his death, when it was reassigned to the undersigned.

2019, article.  Counsel's disclosure of the Actual Author flatly contradicts the defendants' answer to the complaint in which they represented that Voris authored the January 17 article. Father de Laire's counsel had previously attempted, unsuccessfully, to serve that person with a subpoena because Father de Laire suspected he was the source of some of the information published by Church Militant.

After learning the identity of the Actual Author and after Voris's deposition, Father de Laire moved to amend the complaint to add the Actual Author as a defendant.[18]  The defendants objected to the proposed amendment and also moved to keep the Actual Author's identity confidential.[19]  The court held oral argument on both motions on June 6, 2022.

During oral argument, counsel for the defendants represented that she did not know, when she signed the defendants' answer on April 15, 2021, that the Actual Author, rather than Voris, was the author of the January 17 article.  Counsel stated that she did not learn until that summer, a few months after signing the answer but approximately six months before disclosing that critical fact to Father de Laire's counsel, that the Actual Author wrote the article.  Counsel further stated that she overlooked the false statement in the answer that admitted Voris authored the article, which she characterized as a mistake without any intent to deceive, because Voris stood behind the article and the distinction between source, author, and publisher did not matter to her clients.

---

[18] Doc. no. 101.

[19] Doc. no. 109.

### III.  Analysis

Father de Laire moves to amend the complaint to correct the allegations about Voris as the author, to add allegations about the Actual Author, and to add claims against the Actual Author because of the defendants' falsehood in answering the complaint that identified Voris as the author. The defendants object to the motion on the grounds that Father de Laire delayed moving to amend, that they are prejudiced by the delay, and that any claim against the Actual Author is futile because it is barred by the statute of limitations.

#### A.  Delay and prejudice

As is stated above, in assessing good cause for amending a complaint, the court focuses on the moving party's diligence and the prejudice, if any, to the opposing party.  Miceli, 914 F.3d at 86.  The defendants argue that Father de Laire waited too long to move to amend to add the Actual Author as a defendant when he suspected that the Actual Author was a source for the article before the defendants' disclosed his identity.[20] The record demonstrates that the defendants did not disclose the true identity of the Actual Author of the January 17 article in a timely manner.  Whether or not Father de Laire suspected that the Actual Author was a source for the article, it was the defendants' obligation to provide correct information in their answer and in discovery about the author of the article.  The defendants did not do that until well into the litigation, well after their counsel became aware of it, and only after Judge Johnstone's discovery order forced the issue to the surface.

---

[20] During oral argument, counsel for the defendants argued that Father de Laire could have sued the Actual Author as a source of the information for the January 17 article before the defendants disclosed that he was the author and before they disclosed his name.  Counsel, however, made no effort to fit that theory into the elements of New Hampshire defamation law or the circumstances of this case.

Further, the defendants have not shown any prejudice caused by the time that elapsed between the February telephone conference and the motion to amend filed on April 13, 2022. Because the defendants delayed disclosure of the Actual Author's identity until February of 2022, they cannot claim, as they attempt to do, that they would be prejudiced by reopening discovery and an extension of other deadlines. The only prejudice counsel identified at the hearing was a need to conclude the case to avoid continued publicity about the defamation claims. It bears repeating that the delay was caused by the defendants' obfuscation. Therefore, the defendants have not shown prejudice due to delay caused by Father de Laire.

Simply put, the defendants led Father de Laire to believe that he had accurately pleaded the identity of the author of the January 17 article. At least one defendant answered the complaint knowing that the answer to paragraph 43 was untrue. Shortly after the defendants disclosed the true identity of the author (in response to Judge Johnstone's order), Father de Laire conducted additional confirmatory discovery and moved to amend and to add the Actual Author as a defendant. Under these circumstances, good cause exists to allow the amendment.

## B. Futility

When a motion to amend is filed before the close of discovery and before a motion for summary judgment is filed, the motion may be denied if the proposed amended complaint fails to state a claim on which relief may be granted. Parker v. Landry, 935 F.3d 9, 13 (1st Cir. 2019). As a case progresses, however, the standard for amendment changes. Steir v. Girl Scouts of the USA, 383 F.3d 7, 11-12 (1st Cir. 2004). After discovery is closed and a motion for summary judgment is pending, the proposed amendment "must be not only theoretically viable but also solidly grounded in the record." Somascan, Inc. v. Philps Med. Sys. Nederland, B.V., 714 F.3d 62, 64 (1st Cir. 2013).

The defendants argue that the motion should be denied because Father de Laire has not provided evidence to support the defamation claim and any claim against the Actual Author is barred by the statute of limitations.[21]  In the circumstances of this case, where Father de Laire seeks to add a defendant to an existing defamation claim that survived the defendants' motion to dismiss,[22] no motion for summary judgment is pending, and the requested amendment (or at least its timing) was caused by the defendants' and their counsel's conduct, this court will not require Father de Laire to provide evidence to support the defamation claim against the Actual Author.

The remaining issue raised by the defendants is the statute of limitations.  The defamation claim is brought under New Hampshire law, making the New Hampshire statute of limitations applicable to the claim.  Godin v. Schencks, 629 F.3d 79, 88 (1st Cir. 2010).  Actions for defamation must be brought within three years of the time the cause of action accrued.  N.H. Rev. Stat. Ann. § 508:4, II.  The Actual Author's article about Father de Laire was published on January 17, 2019.  The motion to amend was filed on April 13, 2022, which is three years and three months after the date of publication.

## 1.  **Relation Back**

Under Federal Rule of Civil Procedure 15(c), however, amendments will be deemed to relate back to the date of the original complaint in certain circumstances. Relation back is allowed when the applicable state law allows it.  Fed. R. Civ. P. 15(c)(1)(A).  In addition, an "amendment to a pleading relates back to the date of the original pleading when: . . . the

---

[21] Father de Laire contends in a footnote in his reply that the defendants cannot raise the statute of limitations because the motion is aimed at adding the Actual Author and only the Actual Author can raise that defense.  The case cited does not support that unusual argument (asserting the defense and objecting to the amendment are, of course, two different things), and the court need not address it further.

[22] See Doc. no. 24.

amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  Further, relation back is allowed when the amendment only changes the name of a party.  Fed. R. Civ. P. 15(c)(1)(C).

The defendants mistakenly assert that relation back is not allowed under New Hampshire law for purposes of Rule 15(c)(1)(A).   Contrary to that assertion, pleadings may be amended under New Hampshire law when "necessary for the prevention of injustice" so long as "the rights of third persons shall not be affected thereby."  N.H. Rev. Stat. Ann. § 514:9.  For purposes of a motion to add a defendant after the expiration of the statute of limitations, "the 'crucial' question in the prejudice inquiry is whether the intended defendant received actual notice of the suit prior to the expiration of the statute of limitations."  Murphy v. Strafford Cty., No. 19-CV-1162-PB, 2022 DNH 022, 2022 WL 616733, at *1 (D.N.H. Mar. 2, 2022).  "Informality will not nullify the notice so long as defendant receives actual knowledge."  Id.

In his reply, Father de Laire disputes the defendants' assertion that relation back is not allowed under New Hampshire law.  Despite that argument, Father de Laire stated that he does not rely on the relation back doctrine.[23]  During oral argument, however, counsel for Father de Laire said that she was relying on the relation back doctrine but made no argument to apply the doctrine to the circumstances of this case.  In the absence of any developed argument to show that the New Hampshire relation back doctrine or any other part of Rule 15(c) would apply here, the court will not address the timeliness issue under any of the relation back provisions of Rule 15(c).

---

[23] See Doc. no. 107 at 2, n.3.

## 2. **Tolling**

Father de Laire contends that the statute of limitations does not bar his proposed amendment to add a defamation claim against the Actual Author because the defendants fraudulently concealed the Actual Author's identity until February of 2022.[24]  Under New Hampshire law, "[t]he doctrine of fraudulent concealment is an equitable ground to justify the tolling of the statute of limitations based on the wrongful conduct of the defendant." Portsmouth County Club v. Town of Greenland, 152 N.H. 617, 624 (2005).  The limitation period "is tolled by fraudulent concealment of facts essential to the cause of action until such time as the injured person has discovered them or could have done so in the exercise of reasonable diligence at which time the statutory period of limitation will start to run."  Lakeman v. LaFrance, 102 N.H. 300, 303 (1959).

Here, the defendants represented to Father de Laire and to the court that Voris was the author of the January 17 article in Church Militant.  Voris also made a video that included allegedly defamatory material.   Anita Carey was identified as the author of a subsequent article that Father de Laire alleges contained defamatory statements.   Based on those circumstances and representations, Father de Laire brought suit against Voris, Carey, and Church Militant.

Because of the nature of the allegedly defamatory statements (represented by the defendants to have been authored by Voris), Father de Laire suspected that the Actual Author was a source of information for the articles written by Voris and Carey and published by Church

---

[24] Father de Laire also asserts that the discovery rule applies here.  But see N.H. Rev. Stat. Ann. § 508:4, I; Gould v. N. Human Servs., 2016 WL 5831602 (N.H. Aug. 22, 2016); McNeil v. Hugel, 1994 WL 264200, at *3-*7 (D.N.H. May 16, 1994).  Given the lack of authority in New Hampshire for applying the discovery rule in defamation cases, the court will not apply it here. Relief from the statute of limitations based on fraudulent concealment is not barred under § 508:4.  See McNeil, 1994 WL 264200, at *7-*8.

Militant.  Through discovery, Father de Laire attempted to learn the identity or identities of the sources for the information in the articles and the video.   The defendants, however, opposed those efforts, asserting, among other things, the newsgathering privilege, which protects the identity of confidential sources of information provided to the press.[25] (They did this and continue to do this in a motion still pending even though the identity they seek to protect through privilege is not in fact a source but the author of the allegedly defamatory article.)  The court denied Father de Laire's motion to compel without prejudice but also required the defendants to provide revised responses to Father de Laire's discovery requests.[26]  That requirement prompted the defendants to identify the Actual Author of the January 17 article in February of 2022.

The defendants misrepresented the identity of the author of the January 17 article in their answer and did not correct that misrepresentation even in the face of discovery requests that related to the identity of that person.  Father de Laire suspected that the Actual Author was a source of information but had no reason to know that the Actual Author wrote the January 17 article.  Therefore, under the fraudulent concealment doctrine, the defendants' conduct tolls the limitation period as to the defamation claim against the Actual Author until his identity was disclosed by the defendants in February of 2022.  As a result, the proposed amendment to add the Actual Author as a defendant to the defamation claim is not barred by the statute of limitations and is not futile.

---

[25] See Doc. no. 83, at 8-10.

[26] Id. at 11.

C.  **Result**

Father de Laire has shown good cause to allow amendment of the complaint to add the Actual Author as a defendant to the defamation claim.  The defendants have not shown that the proposed amendment would be futile.  Therefore, the proposed amendment is allowed.

IV.  **Conclusion- ruling on both pending motions**

For the reasons stated above, Father de Laire's motion to amend (document no. 101) is granted.  As agreed at the hearing, in light of the amendment to add the Actual Author, the motion to preserve the confidentiality of the Actual Author (document no. 109) is denied.

Because the identity of the Actual Author is no longer confidential, Father de Laire shall file the amended complaint without redacting the name of the Actual Author, which is Marc Balestrieri, within twenty-four hours of the time this order is issued.  Upon filing, the amended complaint will become the operative complaint in this case.

Father de Laire shall serve Marc Balestrieri as provided by Federal Rule of Civil Procedure 4.  After Balestrieri has been served and appeared in the case, the parties shall file a proposed revised scheduling order.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  June 13, 2022

cc:     Howard M. Cooper, Esq.
        Suzanne Elovecky, Esq,
        Joseph M. Cacace, Esq.
        Kathleen H. Klaus, Esq.
        Neil B. Nicholson, Esq.

14