### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| VERY REVEREND GEORGES F. de LAIRE, J.C.L., <br><br>      Plaintiff, <br><br> v. <br><br> GARY MICHAEL VORIS, ANITA CAREY, ST. MICHAEL'S MEDIA a/k/a CHURCH MILITANT, and MARC BALESTRIERI <br><br>      Defendants. | CIVIL ACTION NO. 1:21-cv-00131-JL |

### UNOPPOSED MOTION FOR ALTERNATIVE
### SERVICE ON DEFENDANT MARC BALESTRIERI

Plaintiff the Very Reverend Georges de Laire ("Father de Laire") brings this motion seeking leave of Court to serve newly added Defendant Marc Balestrieri in a manner other than those provided in the Federal Rules of Civil Procedure.  As set forth below, Mr. Balestrieri has actively and repeatedly evaded service, and has also taken significant steps to conceal and/or obfuscate his location and contact information.  As a result, and despite diligent efforts since Mr. Balestrieri was added to this litigation as a defendant, Father de Laire has been unsuccessful in serving Mr. Balestrieri, and – based on Mr. Balestrieri's clear intentional evasion of service – does not believe he will be able to, absent the requested order.

Due to Mr. Balestrieri's evasive efforts, and Father de Laire's resulting inability to effect service, Father de Laire seeks an order, for good cause shown, permitting service in the form of (a) regular U.S. Mail to Mr. Balestrieri's listed business address, and (b) email to the two (2) email addresses that Father de Laire has identified as belonging to Mr. Balestrieri.  In the alternative, Father de Laire requests leave of court to serve Mr. Balestrieri via publication in the

state of Wisconsin.  In light of Mr. Balestrieri's clear efforts to evade service, Father de Laire

further seeks an award of fees and costs associated with bringing this motion and any alternative

service permitted.

*Defendants Gary Michael Voris, Anita Carey and St. Michael's Media d/b/a*

*Church Militant do not oppose this motion.*

In support of this Motion, Father de Laire states as follows:

1.       On June 13, 2022, the Court allowed Father de Laire's motion to amend the

complaint in this matter for purposes of adding Marc Balestrieri as a defendant. Father de Laire

filed the amended complaint on June 14, 2022.

2.       Pursuant to Rule 4 of the Federal Rules of Civil Procedure, Father de Laire

referred to the New Hampshire Rules of Civil Procedure which permit service on an out of state

defendant via United States Registered Mail, after serving the New Hampshire Secretary of

State.  Father de Laire served the New Hampshire Secretary of State, pursuant to Chapter 510:4,

New Hampshire Revised Statutes Annotated, as amended, on June 30, 2022.  See Affidavit of

Service dated June 30, 2022, attached hereto as Exhibit A.

3.       Subsequently, on July 8, 2022, Father de Laire caused a copy of the summons,

complaint, and associated documents to be served on Mr. Balestrieri at his known business

address, via United States Registered Mail.  See, e.g., July 8, 2022 correspondence from S.

Elovecky to M. Balestrieri, attached hereto as Exhibit B; see also Affidavit of Suzanne M.

Elovecky ("Elovecky Aff."), attached hereto as Exhibit C.

4.       Concurrent with efforts to serve Mr. Balestrieri through registered mail, Father de

Laire further hired a private investigator to attempt to locate Mr. Balestrieri.  See Exhibit C

(Elovecky Aff.).

6.      This was the second private investigator retained by Father de Laire to assist in locating and serving Mr. Balestrieri.  <u>See</u> Ex. C, Elovecky Aff., ¶ 14.  Specifically, in November of 2021, after Mr. Balestrieri was disclosed by Church Militant as a person with knowledge about this case, Father de Laire served a notice of subpoena on defendants evidencing his intent to serve a subpoena duces tecum on Mr. Balestrieri.  <u>See</u> Ex. C, Elovecky Aff.  Initially, Father de Laire attempted service of said subpoena on Mr. Balestrieri at the address disclosed by Defendants in their initial disclosures.  <u>See</u> Ex. C, Elovecky Aff.  However, upon the process server's arrival at that address, it was learned to be a UPS Store where Mr. Balestrieri's business, Canonical Aid, rents a mailbox.  <u>See</u> Ex. C, Elovecky Aff.

7.      Father de Laire's counsel then undertook their own investigation to determine an alternative address for Mr. Balestrieri, including through an inquiry with Defendants' counsel. <u>See</u> Ex. C, Elovecky Aff.   While Defendants' counsel did not provide further contact information, Father de Laire's counsel learned from a person who answered the phone at Canonical Aid of a potential alternative address in Michigan.  <u>See</u> Ex. C, Elovecky Aff.  That address was for a law office located in Michigan. <u>See</u> Ex. C, Elovecky Aff.  Upon contacting said law office in Michigan, counsel for Father de Laire was informed that Mr. Balestrieri had previously rented an office within a suite from said law firm, but that he had since absconded and the law firm had no knowledge concerning a forwarding address.  <u>See</u> Ex. C, Elovecky Aff.

8.      Due to Father de Laire's lack of success serving Mr. Balestrieri with the subpoena duces tecum at both the Wisconsin and Michigan addresses, Father de Laire hired a local private investigator.   <u>See</u> Ex. C, Elovecky Aff.

9.      The Massachusetts investigator ultimately recommended that Father de Laire retain an investigator in Michigan, as the state in which she had identified a long stay hotel where Mr. Balestrieri may have stayed previously.  <u>See</u> Ex. C, Elovecky Aff.

10.     While the investigator was continuing his work in Michigan and Wisconsin, attempting to locate Mr. Balestrieri for service purposes, Father de Laire learned of a canonical law conference to be held in LaCrosse, Wisconsin on August 2-3, 2022.   <u>See</u> Ex. C, Elovecky Aff.  Father de Laire believed that Mr. Balestrieri was likely to attend this conference.  <u>See</u> Ex. C, Elovecky Aff.

11.     Both counsel for Father de Laire and the Michigan private investigator retained process servers to attempt in-hand service at the conference.  <u>See</u> Ex. C, Elovecky Aff.

12.     On August 2, 2022, both process servers were present at the conference location, and each of them made attempts to serve Mr. Balestrieri.  <u>See</u> Ex. C, Elovecky Aff.  Mr. Balestrieri evaded those attempts, including by running into the woods to hide from the process servers.  <u>See</u> Ex. C, Elovecky Aff.

13.     Mr. Jack Haldeman, a process server, attempted service on Mr. Balestrieri on August 2, 2022.  <u>See</u> August 3, 2022 Affidavit of J. Haldeman, attached hereto as Exhibit D. Mr. Haldeman identified Mr. Balestrieri during a mass that was held at the conference and chose not to interrupt the religious service for purposes of service of process.  <u>Id.</u>  Instead, Mr. Haldeman waited for the sermon and service to conclude, and once it was concluded, he attempted to approach and serve Mr. Balestrieri.  <u>Id.</u> However, despite Mr. Haldeman's calling Mr. Balestrieri's name multiple times, Mr. Balestrieri left the church through a back door and refused to acknowledge Mr. Haldeman.  <u>Id.</u>   Mr. Haldeman later attended a dinner and cocktail reception in further attempt to serve Mr. Balestrieri, but Mr. Balestrieri did not attend that

session.  Id.  Mr. Haldeman further returned to the location of the conference for the second day,

and once again, Mr. Balestrieri was not present. Id.

14.     The second process server, Joshua Erickson, also was able to identify Mr.

Balestrieri with the help of other conference attendees.  See Affidavit of Joshua Erickson

("Erickson Aff.") at p. 1, attached hereto as Exhibit E.  When Mr. Erickson attempted to

approach Mr. Balestrieri to serve him with the court papers, Mr. Balestrieri physically ran away

from Mr. Erickson.  Id.  Ultimately, Mr. Balestrieri ran from Mr. Erickson into the surrounding

woods, leaving a defined path to run deeper into the woods.  Id.

15.     While Mr. Balestrieri was still in Mr. Erickson's sight, Mr. Erickson had called

his name and stated, "You are being served".  Id.  However, Mr. Erickson was not able to hand

the papers to Mr. Balestrieri, due to his running into the woods. Id.

16.     Eventually, Mr. Balestrieri emerged from the woods, but before Mr. Erickson

could hand him papers, Mr. Balestrieri was picked up by an unidentified driver of a pick-up

truck.  Id.  Said pick-up truck then engaged in erratic and evasive driving maneuvers to avoid the

process server, endangering Mr. Balestrieri's and others' physical well-being. Id.

17.     Following the unsuccessful attempts at in-hand service, Father de Laire's counsel

utilized two (2) phone numbers for Mr. Balestrieri in an attempt to set up a time for a process

server to meet with him in a safe place for service.  See Elovecky Aff., Ex. C.  One of the two

numbers was out of service.  Id.  The second was manned by an answering service.  Id.  Counsel

spoke with a live human being at the answering service, and provided her name, affiliation and

phone number.  Id.  The answering service attendant then represented that she had attempted to

reach Mr. Balestrieri, but that he was not available.  Id.  Counsel left a message asking for a

return phone call.  Mr. Balestrieri did not return the call. Id.

18.     Counsel then, on August 12, 2022, wrote to Mr. Balestrieri at two (2) email addresses that were identified by Father de Laire, and which Mr. Balestrieri had used in the course of work on cases where both Father de Laire and Mr. Balestrieri were involved.  Id. Counsel provided Mr. Balestrieri with the summons, complaint, and a waiver of service form, and requested that Mr. Balestrieri return the form to accept service. Id.  See also, Exhibit F, August 12, 2022 email from S. Elovecky to M. Balestrieri.

19.     Mr. Balestrieri did not respond to the email.  See Elovecky Aff.  Counsel did not receive a failed delivery notice, which indicates that the emails were received.  Id.

20.     On September 9, 2022, counsel received via U.S. Mail the package sent to Mr. Balestrieri on July 8, 2022, marked as undeliverable.  See Elovecky Aff. (Ex. C), Exhibit G (envelope returned undeliverable).

21.     At this time, Father de Laire has exhausted the options available to him for service on Mr. Balestrieri, and seeks leave of Court to effectuate service in an alternative manner.

22.     Based on the in-person attempts for service, wherein Mr. Balestrieri was made aware that two (2) process servers were attempting to serve him, Mr. Balestrieri's rejection of the registered mail that was sent to his business address, and Mr. Balestrieri's apparent receipt of the email from counsel forwarding the court papers, Father de Laire suggests that Mr. Balestrieri has notice that he is a defendant in a lawsuit and is purposefully evading service.

23.     This Court, as well as New Hampshire state courts, permit alternative service methods in circumstances such as here.  Rivard v. Lachman, No. 13-CV-209-SM, 2014 WL 1600320, at *2 (D.N.H. Apr. 21, 2014) (In allowing alternative service methods where the Defendant clearly evaded service, this Court stated, "[t]he procedures and methods for service of

process, as set forth in Rule 4, include, but are not limited to, options provided for under the relevant laws of the state in which the federal court is located.  *See* Fed.R.Civ.P. 4(e)(1).  New Hampshire's long-arm statute provides for alternative service by court order "as justice may require" when "the notice and a copy of the process are not delivered to or accepted by the defendant." N.H.Rev.Stat. Ann. ("RSA") 510:4.

24.     Therefore, Father de Laire requests leave of Court to serve Mr. Balestrieri via both email and regular U.S. Mail (United States Postal Service) to his listed business address in Wisconsin, understanding that the business address is a UPS Store where Mr. Balestrieri receives his mail. Said email addresses are:  mbalest@canonicalaid.org; canonist@protonmail.com.  Said physical address is:

> Mr. Marc Balestrieri
> c/o Canonical Aid
> 2585 University Avenue, No. 251
> Madison, WI 53705

25.     Alternatively, Father de Laire requests leave of Court to serve Mr. Balestrieri via publication in Madison, Wisconsin, where Mr. Balestrieri is listed as having offices.  See https://www.canonicalaid.org/contact.html (last visited 9/9/2022), listing 2858 University Ave., No. 251, Madison, Wisconsin 53705 as the business address.

27.     Pursuant to the State of Wisconsin's Department of Administration, the official state newspaper for purposes of legal notices is the Wisconsin State Journal, located in Madison, Wisconsin.  Father de Laire suggests this publication is appropriate should the Court order service via publication.

28.     Given Mr. Balestrieri's clear efforts to evade service, including but not limited to running into the woods from a process server, refusal to return phone calls and emails concerning

the matter, and refusal to accept registered mail, Father de Laire seeks his costs and attorneys'
fees in connection with this motion and any alternative service allowed.

29.     Concurrent with this motion, Father de Laire is filing an unopposed motion to
extend the service deadline, for purposes of allowing sufficient time to effectuate the alternative
service.

WHEREFORE, Plaintiff Father de Laire respectfully requests that the Court allow this
motion for good cause shown and order that Mr. Balestrieri may be served via regular U.S. Mail
to Mr. Balestrieri's listed business address, and via email to the two email addresses obtained by
Plaintiff's counsel.  Alternatively, Father de Laire requests that the Court permit service by
publication in the Wisconsin State Journal for fourteen (14) days.  In light of Mr. Balestrieri's
clear efforts to evade service, Father de Laire requests his costs and attorney's fees associated
with bringing this motion and the form(s) of alternative service allowed be paid by Mr.
Balestrieri.

Respectfully submitted,

THE VERY REVEREND GEORGES F. DE LAIRE

By his attorneys:

*/s/ Joseph Cacace*
Joseph M. Cacace, N.H. Bar No. 266082
Howard M. Cooper, *pro hac vice*
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
jcacace@toddweld.com
hcooper@toddweld.com

*/s/ Suzanne Elovecky*
Suzanne M. Elovecky, *pro hac vice*
PARTRIDGE SNOW & HAHN, LLP
30 Federal Street

Boston, MA 02110
(617) 292-7900
selovecky@psh.com

Dated: September 9, 2022


**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this date a copy of the foregoing document was filed through the Court's ECF system.  Counsel registered with said system are served accordingly.  Counsel further certifies that Defendant Marc Balestrieri is served on this date via email and U.S. Mail as follows:


Email:  mbalest@canonicalaid.org; canonist@protonmail.com

Mail:   Mr. Marc Balestrieri
       c/o Canonical Aid
       2585 University Avenue, No. 251
       Madison, WI 53705


*/s/ Suzanne M. Elovecky*
Suzanne M. Elovecky


4313193.2/30590-2