UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Very Reverend Georges F. de Laire, J.C.L.

     v.                                Civil No. 21-cv-131-JL

Gary Michael Voris, et al.

**SUMMARY ORDER**

The defendants in this defamation case move to strike parts of the plaintiff's affidavit, submitted in opposition to the defendants' motion for summary judgment, as inadmissible hearsay and as statements in conflict with assertions of privilege during the plaintiff's deposition. The plaintiff acknowledges hearsay in two paragraphs of the affidavit but argues that other parts of those paragraphs are admissible. He also argues that his affidavit does not conflict with his assertions of privilege during his deposition.

After reviewing the parties' submissions and holding oral argument, the court grants the defendants' motion to strike in part and denies the motion in part under the applicable standard. See Fed. R. Civ. P. 56(c)(2) (requiring that summary judgment evidence be admissible evidence); Fed. R. Civ. P. 56(c)(4) (requiring that an affidavit submitted in opposition to summary judgment "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"); Bonner v. Triple-S Mgmt. Dorp., 68 F.4th 677, 687 (1st Cir., 2023) ("[D]]istrict courts must apply Rule 56(c)(4) to each segment of

an affidavit, not to the affidavit as a whole, and approach the declaration with a scalpel, not a butcher's knife, disregarding only those portions that are inadmissible and crediting the remaining statements.") . The court strikes the second sentence of paragraph 30 and the first sentence of paragraph 37 as hearsay. See Fed. R. Evid. 801(c). The court strikes the last sentence of paragraph 19 as a statement in direct conflict with the privilege asserted during the plaintiff's deposition.[1] See Garrineri v. Wynn MA, LLC, 63 F.4th 71, 84 (1st Cir. 2023). The court denies the other challenges to the affidavit. The court will consider the admissible parts of the affidavit for purposes of summary judgment.

## Conclusion

For these reasons, the defendants' motion to strike (doc. no. 144) is granted in part and denied in part as provided in this order.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

June 29, 2023

cc:   Counsel of record.

---

[1] The court notes that it makes no ruling on the validity of the assertions of what appears to be the ecclesiastical privilege, see Order on Motion to Compel, doc. no. 84 (DiClerico, J.), as the defendants make no such challenges.