### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| VERY REVEREND GEORGES F. de LAIRE, J.C.L.,<br><br>     Plaintiff,<br><br>v.<br><br>GARY MICHAEL VORIS, ANITA CAREY, ST. MICHAEL'S MEDIA a/k/a CHURCH MILITANT, and MARC BALESTRIERI,<br><br>     Defendants. | CIVIL ACTION NO. 1:21-cv-00131-JL<br><br>__EMERGENCY MOTION__ |

### VERY REVEREND GEORGES F. DE LAIRE, J.C.L.'S __EMERGENCY__ MOTION WITH INCORPORATED MEMORANDUM FOR LEAVE TO SUBMIT FURTHER BRIEFING AND RELATED RELIEF DUE TO THE FAILURE OF DEFAULTED DEFENDANT MARC BALESTRIERI TO ATTEND HIS DEPOSITION AND THE __CHURCH MILITANT DEFENDANTS' ROLE IN THAT FAILURE__

The Plaintiff in this matter, the Very Reverend Georges de Laire ("Father de Laire"), submits this Motion to seek relief due to the failure of defaulted defendant Marc Balestrieri ("Mr. Balestrieri" or "Defaulted Defendant") to attend—in person or remotely—his deposition, which was scheduled for July 12, 2023 at 8:00 a.m. in Boston, Massachusetts.  Mr. Balestrieri refused to attend despite signing a stipulation filed with the Court in which he agreed to attend in person that date.

Mr. Balestrieri's failure to attend this deposition may not seem surprising, given his prior conduct associated with this litigation.  However, his failure to appear comes after a June 15, 2023 message sent to him by Defendant Gary Michael Voris, the principal of St. Michael's Media d/b/ Church Militant ("Church Militant"), wherein Mr. Voris explicitly threatened Mr. Balestrieri that, should he testify that he did not write the article at issue in this matter, Mr. Voris and Church Militant would "rain down on [him] publicly".  In light of this troubling communication, and its

impact on this litigation, Father de Laire hereby seeks leave to fully brief this matter for the Court, in support of a motion seeking sanctions in response to the very concerning actions and communications that predated the scheduled July 12, 2023 deposition.  In addition to the explicit threat made to Mr. Balestrieri, other documents were produced on June 26, 2023 which reflect Defendants' failure to meet their discovery obligations at best, or willful disregard of those obligations, coupled with outright misrepresentations, as the worst case scenario.  Father de Laire respectfully requests leave to fully address these grave concerns before the Court, as more fully set forth and requested below.

In light of the impending trial date, which is as early as September 6, 2023, Father de Laire files this motion as an ***Emergency Motion***, and requests that Defendants be required to respond on an expedited basis, in accordance with Local Rule 7.1(b).

Father de Laire has conferred with the Church Militant Defendants concerning the relief sought in this motion, pursuant to Local Rule 7.1(c) and said Defendants do not concur.

## Procedural Background

The deposition of Marc Balestrieri was scheduled as the result of an agreement reached with the parties and Mr. Balestrieri, at the Court's urging, on June 15, 2023.  Prior to reaching said agreement, Father de Laire served Mr. Balestrieri with a deposition subpoena, in hand, in the courtroom following a motion hearing.  See, e.g., Transcript of June 15, 2023 hearing, at pp. 53-54 (ECF No. 155).  Mr. Balestrieri agreed to appear for said deposition, with the only caveat being that should any counsel retained by Mr. Balestrieri have a conflict with the pre-selected date, the parties would work to reschedule the deposition for another day during the same week.  See Status Report (ECF No. 148), at Exhibit A.  The parties and Mr. Balestrieri entered into a stipulation memorializing the agreement that Mr. Balestrieri would so appear for a deposition.  Id.  Between

2

June 15, 2023, when the deposition date was so agreed, and July 11, 2023, Mr. Balestrieri made no contact with Father de Laire or his counsel concerning the deposition.

On Wednesday, July 5, 2023, counsel for Church Militant, Gary Michael Voris and Anita Carey (collectively "Church Militant Defendants") wrote to Mr. Balestrieri seeking confirmation that he intended to appear for the schedule deposition. See, Exhibit A (emails regarding the July 12, 2023 deposition). Attorney Klaus sent her message to (a) the email address that Mr. Balestrieri used to communicate with the Court on the morning of June 15, 2023 (see Exhibit B), and the email address that appeared on the business cards that Mr. Balestrieri handed to cancel in the courtroom on that date. See Exhibit C. Mr. Balestrieri did not respond to that email.

Father de Laire and his counsel spent multiple hours preparing for the deposition, during the week of July 3, including over the weekend of July 8-9, 2023, and continuing on July 10 and 11, 2023.

On Monday, July 10, 2023, Father de Laire's counsel sent an email to Mr. Balestrieri, utilizing the same email addresses referenced above, confirming the deposition. See Exhibit A. Once again, Mr. Balestrieri did not respond to that email.

On Tuesday, July 11, 2023, Church Militant Defendants' counsel sent another email to Mr. Balestrieri, in advance of traveling to Boston for the deposition, clearly communicating that the travel to Boston was at significant expense and asking for notice if he intended not to appear. See Exhibit A.

In response to that email, Mr. Balestrieri called Father de Laire's counsel and left a voice mail stating as follows:

> Good afternoon Ms. Elovecky. This is Marc Balestrieri calling regarding the Case No. 1:21-cv-00131-JL. As you recall, I am a witness in the civil case, and I was calling to inform you that I will not be attending the deposition scheduled for tomorrow morning at your office in Boston. Again, I am calling to inform you that I

> am not attending the deposition that is scheduled to be held tomorrow morning.
> Please convey that information to your client and to any others who will - were
> scheduled to be attending tomorrow morning.

See, e.g., Mitel Voice Mail notification dated July 11, 2023 at 2:02 p.m., attached hereto as

Exhibit D.[1]

      Mr. Balestrieri made this call from a blocked telephone number, preventing a return phone

call to discuss the issue.  See, e.g., voicemail log for S. Elovecky, reflecting two voicemails from

"Caller ID Blocked", attached hereto as Exhibit E.   Upon receipt of this voice mail, Father de

Laire's counsel emailed Mr. Balestrieri to suggest that the deposition be converted to Zoom.  See

July 11, 2023 email from S. Elovecky to M. Balestrieri, attached hereto as Exhibit F.  Shortly

thereafter, Mr. Balestrieri left a second message, also from a blocked phone number:

> Good afternoon, Ms. Elovecky.  I wanted to respond to your request for information
> regarding the stenographer or Zoom conference call, and in response to your query, I
> regret that I am unable to attend either in person or by Zoom such that a
> stenographer would be needed.  Again, I very much regret that I am unable to attend
> and wanted to advise per your request.  Thank you.

See, e.g., Mitel Voice Mail notification dated July 11, 2023 at 2:37 p.m., attached hereto as Exhibit

G.  As is clear from these voice mails, Mr. Balestrieri gave no reason for the cancellation, and did

not make an attempt to reschedule the deposition.  Mr. Balestrieri did not appear for the scheduled

deposition on July 12, 2023.

## Relevant Factual Background

      When the Church Militant Defendants answered the original complaint in this matter, they

admitted the allegation that the January 17, 2019 article, which launched the defamatory campaign

against Father de Laire, was written by Gary Michael Voris.  See Answer (ECF No. 14), at ¶ 43.

That admission drove Father de Laire's conduct in this case, through discovery, until it was

---

[1] Counsel will provide the court with the sound files associated with both voice mail messages, if so requested. Said sound files were shared with counsel for Church Militant Defendants upon receipt.

disclosed first by counsel and later at Mr. Voris's deposition that Mr. Voris did not write the article, but rather Marc Balestrieri was the author.  See, e.g., Memorandum of Law in Support of Motion to Amend (ECF No. 101-4), at p. 3.  As a result, Father de Laire was permitted to amend the complaint to include Mr. Balestrieri as a defendant.  See Order dated June 13, 2022, ECF No. 113.

On March 7, 2023, Father de Laire took the deposition of the Saint Benedict Center ("SBC").  At that deposition, the SBC's designee testified that (a) the SBC did not know that Mr. Balestrieri had authored the January 17, 2019 article until June of 2022; and (b) that in a conversation with Mr. Balestrieri, Mr. Balestrieri denied writing the article:

> And I said this is a problem, that Michael Voris said you wrote the article and you're our canon lawyer. And he said I didn't write the article.  He vehemently denied authorship of the article.
>
> I simply thought that that should be on the record.  Obviously, Marc's chosen not to defend himself, but I have this information, and I thought that this should be part of the record …
> …
>
> Counselor, I did not know what to believe.  I was given – I was given to – the way Marc tried to explain himself, the impression I got was that it may have been some sort of collaborative effort, but I – that's an impression.

See Deposition of Saint Benedict Center ("SBC Depo."), pp. 71-73, attached hereto as Exhibit H. Counsel for the Church Militant Defendants attended that deposition and was present for that testimony.

On June 15, 2023, Mr. Balestrieri wrote to this Court, and amongst other statements, stated that he wished to "defend [himself] against the false assertions of fact and claims that have been asserted by more than one party regarding me."  See Exhibit B.  Father de Laire necessarily interprets this to mean that Mr. Balestrieri claims that one or all of the Church Militant Defendants have made "false assertions of fact and claims" about him—namely that he was the author of the article. If Mr. Balestrieri had attended the deposition as scheduled, and testified consistent with the

SBC's testimony (that Mr. Balestrieri was *not* the author), there would be significant issues raised as to the veracity of Mr. Voris's testimony, and the Church Militant Defendants' conduct, generally, in this litigation, including but not limited to responses to discovery and statements made in Court filings.

On June 26, 2023, more than three months after the March 15, 2023 discovery deadline, the Church Militant Defendants made a supplemental production in this matter.  <u>See</u> June 26, 2023 email chain (attachments omitted), attached hereto as Exhibit I.  In producing these late documents, the Church Militant Defendants stated, "The emails are those in which Marc Balestrieri used a pseudonym 'tommoore'.  The emails are response [sic] to your Document Request 30; they are all from 2018 and none related to Fr. de Laire, the articles, or this case."  <u>Id</u>. Given the characterization of this production, Father de Laire was surprised to see that the last page of the more than 100-page production included what appeared to be a text message dated "June 15" (no year) from Mr. Voris to "Marc".  In that text message, Mr. Voris states as follows:

> Marc – you are committing perjury. You know you write [sic] that article. What you don't know is this morning we found proof – your digital fingerprints – all totally documented on that article.  Remember the email address – TomMoore@Churchmilitant.com?  We have all the receipts.  You go thru with this and we will rain down on you publicly. You are a liar and a Welch.

<u>See</u> June 15 text message, attached hereto as Exhibit J.[2]  In subsequent communications, counsel for the Church Militant Defendants confirmed that the "June 15" text was in fact sent on June 15, 2023.  That text was produced with a designation of "confidential.  Upon request, according to the Protective Order entered in this matter, Defendants have waived that designation.  <u>See</u> ECF No. 26; July 12, 2023 email attached hereto as Exhibit K.

---

[2] Father de Laire further believes that it is relevant to the actual malice analysis in the currently-pending summary judgment motion that while Church Militant has claimed that they reasonably relied on Mr. Balestrieri and the information contained in the January 17, 2019 article, they now admit that they see Mr. Balestrieri as a "liar and a Welch".  <u>See</u> Ex. J.

This text message was problematic for multiple reasons.  First, Father de Laire sought all documents related to the January 17, 2019 article from Church Militant in his requests for production of documents.  See, e.g., Exhibit L (Church Militant's supplemental responses to Father de Laire's Requests for Production), at Request Nos. 1, 7, 10, 20; Exhibit M (Church Militant's responses to Father de Laire's Second Request for Production), at Request Nos. 25, 26, 27, 28, 29, 30, 31, 32, 36, 37.  In response to the majority of these requests, Church Militant responded that it had no such documents.  See Exhibits L and M.  Church Militant did produce certain documents in response to Father de Laire's second request, but did not include the documents that were produced on June 26, 2023.  In its January 6, 2023 production, Church Militant produced documents wherein its employees communicated with Mr. Balestrieri concerning his prior use of the pseudonym "Tom Moore" – which evidences that Church Militant was well aware of Mr. Balestrieri's use of that name with Church Militant (see, e.g., Deposition of Gary Michael Voris ("Voris Dep."), attached hereto as Exhibit N, at p. 458-468), and yet Church Militant failed to produce any documents wherein Mr. Balestrieri utilized an email address associated with that pseudonym until June 26, 2023.

In fact, to underscore this blatant omission from the Church Militant Defendants' production, Mr. Voris was asked at his deposition about Mr. Balestrieri's use of the name "Tom Moore," and he responded that "the Tom Moore name was a name he and I came up with very early on just to be able to refer to him, not in a publication fashion, but just to sorta keep his identity secret from, you know, people who would be interested in finding out where we were getting information from.  So there was a time – I don't remember when we stopped doing it, but there was a time, for a very long time, where he was actually in my phone as Tom Moore."  See Ex. N, Voris Dep., at p. 459.  Given that Church Militant was well aware that Mr. Balestrieri used the name

"Tom Moore", and that Mr. Voris actually identified Mr. Balestrieri in his own contacts as "Tom Moore," there is simply no basis for the emails with Mr. Balestrieri, wherein Balestrieri used the email address tommoore@churchmilitant.com, to have been withheld until June 26, 2023, more than 3 months after the close of discovery, after summary judgment briefing had been completed, and just over two months before trial.

The text message is further problematic in that Mr. Voris admits in the communication that there are documents constituting a "digital fingerprint" and/or "receipts" evidencing Mr. Balestrieri's submission of the article to Church Militant.  See Ex. J.  Church Militant had previously denied having any such documents.  See Ex. L.  Upon receiving the supplemental production, Father de Laire communicated with Defendants concerning the so-called "digital fingerprint," and any other relevant documents.  See Ex. I.  In response, the Church Militant Defendants responded, through counsel, "there are no documents constituting a 'digital fingerprint' demonstrating that Marc directly loaded the document into CM's system.  The computer system shows the "owner" of the article is tommoore@church militant.com."  See Ex. I.

It is simply not credible that during a thorough and complete search for documents, the Church Militant Defendants were not aware that the article which forms the primary basis of this lawsuit was "owned" by the tommoore@churchmilitant.com email address until June 15, 2023. The only reasonable conclusion to be drawn is that the Church Militant Defendants did not – at any time – engage in a thorough and complete search for documents in this litigation.  That a diligent search was prompted not by their discovery obligations, but rather by a months-later suggestion that Mr. Balestrieri may appear in this action, 3 months after the close of discovery, is a clear violation of the Church Militant Defendants' obligations in this litigation.

Notwithstanding the assurance that a document would be produced reflecting the "ownership" of the article, nothing was provided until a further request from Father de Laire's counsel for more information related to the text message.  See July 7, 2023 email exchange, attached hereto as Exhibit O; screen shot of "ownership" of Jan. 17, 2019 article, attached hereto as Exhibit P.

Of course, had the records reflecting tommoore@churchmilitant.com as the "owner" of the article been produced when they should have in connection with Church Militant's first production, in ***August of 2021***, Father de Laire would have had sufficient information to inquire further concerning that "ownership," and would not have wasted months of this litigation under the belief that Mr. Voris was the author.

However, perhaps the most concerning aspect of the text message produced on June 26, 2023, is that it shows that Mr. Voris took it upon himself, using threats of public humiliation and disclosure, to influence Mr. Balestrieri and his testimony.  Mr. Voris was well aware of Mr. Balestrieri's concerns about being publicly named as the author of not only the January 17, 2019 article (if he was, in fact the author), but in a more general sense concerning his identity as a source and/or resource for Church Militant, as reflected in Mr. Voris's deposition testimony wherein he explained that he used a pseudonym for Mr. Balestrieri in his own contacts.  See Ex. N (Voris Dep.).  Mr. Voris knew this about Mr. Balestrieri when he threatened to "rain down on [Mr. Balestrieri] publicly".  See Ex. J.  It is also telling that Mr. Voris chose to call Mr. Balestrieri a "Welch," which is a term used when someone backs out of a promise or an agreement.  Given the conduct to date, Father de Laire is extremely concerned that Mr. Voris and Mr. Balestrieri have worked together to obscure the identity of the author of the January 17, 2019 article, and that Mr. Voris feared disclosure of that collusion.  However, likely the result of Mr. Voris's explicit threats,

Father de Laire did not have the opportunity to inquire of Mr. Balestrieri concerning the article, any agreements between Balestrieri and Voris, or otherwise.

Following Mr. Balestrieri's voice mails stating that he would not be attending the deposition, Father de Laire asked for confirmation from the Church Militant Defendants that they did not have further communications with Mr. Balestrieri since the June 15, 2023 text message.  See July 11, 2023 email exchange, attached hereto as Exhibit Q.  In response, the Church Militant Defendants stated that one of their employees spoke to Mr. Balestrieri earlier on July 1, 2023, and that Mr. Balestrieri informed this employee that he would not be attending the deposition.  Id.  This was not conveyed to Father de Laire until July 11, 2023.

### **Request for Relief**

This matter is set for trial as early as September 6, 2023, which is less than two months from the date of this filing.  Notwithstanding years of discovery, Father de Laire is now facing trial with evidence that (a) the authorship of the January 17, 2019 article is in dispute, (b) that the Church Militant Defendants have not made complete productions, (c) that the Church Militant Defendants have not been forthcoming in their written discovery responses (i.e., claiming they have no documents in their possession, custody or control, only to produce over 100 pages of responsive documents after summary judgment was filed and argued); and (d) that the Church Militant Defendants have potentially tampered with a crucial witness by threatening to use their publishing power to publicly "rain down" on that witness.  Given the SBC testimony concerning Mr. Balestrieri's denials that he wrote the January 17, 2019 article, coupled with Mr. Balestrieri's statement that Defendants have made "false assertions of fact and claims … regarding [him]," and Mr. Voris's text message – it is clear that Mr. Voris feared that Mr. Balestrieri would inform the Court and Father de Laire that he either (a) did not write the article, or (b) collaborated in writing the

article with Mr. Voris or others at Church Militant. Of course, any such testimony would call into question Mr. Voris's veracity in claiming otherwise, would further disclose significant misconduct on the part of the Church Militant Defendants during discovery and otherwise, and significantly bolster the already voluminous record evidence of the Church Militant Defendants' actual malice.

All of this transpires as the trial date looms in the near future and less than a month before the deadline to file pretrial materials. Once again, Father de Laire has been and continues to be prejudiced by the Church Militant Defendants' gamesmanship, misrepresentations, and misconduct. Instead of preparing for trial, Father de Laire is now required to bring these issues to the Court for resolution and remains on shifting ground concerning something as basic as ***who wrote the article in question***, and the unavailability of a critical witness through no fault of his own.

In light of the foregoing, Father de Laire requests the following:

(1) An order reopening Mr. Voris's deposition to inquire further concerning the tommoore@churchmilitant.com email address, the documents produced, and communications with Mr. Balestrieri concerning his deposition;

(2) An order granting leave for Father de Laire to further supplement his opposition to the Church Militant Defendants' Motion for Summary Judgment;

(3) An order requiring further and complete production of all documents requested by Father de Laire in this litigation, as there is now evidence that prior productions were not complete, as well as a certification under oath by the Church Militant Defendants that all responsive documents have been produced;

(4) An order granting leave for Father de Laire to submit a motion and supporting briefing requesting sanctions against the Church Militant Defendants, including but not limited to adverse inferences to be drawn against the Church Militant Defendants at summary

judgment and at trial, that Mr. Balestrieri's deposition testimony would have been
unfavorable to Church Militant had Mr. Balestrieri not received the threatening text
message from Church Militant;

(5) An order of contempt to be issued against Mr. Balestrieri for failing to appear for the
duly-noticed deposition after he was served in hand with a subpoena for his deposition;
and

(6) Any other relief that the Court deems just and equitable given these concerning
circumstances.

<u>**CONCLUSION**</u>

It is clear from the Church Militant Defendants' actions that they have manipulated the
litigation process from the outset of this case, continuing through the present day.  Father de Laire
has borne the impact of these tactics, through delays necessitated by adding a new party more than a
year after the case was commenced, and excessive attorney's fees incurred by responding to these
abuses of the litigation process.  Father de Laire respectfully requests that the Court permit him to
bring these issues before the Court prior to trial, and prior to any decision being issued on the
currently-pending summary judgment motion.

*SIGNATURES ON FOLLOWING PAGE*

Respectfully submitted,

THE VERY REVEREND GEORGES F. DE LAIRE

By his attorneys:

*/s/ Joseph M. Cacace*
Joseph M. Cacace, N.H. Bar No. 266082
Howard M. Cooper, pro hac vice
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
jcacace@toddweld.com
hcooper@toddweld.com


*/s/ Suzanne M. Elovecky*
Suzanne M. Elovecky, *pro hac vice*
PARTRIDGE SNOW & HAHN, LLP
30 Federal Street
Boston, MA 02110
(617) 292-7900
selovecky@psh.com

Dated: July 13, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th of July, 2023, the foregoing motion was served utilizing the Court's ECF system to counsel of record. The Motion was further served on Defaulted Defendant Marc Balestrieri via US Mail to the following address, with a further copy served via email.

Marc Balestrieri
c/o Canonical Aid
514 Americas Way PMB 20863
Box Elder, SD 57719

/s/ Suzanne M. Elovecky
Suzanne M. Elovecky

4497003.1/30590-2