# Exhibit O

# Emails re Document Productions

**Suzanne Elovecky**

| | |
|---|---|
| **From:** | Kate Klaus <KKlaus@maddinhauser.com> |
| **Sent:** | Friday, July 7, 2023 1:06 PM |
| **To:** | Suzanne Elovecky; Cooper, Howard; Cacace, Joseph |
| **Cc:** | Neil Nicholson |
| **Subject:** | [EXTERNAL] RE: de Laire v. St. Michael's Media/Rule 26(e) Supplemental Production |
| **Attachments:** | -2598045735458759179.jpg |

Suzanne -

1. I did call you on June 26 to answer your question on the year the June 15 text was created and confirmed it was created this year.  I also told you that the text was not directly from my client to Mr. Balestrieri but through a third-party, but that was to let you know that Mr. Voris does not have a means of communicating directly with Mr. Balestrieri, other than through his public phone numbers.  This was to thwart your assumption (as set forth in your email) that there have been text messages and email exchanges between my client and Mr. Balestrieri that were called for in discovery and not produced.  **We produced the text 11 days after it was sent**.  We did not "resist" producing it but included it in our supplemental production, as required under Rule 26.

2. I told you that there were no documents that fit any of your requests that could be a "receipt" or a "digital footprint" demonstrating Mr. Balestrieri's  authorship of the article,  but that we had a screen shot of a computer screen that would show who created the document.  That is attached.  We do not have to produce documents that were not requested nor do we have to create documents by taking screenshots of computer screens, but we'll use this in Mr. Balestrieri's deposition next week, should he deny authorship of the article.   Your document requests asked for emails and text messages.  The attached is neither.

3. I don't know why Mr. Voris sent the text and didn't tell you that I did know why he did.  I certainly could not relay to you any confidential communication from my client on a topic I did not discuss with him.  When you and I discussed Mr. Balestrieri's email to the court, *we both* agreed that Mr. Balestrieri was likely going to try to deny that he authored the article.   *This was speculation* by both of us based on what we learned in Br. Andre's deposition, and not based on any communication between me and my client or me and Mr. Balestrieri.

4. It is true that I remarked to you that the first my clients learned that Mr. Balestrieri denied authorship of the article was when Br. Andre testified in his deposition about his conversation with Mr. Balestrieri.  My clients trusted Mr. Balestrieri and were surprised that he would deny authoring the article, especially when it is clear to anyone (including your client) who knows him and his writing style, that he did.  If you believe me conveying this fact to you waived the attorney client privilege as to all communications between me and my client concerning Mr. Balestrieri's authorship of the article, please provide some case law, so I can review the issue.   I am not aware of any caselaw that would support that conclusion and therefore we will not produce the written communications between me and my clients concerning the authorship of the article.  As a practical matter, *you did not ask me or my clients for communications between me and my clients or me and Mr. Balestrieri in discovery*, so I'm not sure of the basis for your request in the first place.

5. Mr. Balestrieri's authorship of the article is not in dispute for purposes of the upcoming trial.  You alleged in paragraphs 6, 44 and 45 of the First Amended Complaint that he was the author and we admitted these allegations.  You secured a default against Mr. Balestrieri, meaning that he also admitted that he was the author.   Certainly he may testify otherwise (as we *both* speculated) next week, but even if he does, this would just create evidentiary issues on whether his testimony can be admitted to impeach a judicial admission.

Dr. Drukteinis is available for his remote *bene esse* deposition on **August 24, 2023.**  We'd like to start at 10:00 am.  If that date does not work, let me know as soon as possible because his calendar is filling up.  Finally, I asked you for dates in early-mid August when you're available for the remote *bene esse* deposition of Fr. John Earl, but did not hear back.  We're going to notice if for **August 17, 2023,** starting at noon because of the time difference for this witness.  Also let me know immediately if that date does not work.

Thanks and have a great weekend!

- Kate


**Kate Klaus**
Shareholder



28400 Northwestern Highway
Suite 200-Essex Centre
Southfield MI 48034 (Metro Detroit)
Receptionist (248) 354-4030

D:(248) 359-7520
C:(734) 260-5749
F:(248) 359-7560
kklaus@maddinhauser.com
www.maddinhauser.com

vcard

*This electronic message and all contents contain information from the law firm of Maddin, Hauser, Roth & Heller, P.C. which may be privileged, confidential or otherwise protected from disclosure. The information is intended to be for the addressee only. If you are not the addressee, any disclosure, copy, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify us immediately and destroy the original message and all copies.*

---

**From:** Suzanne Elovecky <selovecky@psh.com>
**Sent:** Friday, July 7, 2023 11:22 AM
**To:** Kate Klaus <KKlaus@maddinhauser.com>; Cooper, Howard <hcooper@toddweld.com>; Cacace, Joseph <jcacace@toddweld.com>
**Cc:** Neil Nicholson <neil@nicholson-lawfirm.com>
**Subject:** RE: de Laire v. St. Michael's Media/Rule 26(e) Supplemental Production
**Importance:** High

[EXTERNAL EMAIL]
Kate,

I am following up on my email below.

As you know, in response to my email, you called me on Monday, June 26, 2023. During that call, you expressed to me that you had been "surprised" that Mr. Voris reached out to Mr. Balestrieri on June 15, 2023, as reflected in the production, and further informed me that – notwithstanding Mr. Voris's statement to the contrary in his June 15, 2023 message – there are no "receipts" or "digital footprints" reflecting Balestrieri's authorship of the article, and that instead, all there would be is a screen shot reflecting that the article was "owned" by the email address associated with Mr. Balestrieri. You represented that you would produce that screenshot, but it has not been produced.

During that call, you further shared, unsolicited, that the text was sent in reaction to your communicating with Mr. Voris about what you expected Mr. Balestrieri to say in court when he unexpectedly indicated his intention to appear at the summary judgment hearing. In our conversation, you disclosed the content of your conversation with your client, wherein you informed your client that it was your belief that Mr. Balestrieri would state to the Court the same information that he apparently stated to Brother Andre Marie Villarrubia (as Brother Andre testified at his deposition), that Mr. Balestrieri did not, in fact, write the January 17, 2019 article. You further informed me, unsolicited, that while you only produced a single screen shot of the Mr. Voris's text, that Mr. Voris in fact sent that text through a third party, and for that reason, your client had resisted production of that communication. Finally, you informed me that Mr. Voris sent the text on his own volition, and not in response to your advice or counsel.

In the first instance, I am renewing Father de Laire's request for all communications between your clients and Balestrieri, and in complete form. Meaning, if Mr. Voris did in fact send the text that was produced as CM1452 through a third party, we are entitled to the entire document, including those portions that reflect the communication to the third party. Second, we are further demanding all "digital fingerprints" and "receipts" concerning Mr. Balestrieri's authorship of the article. All of these materials are responsive to our document requests.

Finally, based on the information that you provided to me, it is our position that there has been a waiver of the attorney-client privilege concerning all communications between your clients and their counsel about the topic of who wrote the publications and statements at issue, about Mr. Balestrieri's expected testimony on this subject matter, and your own communications with both Mr. Voris and Mr. Balestieri on this topic. **We ask at this point that you forthwith produce all documents on this subject matter including, without limitation, counsel's communications with your clients on this topic and your own communications with Mr. Balestrieri on this topic**. We ask that these materials be produced by the close of business Monday so that we have time to prepare for the upcoming deposition. We fully reserve our client's right to seek to reopen the deposition of Mr. Voris on this topic and to take your deposition to the extent your clients intend to rely at all upon your communication about this topic the proceedings.

As you know, the issue of who authored the January 17, 2019 article has been a major point of conflict in this case, and having further questions raised on that point while trial is imminent is of great concern to Father de Laire, particularly where only partial information is being produced, and further information has been promised but not forthcoming. We believe this will be of great concern to the Court, as well. It is further concerning that the June 15, 2023 text appears to contain misrepresentations concerning "digital fingerprints," and "receipts," which are now being disavowed.

Of course, I am happy to discuss this matter further, but in any event, we expect a production of the materials referenced above immediately.

Thank you,



**Suzanne M. Elovecky**
Partner
**Partridge Snow & Hahn LLP**
30 Federal St.
Boston, MA 02110
t: 857-214-3097 · f: 617-292-7910

3

selovecky@psh.com
Learn more about our lawyers at psh.com



---

**From:** Suzanne Elovecky
**Sent:** Monday, June 26, 2023 3:43 PM
**To:** Kate Klaus <KKlaus@maddinhauser.com>; Cooper, Howard <hcooper@toddweld.com>; Cacace, Joseph <jcacace@toddweld.com>
**Cc:** Neil Nicholson <neil@nicholson-lawfirm.com>
**Subject:** RE: de Laire v. St. Michael's Media/Rule 26(e) Supplemental Production
**Importance:** High

Kate,

We are still discussing your request concerning your expert's testimony. I am leaning toward a trial deposition for purposes of our cross, but I will get back to you with our final decision shortly.

Concerning this production, while I see that your description of the production is true for the most part, the final page in your production certainly falls into a different category and has prompted further questions.

First, the date on the text from Voris to Balestrieri has no year. Can you please supply the year of that the text was sent?

Second, we had requested documents (doc Req. Nos. 29, 30, 31) reflecting the transmission of the article from Balestrieri to Church Militant, none were produced, and at Voris's deposition we were told there were no such documents, and that Balestrieri uploaded the text directly onto the web interface. Now this text message reflects that your client has located documents that bear Balestrieri's "digital fingerprints" in connection with the article. Nevertheless, your production today is limited to emails from 2018, and do not include the referenced "receipts" that Voris states he has.

When will those be produced, in addition to any further texts in the thread indicated at CM1470?

---

**From:** Kate Klaus <KKlaus@maddinhauser.com>
**Sent:** Monday, June 26, 2023 12:16 PM
**To:** Suzanne Elovecky <selovecky@psh.com>; Cooper, Howard <hcooper@toddweld.com>; Cacace, Joseph <jcacace@toddweld.com>
**Cc:** Neil Nicholson <neil@nicholson-lawfirm.com>
**Subject:** [EXTERNAL] de Laire v. St. Michael's Media/Rule 26(e) Supplemental Production

Attached are CM 1336-1462, documents we're producing under Rule 26(e). The emails are those in which Marc Balesterieri used a pseudonym "tommoore." The emails are response to your Document Request 30; they are all from 2018 and none relate to Fr. de Laire, the articles or this case.

Have you decided whether you object to our expert testifying through video conference?

Thanks,

Kate

**Kate Klaus**
Shareholder



28400 Northwestern Highway
Suite 200-Essex Centre
Southfield MI 48034 (Metro Detroit)
Receptionist (248) 354-4030

D:(248) 359-7520
C:(734) 260-5749
F:(248) 359-7560
kklaus@maddinhauser.com
https://link.edgepilot.com/s/ccc4ee20/AF7k_gXd4kaJISFY8yuuqg?u=http://www.maddinhauser.com/

vcard

*This electronic message and all contents contain information from the law firm of Maddin, Hauser, Roth & Heller, P.C. which may be privileged, confidential or otherwise protected from disclosure. The information is intended to be for the addressee only. If you are not the addressee, any disclosure, copy, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify us immediately and destroy the original message and all copies.*

---------------------------

This email message contains confidential and/or legally privileged information belonging to the sender and intended only for the review and use of the intended recipient. If you are not the intended recipient, any disclosure, dissemination, distribution, copying, review or use of the information contained in this e-mail message or any attachment is strictly prohibited. If you think you have received this e-mail message in error, please notify Partridge Snow & Hahn LLP at (401) 861-8200, and purge this e-mail message from your computer system immediately. Thank you.