UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Very Reverend Georges
F. de Laire, J.C.L.

    v.                                          Civil No. 21-cv-131-JL

Gary Michael Voris, et al.

## **DISCOVERY ORDER**

Trial in this defamation case is scheduled for the period beginning on September 6, 2023. The plaintiff filed an emergency motion[1] seeking relief after defaulted defendant Marc Balestrieri failed to appear for his deposition and the other defendants disclosed new information and documents related to Voris's and Balestrieri's conduct in this litigation and the events that precipitated it. The defendants, other than defaulted defendant Balestrieri, filed a response to the emergency motion.[2]

The defendants' repeated references to their willingness and agreement to allow the plaintiff additional limited-scope discovery, and characterizations of that willingness as "a gesture of good faith," are not welcomed or well received by the court given the defendants' track record in conducting this litigation, which has been, to put it charitably, unconventional in a way that does not engender confidence. Nor are their incorrect and

---

[1] Doc. no. 157.
[2] Doc. no. 160.

inapposite opinions on the scope of relevant and discoverable evidence, including their point that the plaintiff has not explained how additional discovery will impact the "factual or legal issues addressed" in the motion for summary judgment. The defendants appear to have forgotten that the court explained in its recent conference that although partial summary judgment will be granted on the plaintiff's limited-purpose public figure status, the court will deny summary judgment on the question of actual malice and will not require proof of actual malice for all ten of the allegedly defamatory statements. Additional discovery is permissible and necessary for the trial of this case and not just for purposes of the pending motion for summary judgment.

A. Discovery

Discovery closed in this case on March 15, 2023. The defendants produced the new information and documents at issue here on June 26, 2023, after the close of discovery and after all depositions in the case have been taken. The text message sent by Voris to Balestrieri was not disclosed for 11 days, while the defendants' motion for summary judgment was pending and while the plaintiff's counsel prepared for Balestrieri's deposition. The defendants have not shown that there was good cause for their late disclosure or that the delay was substantially justified or was harmless. See Fed. R. Civ. P. 16(b)(4) & 37(c)(1).

1. The deposition of Gary Michael Voris shall be reopened as soon as possible, limited to 4 hours of questions by the plaintiff. The plaintiff may inquire about any and all discoverable matters, not just the issues raised in the defendants' response.

2. Christine Niles and the "Church Militant employee" may be deposed on any matter related to this case, not only the areas and subject matter designated by the defendants, either by Zoom or in-person in the locations of the witnesses' work or residence.

3. During the depositions, Voris shall answer all questions for which the defendants previously asserted the attorney-client privilege based on Christine Niles's involvement in the defendants' actions and matters relevant to this case. The defendants' witnesses, including Voris and Niles, cannot assert privilege based on Niles's involvement because there is no basis to believe, based on Niles's unsworn declaration and the defendants' response to the plaintiff's emergency motion, that Niles ever acted as counsel for the defendants in any matter related to this case, which is a prerequisite for an assertion of an attorney-client privilege.

4. The defendants are reminded of their obligations under Federal Rule of Civil Procedure 26 to make all required disclosures and to supplement those disclosures as may be necessary.

B. Sanctions

The parties are free to request sanctions and other relief when and if they please (for example, before or during before or during trial for evidentiary and/or inferential sanctions, as may be appropriate). Fed. R. Civ. P. 37(c)(1). The court is not inclined at this time to impose further monetary sanctions, other than those ordered below, to avoid non-merits litigation diverting the court's and counsel's attention away from preparation

for the timely trial of this case. The court will take up the matter of non-evidentiary and non-inferential sanctions after the trial, if necessary.

    1. The defendants will pay the costs and fees (single lawyer) that the plaintiff incurs for the reopened Voris deposition.

    2. The defendants will pay the costs and fees (single lawyer) of any other depositions that are taken as authorized by this order.

    3. The costs and fees ordered here are limited to the costs of the deposition and the attorney fees billed for the deposition but do not include travel expenses or any other related expenses.

    4. No costs or fees are awarded to the plaintiff for filing the emergency motion for relief.

## Conclusion

For these reasons, the plaintiff's emergency motion (doc. no. 157) is granted as is authorized in this order and is otherwise denied.

    SO ORDERED.

                                                                      _____
                                                                       Joseph N. Laplante
                                                                       United States District Judge

July 24, 2023

cc:    Counsel of record.