## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| VERY REVEREND GEORGES F. de LAIRE, J.C.L.,<br><br>          Plaintiff,<br><br>v.<br><br>GARY MICHAEL VORIS, ANITA CAREY, ST. MICHAEL'S MEDIA a/k/a CHURCH MILITANT, and MARC BALESTRIERI<br><br>          Defendants. | CIVIL ACTION NO. 1:21-cv-00131-JL |

## PLAINTIFF'S STATUS REPORT CONCERNING RECENT DEPOSITIONS AND REQUEST FOR A FURTHER STATUS CONFERENCE TO DISCUSS PRE-TRIAL AND TRIAL SCHEDULING MATTERS

Plaintiff the Very Reverend Georges F. de Laire, J.C.L respectfully files this pleading in order to update the Court on recent events and to request that the Court hold a further status conference to continue discussions concerning the schedule for pre-trial deadlines and the trial in this matter. Defendants Gary Michael Voris, Anita Carey, and St. Michael's Media d/b/a Church Militant (collectively, "Defendants") consent to the relief (status conference) sought herein.  In support of this request, Father de Laire states as follows:

1. As a result of late-arising issues including Defendants' (now confirmed) June 15, 2023 threat made to Marc Balestrieri in an effort to intimidate him from testifying in this case, the Court allowed Father de Laire three (3) depositions to be either reopened or taken.  See, e.g., ECF No. 163.

2. The continued four (4) hour deposition of Defendant Gary Michael Voris took place on Tuesday, August 8, 2023 in the morning.  The deposition of a St. Michael's Media

1

d/b/a Church Militant ("Church Militant") employee who communicated the threat to Mr. Balestrieri took place on Tuesday, August 8, 2023 in the afternoon.

3.  On August 9, 2023, Father de Laire commenced the deposition of Christine Niles, another Church Militant employee, as to whose communications Defendants previously, falsely, asserted a claim of attorney-client privilege.

4.  As set forth below, the deposition of Ms. Niles could not be completed because at the very end of the deposition Ms. Niles disclosed that in 2021 and/or 2022 she had at least one communication with Mr. Balestrieri which had never been produced and which she testified she had never been asked for by anyone.

5.  Defendants then proceeded to make, via email and while the deposition was pending via Zoom, a further document production which included dozens of previously-undisclosed text messages. None of these documents were available when Father de Laire took the depositions of Mr. Voris and the Church Militant employee's depositions the preceding day, nor were they available in sufficient time to allow Father de Laire's counsel to adequately prepare to depose Ms. Niles about them. As a result, that deposition was suspended.

6.  There can be no dispute that Father de Laire requested *all* communications between Church Militant employees and Mr. Balestrieri concerning the events at issue in this case and this litigation.  See St. Michael's Media A/K/A Church Militant Responses to Plaintiff's Second Set of Requests for Production, attached hereto as Exhibit 1. Specifically, at Request for Production No. 28, Father de Laire requested from Church Militant "All text messages, SMS, MMS, or any other messages exchanged on a text messaging service (e.g., WhatsApp, Signal, Telegram), between you and

Marc Balestrieri from January 1, 2018 to the present abut, concerning, regarding, referring, or relating to this lawsuit." <u>Id</u>. at p. 3. In response, Church Militant made objections concerning any privileged documents, and then responded as follows: "Church Militant state [sic] that it has no responsive documents." <u>Id</u>. This response has never been corrected by Defendants and Father de Laire now knows it to be false based on the documents disclosed at the end of Ms. Niles' deposition.

7.  In total Defendants produced, via email, 16 screen shots containing dozens of text messages concerning the January 17, 2019 article, this litigation, and Mr. Balestrieri's participation.  <u>See</u> Exhibit 2 (Church Militant's August 9, 2023 Production).  Each of these documents were responsive to Father de Laire's discovery requests.  <u>See</u> Exhibit 1. Each has highly relevant information that is harmful to Defendants' defense of this case, which is presumably why it was concealed until this late date.

8.  Father de Laire then made requests for further productions on the record of the deposition, and adjourned the deposition to permit any further productions which might be forthcoming, and a reasonable time to review and analyze the new documents prior to examining the witness on them and related topics.

9.  Because of the timing of the production, Father de Laire was once again prevented from examining Mr. Voris – the principal and key witness of Church Militant – concerning the text messages and the events that they reference.  Father de Laire was further deprived of making additional arguments in the prior briefing on summary judgment before this Court concerning actual malice, to which these documents are

further relevant.[1]  Father de Laire was further deprived of the ability to adequately prepare for trial with all responsive documents.

10. This is the ***seventh time since June 26, 2023*** that Defendants have late produced documents in this matter which clearly should have been produced during discovery. Defendants produced further documents on June 26, 2023, July 7, 2023, July 13, 2023 (see ECF No. 158, wherein documents were produced to Father de Laire when filed as exhibits to Ms. Niles' affidavit), July 27, 2023, July 31, 2023, August 7, 2023, and now during a deposition on August 9, 2023. The vast majority of these documents pre-date the close of discovery on March 15, 2023 (the sole exceptions being documents and communications surrounding Mr. Voris's June 15, 2023 threatening text message to Mr. Balestrieri).

11. ***More importantly***, while Father de Laire is concerned about what documents are yet to be produced, based upon what was finally disclosed yesterday, it now seems apparent that Defendants have spoliated what may be critical evidence.  Father de Laire asks the Court to review Exhibit 2 at p. 16 which references Defendants' and Mr. Balestrieri's intentional adoption of a messaging application titled "Threema" for their communications.  Father de Laire's initial research on that application shows that messages are stored for only a very short period of time before they are *automatically deleted*.  See, e.g., https://www.jdsupra.com/legalnews/now-you-see-the-evidence-now-you-don-t-4885128/ (last visited on August 10, 2023).  Very simply, the application here was used to create discoverable communications and then

---

[1] Father de Laire understands and appreciates that the prejudice to him concerning the motion for summary judgment is limited, as the Court ultimately determined that the question of whether Defendants acted with actual malice will be decided by the jury.

intentionally delete them all during the pendency of this litigation. It is difficult to posit more egregious spoliation.

12. Father de Laire wishes to emphasize to the Court the full ***prejudicial impact*** of Defendants' gamesmanship (and worse) here. Recently, the Court inquired of his counsel as to how Father de Laire will prove the falsity of Defendants' defamatory statements in this case which attribute defamatory comments to alleged work colleagues. To be clear, Father de Laire believes that the combination of his testimony, the testimony of Bishop Libasci, the testimony of two young priests deposed in this case, and Defendants' admissions both in testimony and documents will more than allow the jury to conclude that there were no such sources, ever. ***But it is Mr. Balestrieri's direct testimony which Defendants have now deprived Father de Laire from obtaining which would have been the most direct and conclusive source of evidence as to the falsity of these particular defamatory statements, as he either would have provided the names of his alleged sources who Father de Laire could then have deposed, or he would have been unable to do so because they do not exist, thereby establishing falsity conclusively.***

13. At this point, Father de Laire also wishes to make clear that he intends to file a motion seeking a judgment of liability against Defendants or, in the alternative, other evidentiary sanctions and instructions to the jury. First, however, he seeks a further order to, yet again, reopen the deposition of Mr. Voris, and to complete the deposition of Ms. Niles at Defendants' expense. Given this, Father de Laire respectfully submits that an early October trial date is no longer feasible if such a date should become a

possibility based upon the Court's calendar, and that he seeks instead a mid- to late

January 2024 trial date.

14. Plaintiff sought Defendants' consent to the relief requested in the foregoing on

August 10, 2023.  As of the time of this filing, Defendants have not responded to that

request.

WHEREFORE, Plaintiff respectfully requests that the Court set this matter for a brief

status conference, to be held via Zoom for either Monday, August 14, 2023, or Tuesday, August

15, 2023. Defendants consent to this requested relief.

Respectfully submitted,

THE VERY REVEREND
GEORGES F. DE LAIRE

By his attorneys:

/s/ Howard M. Cooper
Howard M. Cooper, *pro hac vice*
Joseph M. Cacace, N.H. Bar # 266082
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
jcacace@toddweld.com
hcooper@toddweld.com

/s/ Suzanne M. Elovecky
Suzanne M. Elovecky, *pro hac vice*
PARTRIDGE SNOW & HAHN, LLP
30 Federal Street
Boston, MA 02110
(617) 292-7900
selovecky@psh.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 10, 2023 I electronically filed the above document(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to those who are currently on the list to receive e-mail notices for this case.


                                       */s/ Suzanne M. Elovecky*
                                       Suzanne M. Elovecky

4508358.1/30590-2