UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| VERY REVEREND GEORGES F. de LAIRE, J.C.L., <br><br> Plaintiff, <br><br> v. <br><br> GARY MICHAEL VORIS, ANITA CAREY, ST. MICHAEL'S MEDIA a/k/a CHURCH MILITANT, and MARC BALESTRIERI, <br><br> Defendants. | CIVIL ACTION NO. 1:21-cv-00131-JL |

**PLAINTIFF'S LIMITED OBJECTION TO MOTION TO WITHDRAW**

Plaintiff the Very Reverend Father de Laire submits this limited objection to counsel for the Defendants Gary Michael Voris, Anita Carey and St. Michael's Media a/k/a Church Militant ("Church Militant") (collectively "Defendants") Motion to Withdraw as Counsel. ECF No. 171.

While Father de Laire does not and cannot know the reasons for Defendants' counsels' motion but accepts counsel's representation to the Court that there is a basis to withdraw. Father de Laire is concerned only that this request to withdraw not delay this matter, especially where he intends tomorrow to ask the Court to set a schedule for the briefing and hearing on his forthcoming motion seeking a judgment of liability on the sole count of the First Amended Complaint for defamation. Father de Laire expects to be filing that motion shortly. The issues are serious and the interests of justice require that they be timely addressed.

As Father de Laire has set forth for the Court in prior filings (*see, e.g.*, ECF Nos. 101 (Motion to Amend); 157 (Emergency Motion); 172 (Motion for Status Conference), Defendants appear to have engaged in significant misconduct in this case, including but not limited to: (a)

misleading the Court and Father de Laire concerning the author of the January 17, 2019 article issue in this case; (b) repeated failures to produce relevant, responsive documents until the eve of trial (said productions are believed to remain incomplete); (c) the now established intimidation of a critical witness, who had been formally working with Defendants and their counsel and was within their control, resulting in that witness's failure to appear for a previously agreed-upon deposition, (d) the financial dealings between Defendants and the Defaulted Defendant, Marc Balestrieri, which appear to be connected to Mr. Balestrieri's participation in this litigation; and (e) spoliation of evidence through knowing usage of third-party communication applications that are designed to automatically delete communications.  *See, e.g.*, ECF Nos. 101 (Motion to Amend); 157 (Emergency Motion); 172 (Motion for Status Conference).  Given this past conduct, it is not unreasonable for Father de Laire to be concerned that the Motion to Withdraw is interposed due to Defendants' conduct in seeking only to delay.

Father de Laire notes as well that it is well-settled that a corporation cannot be represented *pro se*, and it is therefore a legal requirement that Church Militant obtain successor counsel.  *See, e.g.*, *Votta v. Beecher*, No. 07-CV-246-JL, 2008 WL 4631186, at *1 (D.N.H. Oct. 15, 2008)  ("It is well settled that a corporation, trust, or any other unincorporated association may not be represented pro se, or be a pro se party, but must be represented by licensed counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201–02 ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel."); *In re Victor Publishers, Inc.,* 545 F.2d 285, 286 (1st Cir.1976); *see also* LR 83.2(d) ("Persons who are not members of the bar of this court ... will be allowed to appear before this court only on their own behalf."); LR 83.6(c) ("A corporation or unincorporated association may not appear in any action or proceeding pro se.").

If the Court is inclined to allow the present motion, and in the interest of avoiding further unnecessary delay in this litigation, Father de Laire respectfully requests that it impose a two-week deadline by which all Defendants (other than Defaulted Defendant Balestrieri) must obtain new counsel. Concerning Church Militant, at a minimum, should that deadline not be met, Father de Laire requests that default judgment be entered against that Defendant.

        Respectfully submitted,

        THE VERY REVEREND GEORGES F. DE LAIRE

        By his attorneys:

        */s/ Howard M. Cooper*
        Howard M. Cooper, pro hac vice
        Joseph M. Cacace, N.H. Bar No. 266082
        TODD & WELD LLP
        One Federal Street, 27th Floor
        Boston, MA 02110
        (617) 720-2626
        jcacace@toddweld.com
        hcooper@toddweld.com

        */s/ Suzanne Elovecky*
        Suzanne M. Elovecky, *pro hac vice*
        PARTRIDGE SNOW & HAHN, LLP
        30 Federal Street
        Boston, MA 02110
        (617) 292-7900
        selovecky@psh.com

Dated:  August 24, 2023

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 24th day of August 2023 a copy of the foregoing document was electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to the following counsel of record:

Kathleen H. Klaus
Maddin, Hauser, Roth & Heller, P.C.
28400 Northwestern Highway, 2nd Fl
Southfield, MI 48034-1839
kklaus@maddinhauser.com

Neil B. Nicholson
Nicholson Law Firm, PLLC
58 North State Street
P.O. Box 41371 48034
Concord, NH 03302-4137
neil@nicholson-lawfirm.com

                                                                              /s/ *Suzanne M. Elovecky*
                                                                              Suzanne M. Elovecky

4514104.1/30590-2