**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| VERY REVEREND GEORGES F. de LAIRE, J.C.L., <br><br> Plaintiff, <br><br> v. <br><br> GARY MICHAEL VORIS, ANITA CAREY, ST. MICHAEL'S MEDIA a/k/a CHURCH MILITANT, and MARC BALESTRIERI <br><br> Defendants. | Civil No. 1:21-cv-00131-JL |

## REPLY BRIEF IN SUPPORT OF MOTION FOR PRO HAC VICE ADMISSION

**Introduction**

The relevant Defendants should have a right to counsel of their choice. They have an established working relationship with Attorney Randazza and this matter falls within Attorney Randazza's expertise. When prior counsel sought to withdraw, the Plaintiff partially opposed, concerned about delay. (Doc. #173). Now, Plaintiff raises an objection to Attorney Randazza's admission *pro hac vice* with no valid basis to do so, and despite the fact that denial of admission *pro hac vice* will likely entail additional delay. The motion should be granted.

To any extent that the Court is concerned that Attorney Randazza's involvement could present a problem in this case, the undersigned does not intend to be merely a passive conduit in this matter, and will be fully engaged in the litigation of this case. And the undersigned will withdraw his support from Attorney Randazza's admission if he were to comport himself in anything less than an exemplary manner, consistent with what the undersigned would expect of any colleague. Every action in this case will have the undersigned's imprimatur upon it, and the

undersigned is a member of good standing in this Court, who will be practicing here for the rest of his career. The undersigned will not tolerate the slightest action that could sully his reputation, so that an out of state attorney can visit here under his license and guidance.

**"Bad Faith Tactics" in this case to Date are not Randazza's Fault**

The first ground for objection that Plaintiff raises is that the *Defendants* "have engaged in numerous bad faith tactics in this case." (Doc # 178 at 1). Assuming, *arguendo*, that this statement is supported by the facts, this has nothing to do with Attorney Randazza. Neither Attorney Randazza nor undersigned counsel have had any part in this case to date. If anything, Attorney Randazza's entry into the case heralds an opportunity for him to assert a heightened measure of client control in light of his existing relationship with the defendants. Attorney Randazza knows what he is stepping into, and he would not be doing so if he did not intend to try to repair the damage that appears to have been caused. In short, if there was bad faith conduct here, Attorney Randazza would not be here but for a desire to change to a better course and a belief that he has the ability to do so.

To that end, Attorney Randazza has a long-standing relationship with the Defendants, St. Michael's Media and Michael Voris. He has been representing St. Michael's since September 2021 in *St. Michael's Media, Inc. v. The Mayor and City Council of Baltimore, et al.*, Case No. 1:21-cv-02337-ELH (D. Md. filed Sept. 13, 2021), a case in which he is also admitted *pro hac vice*. Despite that case being very contentious between the parties, no accusations of "bad faith tactics" have been raised, much less sustained. In fact, in that case, the parties are currently working, collaboratively, to try and resolve the case at mediation.

The next objection point asserts, "[n]either Father de Laire nor his counsel have any experience with Attorney Randazza." That is not entirely accurate, as Attorney Randazza had

dealings with the Todd & Weld firm in November of 2021, pertinent to the case *Giuffre v. Dershowitz*, Case No. 1:19-cv-3377 (S.D.N.Y.) *Decl.* at 3. There is no indication that those dealings were anything short of cordial. Randazza also referred a client to Howard Cooper, himself, in November of 2019. *Decl.* at 4. Again, there were nothing but professional and courteous dealings at that time. Similarly, in August of 2019, Randazza and Howard Cooper had discussions about Randazza seeking to retain Cooper as co-counsel for a client in a case, where there was a legal issue in which Cooper had apparent expertise that Randazza lacked. *Decl.* at 5. With respect to the other firm in this matter, Randazza has not had such regular and recent contact, but Randazza knows at least one partner at Partridge, Snow, and Hahn through dealings with the International Trademark Association. Randazza will not presume to swear to the fact that he would have vouched for him, although he presumes that he would have positive things to say about him.

**Randazza's Discipline Was Unrelated to Litigation Conduct**

Plaintiff expresses his opposition to *pro hac vice* admission by asserting that Attorney Randazza "has a documented history of not following the rules." (Doc. #178 at 2). While Randazza has been disciplined, none of the discipline had anything to do with litigation conduct or the rules of procedure. As previously set forth, Randazza was disciplined, by consent, for violation of Nevada RPC 1.8(a) and 5.6. *Decl.* at 8. While Randazza recognizes his errors, which arose from an in-house counsel position, he has learned from them, scored high on a re-take of the MPRE, and even has used his own experience to teach other lawyers as part of a CLE. *Decl.* at 9.

Briefly, both violations arose in the course of pursuing and settling a copyright dispute. As to RPC 1.8(a), Randazza made an interest-free advance of funds toward litigation expenses, which was permissible. *Decl.* at 10-11. However, in memorializing the advance as a promissory note, he neglected to include language about the desirability of his employer obtaining independent counsel

with respect thereto, which the rule required. *Decl.* at 11. It was an oversight unlikely to be repeated. Now—at the slightest hint of any potential conflict, Attorney Randazza now ensures to make written disclosure and advise as to independent counsel. *Decl.* at 12. Nothing about that offense would relate to anything Randazza might do in this matter as to the Plaintiff or the Court, so it should not preclude *pro hac vice admission*.

Similarly, the RPC 5.6 violation would not impact this case in any way. In that same copyright dispute, the parties were reaching settlement. As part of the proposal circulated by the opposing party, they expressed an interest in hiring Attorney Randazza thereafter, which might have the potential effect of creating a conflict of interest for others. *Decl.* at 14. Prior to this incident, no Nevada authority had interpreted Rule 5.6 as prohibiting this—and Attorney Randazza did not even agree to it, he was disciplined merely for engaging in discussions about it. *Decl.* at 15. Again, nothing about that scenario is likely to arise here. Other than the circumstances described herein, Attorney Randazza has had no other discipline in his 20+ year career.

**Other Courts Have Admitted Attorney Randazza Despite the Discipline**

Notwithstanding the discipline, other courts have admitted Attorney Randazza. He was admitted to the Bar of the Second Circuit Court of Appeals while the discipline was pending. *Decl.* at 17. After the discipline issued, he was readmitted to the Eleventh Circuit Court of Appeals, and he was admitted, not simply *pro hac vice*, but as a full member of the Bars of the U.S. District Courts for the Western District of Texas, the District of Connecticut, and the Northern District of New York. *Decl.* at 18.

Similarly, other courts have admitted Attorney Randazza *pro hac vice* following the discipline, as follows:

1) *McBreairty v. Miller*, Case No. 1:21-cv-00143 (D. Me. Mar. 27, 2023);

2) *Gulliver's Tavern, Inc. v. Foxy, Inc.*, Case No. 3:23-cv-0053 (W.D. Ky Mar. 3, 2023);

3) *MCM Group 22, LLC v. Perry, et al.*, Case No. 1:22-cv-06157 (S.D.N.Y. Apr. 8, 2023);

4) *McBreairty v. RSU 22, et al.*, Case No. 1:22-cv-00206 (D. Me. Jul. 11, 2022);

5) *Pierson v. GoLocalProv, LLC, et al.*, Case No. 1:22-cv-00219 (D. R.I. Jun. 15, 2022);

6) *Sycamore Brewing, LLC v. Stone Brewing Co., LLC,* Case No. 3:22-cv-00148 (W.D. N.C. Apr. 8, 2022);

7) *Ubiquiti, Inc. v. Krebs, et al.*, Case No. 1:22-cv-00342 (E.D. Va. May 12, 2022);

8) *St. Michael's Media, Inc. v. The Mayor and City Council of Baltimore, et al.*, Case No. 1:21-cv-02337-ELH (D. Md. Sept. 14, 2021);

9) *Flying Dog Brewery LLC v. NC ABC Commission et al.*, Case No. 5:21-cv-00343 (E.D. N.C. Sept. 1, 2021);

10) *Maron v. Legal Aid Society, et al.*, Case No. 1:21-cv-05960 (S.D.N.Y. Aug. 3, 2021);

11) *St. Angelo et al v. Kearney et al.*, Case No. 1:21-cv-00261 (D. R.I. Jul. 7, 2021);

12) *Cheng v. Guo*, Case No. 1:20-cv-05678 (S.D.N.Y. Aug. 12, 2021);

13) *Carrier v. Myers*, Case No. 0:19-cv-01152 (D. Minn. Jul. 11, 2021);

14) *Mustard v. Infowars, LLC*, Case No. 1:20-cv-00485 (W.D. Tex. May 26, 2020);

15) *Farrington v. Infowars, LLC*, Case No. 1:20-cv-00332 (W.D. Tex. May 26, 2020);

16) *Corsi et al v. Infowars, LLC et al.,* Case No. 1:20-cv-00298 (W.D. Tex. Apr. 7, 2020);

17) *Corsi, et al. v. Infowars, LLC, et al.*, Case No. 1:19-cv-00656 (D. D.C. Jul. 17, 2019);

18) *Cameron v. Gorski, et al.*, Case No. 7:18-cv-10395 (S.D.N.Y. Jan. 18, 2019);

19) *Braasch v. Freedom of Information Comm'n, et al.,* Case No. HHB-CV-20-6062369-S (Conn. Sup. Ct. Apr. 26, 2021);

20) *Hermon School Dept. v. McBreairty,* Case No. PENSC-CIV-2022-00056 (Me. Sup. Ct. Aug. 22, 2022);

21) *Quest v. Rekieta, et al.*, Case No. 34-CV-23-12 (Minn. Dist. Ct. Jan. 20, 2023);

22) *Freeman, et al. v. Hoft, et al.,* Case No. 2122-CC09815-01 (Mo. Cir. Ct. Jul. 5, 2022).

Thus, given this history of *pro hac vice* admission, without any record of incident, Plaintiff's "concerns" regarding Attorney Randazza appear to be mere gamesmanship. There is no reason the request for admission *pro hac vice* should be denied. To whatever extent the Court has concerns about Attorney Randazza, the Court always has the power to revoke his *pro hac vice* admission, should he unexpectedly step out of line – something the undersigned has no intention of permitting, but something he also has no worries that he will need to address.

Dated: September 22, 2023

Respectfully submitted,

/s/*Richard J. Lehmann*
Richard J. Lehmann (Bar No. 9339)
Lehmann Major List PLLC
6 Garvin Falls Road
Concord, N.H. 03301
Tel: (602) 715-2516
rick@nhlawyer.com

Marc J. Randazza (*pro hac vice* sought)
Randazza Legal Group, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776
ecf@randazza.com

Attorneys for Defendants
Gary Michael Voris, Anita Carey, and
St. Michael's Media a/k/a Church Militant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 22, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/*Richard J. Lehmann*
Richard J. Lehmann