UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| VERY REVEREND GEORGES F. de LAIRE, J.C.L.,<br><br>    Plaintiff,<br><br>v.<br><br>GARY MICHAEL VORIS, ANITA CAREY, ST. MICHAEL'S MEDIA a/k/a CHURCH MILITANT and MARC BALESTRIERI,<br><br>    Defendants. | CIVIL ACTION NO. 1:21-cv-00131-JL |

**PLAINTIFF THE VERY REVEREND GEORGES F. de LAIRE, J.C.L.'S REPLY IN FURTHER SUPPORT OF HIS MOTION FOR ENTRY OF A JUDGMENT OF LIABILITY**

Plaintiff the Very Reverend Georges F. de Laire submits this brief reply in further support of his Motion for Entry of Judgment of Liability ("Motion"), Doc. no. 184. Defendants Gary Michael Voris, Anita Carey, and Church Militant's (collectively, the "Defendants") attempt to recast their misconduct as somehow less than egregious, despite the reality that during this litigation Defendants have misled the Court and Plaintiff, hidden the truth, and repeatedly delayed producing discovery or withheld it entirely (without disclosing that fact to Plaintiff or the Court). As part of their effort to reframe their actions, Defendants ignore nearly entirely the admitted, volitional and intended threat made by Defendant Voris to Mr. Balestrieri which has resulted in severe prejudice to Father de Laire's ability to present his case (and the truth) to the jury. (See Doc. no. 184-12, Exhibit 10, June 15, 2023 Text Message from Voris to Balestrieri). The severity of the threat made by Voris and the resulting consequences on Father de Laire's ability to present evidence in support of his claims cannot be over-stated. When a party

intimidates a material witness out of testifying, as happened here, there must be severe consequences. Otherwise, our system of civil justice is put at risk.

Defendants cannot deny that they unfairly leveraged their position as a media outlet to threaten to "rain down" on Mr. Balestrieri publicly in order to avoid his adverse testimony. Defendants further cannot deny that they acted with an intent to deprive Father de Laire of the opportunity to discover and establish that Mr. Balestrieri did not write the defamatory statements at issue in this case and/or that he had no sources for the libelous articles, or if he did claim to have sources, to have the opportunity to question those sources. The fact that money was paid to Mr. Balestrieri and used as additional leverage over him is even more repugnant to basic notions of any fair process. (See Doc. no. 184-19, Exhibit 17, November 26, 2022 Text Message from Voris to Balestrieri). The Court should exercise its discretion to enter a judgment of liability against Defendants.

### A. **Plaintiff's very significant and real prejudice caused by Defendants' litigation misconduct is not at all speculative and, if it is, it is Defendants' fault and they must suffer the consequences.**

Defendants make the incredible argument that the prejudice Plaintiff suffered is mere "speculation." This argument borders on the absurd given that any "speculation" about what would have happened if Mr. Balestrieri testified is the obvious and intended result of Defendants' actions. (See Defs.' Opp. to Mot., Doc. no. 189-12 at 12). This is an argument akin to the son who shoots his parents and then argues to the court for leniency because he is an orphan. Defendants are the sole cause of Mr. Balestrieri's refusal to appear at his deposition. It offends any notion of justice that Defendants would seek to take advantage of a situation they themselves caused.

The Court is well aware of the extraordinary efforts Father de Laire made to try and secure Mr. Balestrieri's testimony in this case. Defendants' hands are unclean in arguing that Father de Laire can only posit what his testimony would have been.

In this same vein, Defendants' own speculation that they somehow could "easily" establish that Mr. Balestrieri was the author (a fact that Mr. Balestrieri himself seemed prepared to refute) only amplifies the critical nature of his missing testimony. In making this argument Defendants effectively concede why the prejudice to Father de Laire is so severe and can be remedied only through a judgment of liability.

### B. The absence of a discovery order does not preclude sanctioning Defendants for their egregious misconduct in this case.

And Defendants' abuse of the discovery process remains ongoing. Discovery closed months ago. The court's Order on Summary Judgment has issued. Trial is scheduled for February 6, 2024. Yet, Defendants produced new documents and communications as recently as August—documents and communications that Defendants had previously stated, without any qualification, that ***they did not have***. See Doc. no. 184-5, Ex. 3, Church Militant's Resp. to Second RFPs ("**Church Militant state[s] that it has no responsive documents.**") (emphasis added). Defendants' argument in their opposition that there is no prior discovery order in this matter is therefore meritless, when in the first instance, Plaintiff reasonably relied upon Defendants' unqualified responses, and second, Defendants' disclosures months after the close of discovery and after summary judgment all but guaranteed that there could be no such order.

Further, and contrary to Defendants' arguments, the court has, in fact, admonished and warned Defendants about their conduct numerous times on the record.[1]

---

[1] See, e.g., June 10, 2022 Mot. to Amend Hr'g Tx., Doc. no. 112, 7:25-8:5 ([The court:] "But when we realize that we made a mistake and it's been pleaded to the Court, it's got to be

3

Moreover, Defendants have been sanctioned before. See Doc. no. 163, July 24, 2023 Discovery Order, at 4 (the Court ordering payment of Plaintiff's attorney's fees and costs by the Defendants as a sanction). These numerous warnings, however, went unheeded as evidenced by the Defendants' inexcusable delay in not just producing documents, but also their wholly inadequate search for highly relevant and responsive documents as the litigation proceeded. The Defendants' ongoing flouting of their obligations under the Federal Rules, the Local Rules, and this court's warnings, in combination with their leverage over Mr. Balestrieri, speaks for itself in showing that a lesser sanction would be ineffective.[2] In light of this extensive history, with which the Court is familiar, the absence of a discovery order should not preclude the Court from sanctioning Defendants.

### C. Defendants are liable for defamation on the merits based on their continuing publication of the January 17, 2019 article.

Finally, and notwithstanding a judgment of liability as a sanction, Defendants' various statements in evidence provide further support for a finding of actual malice and liability for defamation on the merits. That is, Defendants continue to publish and have refused to remove the January 17, 2019 article from the Church Militant website despite Mr. Voris's own subjective belief that Mr. Balestrieri is (in his own words) a "liar" and "committing perjury".

---

corrected. Because everybody marched on and did discovery and litigated things and spent money and time and [the court's] time on all this . . . falsity. There's no question it was a falsity.") and 13:6-7 ([The court:] "Because when people spend money litigating in court over falsehoods, it's a mockery of our process."); see also; June 13, 2022 Sealed Order, Doc. no. 114; July 26, 2022 Sealed Order re: Doc. 114, Doc. no. 127; and July 24, 2023 Discovery Order, Doc. no. 163 ("The defendants' repeated references to their willingness and agreement to allow the plaintiff additional limited scope discovery, and characterizations of that willingness as 'a gesture of good faith,' are not welcomed or well received by the court given the defendants' track record in conducting this litigation, which has been, to put it charitably, unconventional in a way that does not engender confidence.")

[2] Defendants were put on notice that their conduct could lead to sanctions. See *supra*, n.2, for a list of instances of notice to Defendants of potential future sanctions.

See Doc. no. 184-12, Exhibit 10, June 15, 2023 Text Message from Voris to Balestrieri.  Further, Defendants continue to publish the article despite their past discussions with Mr. Balestrieri, wherein there is serious doubt cast on the truth of, or even the existence of, his so-called "sources."  See Doc. no. 184-1, Pl.'s Mem. ISO Mot. at 15; and Doc. no. 184-13, Exhibit 11, Voris Dep. Tx. at 659-669.  Therefore, with respect to the ongoing publication, Defendants can no longer rely on their defense that their "source" (*i.e.*, Marc Balestrieri) was reliable at the time the article was first submitted.  That is clear and convincing evidence of not just negligence, but actual malice. In this regard, Defendants must be found liable for defamation based on their continuing publication of the January 17, 2019 article.

### D. Conclusion

In view of the cumulative effect of Defendants' inexcusable misconduct throughout this litigation, Plaintiff requests this Court enter an order of judgment of liability as a sanction against the Defendants.

[SIGNATURES ON NEXT]

Dated: November 15, 2023		Respectfully submitted,

						THE VERY REVEREND GEORGES F. DE LAIRE
						By his attorneys:


						*/s/ Joseph M. Cacace*
						Joseph M. Cacace, N.H. Bar No. 266082
						Howard M. Cooper, *pro hac vice*
						TODD & WELD LLP
						One Federal Street, 27th Floor
						Boston, MA 02110
						(617) 720-2626
						jcacace@toddweld.com
						hcooper@toddweld.com

						*/s/ Suzanne M. Elovecky*
						Suzanne M. Elovecky, *pro hac vice*
						PARTRIDGE SNOW & HAHN, LLP
						30 Federal Street
						Boston, MA 02110
						(617) 292-7900
						selovecky@psh.com


**CERTIFICATE OF SERVICE**

  I hereby certify that on the 15th day of November, 2023 a copy of the foregoing document was filed via ECF and transmitted to all counsel of record through that system.

						*/s/Suzanne M. Elovecky*
						Suzanne M. Elovecky

4554080.1/30590-2