UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Very Reverend Georges
F. de Laire, J.C.L.

     v.                                                   Civil No.  21-cv-131-JL

Gary Michael Voris, et al.

**SUMMARY ORDER**

The plaintiff moves for judgment on liability, arguing that the defendants have deliberately and in bad faith failed to produce discoverable documents and information, destroyed discoverable documents and information, prevented the deposition of an essential witness, Marc Balestrieri, and caused other delays and problems in discovery and in litigating this case, all requiring the plaintiff to incur additional attorney's fees and interfering with the plaintiff's ability to prepare his case for trial.  In response, the defendants do not straightforwardly deny the misconduct attributed to them or the prejudice those actions have caused the plaintiff.  Instead, they argue that they did not act willfully or in bad faith.[1]

Despite the gravity of the defendants' misconduct and without determining the defendants' "culpable mental states" (for lack of a better term) in their actions in this case (which eventually may be addressed and decided for other purposes), the court denies,

---

[1] The defendants admit that they have made errors, conducted inadequate searches for documents responsive to discovery requests, and have acted negligently and carelessly.

without prejudice, the motion for judgment on liability.² See Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 5 (1st Cir. 2009) (stating that default judgment is "a drastic sanction . . . that runs contrary to the goals of resolving cases on the merits and avoiding harsh or unfair results" (cleaned up)); see also Hooper-Hass v. Ziegler Holdings, LLC, 690 F.3d 34, 38 (1st Cir. 2012); McLaughlin v. Lenovo Global Tech. (U.S.) Inc., --- F. Supp. 3d ---, 2023 WL 4602089, at *12 (D. Mass. July 18, 2023). This denial is also without prejudice, however, to the eventual imposition of specific substantive, procedural, and evidentiary sanctions as may be appropriate under the circumstances presented here. Available sanctions may include an award of attorney's fees (irrespective of the outcome of the litigation), jury instructions on the presumed effect of evidence spoliation, jury instructions on the presumed effect of a missing witness, and monetary sanctions. See, e.g., Fed. R. Civ. P. 37(b)(2) & (c); NuVasive, Inc. v. Day, 77 F.4th 23, 30 (1st Cir. 2023) (award of attorney's fees because of defendant's spoliation of evidence); Latin Am. Music Co. v. Am. Soc'y of Composers Authors & Publishers, 593 F.3d 95, 101 (1st Cir. 2010) (missing witness instruction); Testa v. Wal-Mart Stores, Inc., 144 F.3d 173, 177 (1st Cir. 1998) (permissive inference for destroyed evidence); McLaughlin, 2023 WL 4602089, at *8-*9 & *12 (imposing a variety of sanctions for destroying evidence); Equal Employment Opportunity Comm. v. Triple-S Vida, Inc., 2023 WL 4013377, at *2 (D.P.R. June 15, 2023) (monetary sanction for discovery abuses and deliberate misconduct). Any motions to impose sanctions for

---

² The court's primary interest at this stage is to get this case to trial.

the defendants' discovery and/or litigation conduct, if filed, are due **on or before December 15, 2023.** The court, of course, has an open mind and has not prejudged these matters.

The plaintiff also has expressed concern that the defendants still have not fully complied with their discovery obligations. To avoid any further uncertainty and to allow trial preparation, the defendants shall review all of the plaintiff's discovery requests (including deposition transcripts) and provide all documents, information, and supplemental testimony, under oath, that was not previously disclosed but may be responsive to those requests and questions. **On or before December 5, 2023,** the defendants (Michael Gary Voris for himself and on behalf of St. Michael's Media d/b/a Church Militant and Anita Carey on her own behalf) and Christine Niles shall sign and file sworn-to certifications that they have reviewed the plaintiff's discovery requests in this case including deposition questions, have made a further diligent search and review for responsive materials, and have produced all responsive documents, information, and testimony. Failure to comply with this court order, or failure to make the required productions referenced above, could result in entry of default judgment against one or more defendants.

## Conclusion

For these reasons, the plaintiff's motion for judgment on liability (doc. no. 184) is denied without prejudice.

The defendants shall file the certification required in this order **on or before December 5, 2023.**

The plaintiffs shall file motion(s) for sanctions, if any, **on or before December 15, 2023.**

**SO ORDERED.**

Joseph N. Laplante
United States District Judge

Dated:  November  16, 2023

cc:     Counsel of record.