## UNSWORN DECLARATION OF CHRISTINE NILES REGARDING BACKGROUND TO TEXT MESSAGES

1. I was a senior producer at St. Michael's Media ("Church Militant"). My primary duties included investigative reporting, although past duties also included copy editing and publishing. I also served as informal "in house counsel" by offering informal advice on various legal issues (e.g., copyright claims).

2. I resigned on November 10, 2023.

3. I graduated from Notre Dame Law School in 2003. I passed the bar and became a licensed attorney in Indiana but have never practiced law. I am in good standing in Indiana but have been on inactive status for approximately 18 years. I've only recently returned to active status after resigning from Church Militant on Nov. 10, 2023.

4. I have never been licensed to practice law in Michigan.

5. The extent of my legal experience involved a summer judicial internship on the 10th U.S. Circuit Court of Appeals in law school, and a judicial clerkship under Justice Robert Rucker on the Indiana Supreme Court from 2003-2005. I taught several semesters of law at Kaplan University from approximately 2010-12.

6. My legal training consisted primarily in reviewing briefs, applying legal analysis and preparing memoranda for my judge. I have never litigated nor worked in a law firm. I have never filed a court case nor represented a client, and I have no training in the technicalities of legal process, procedures, filings, scope of discovery, agency and the like. With regard to such matters, I am like most laymen.

7. On December 2, 2022, then-counsel Kathleen Klaus sent me, Michael Voris and Simon Rafe an email asking for "all communications" with Marc Balistrieri, immediately followed by an email requesting emails and articles he had authored.

8. I was unclear on the scope of the communications, and assumed they encompassed emails and articles. I was occupied at the time with finalizing details on a major investigative documentary and admit I did not carefully review the discovery requests.

9. In a Dec. 7, 2022 email, I responded, "Marc has helped us with a bunch of articles over the years - it will be hard to remember them all. He's also authored articles anonymously. I will try to provide those that I can remember."

10. While the IT department performed a thorough search of all emails, I diligently assisted in locating and providing links to articles Mr. Balistrieri had written for Church Militant.

11. On December 15, 2022, our counsel sent an email addressed to Michael Voris stating: "Michael – They also want your texts, Signal and WhatsApp communications with Marc.  We'll assert privilege to the ones involving your personal case and issues, but any thing else is probably fair game. Should I work with the IT guys to get those?"

12. I misunderstood this email to mean that only Mr. Voris' texts with Mr. Balistrieri were being requested. Again, I admit I did not carefully review the discovery requests.

13. During the August 9, 2023 deposition of myself taken by Ms. Suzanne Elovecky, she asked whether my counsel had asked me to produce Mr. Balistrieri's text messages and I answered, "No," according to my sincere belief that only Mr. Voris' text messages were requested.

14. Later in the deposition I corrected my response, acknowledging that on review of prior emails sent by Ms. Klaus, she had asked for "all communications" in December 2022. I explained that I had misunderstood her email requesting Mr. Voris' texts.

15. As soon as I realized my texts were also requested, I immediately forwarded all the relevant texts with Mr. Balistrieri to Ms. Klaus, who forwarded them to Ms. Elovecky. I have since done another search of my personal devices and confirm I am unable to find any other relevant communications with Mr. Balistrieri. I no longer have access to my company phone or emails, so it is up to Church Militant to perform a search on those devices for relevant communications.

16. There was no intent on my part to withhold any text messages. This was based on an honest misunderstanding of the December 2022 emails. In fact, there would be no reason to hide my texts, as they show that I was encouraging Mr. Balistrieri to do the right thing and stop evading service.

17. A number of the texts took place before Mr. Balistrieri was formally added as a defendant. They consisted of simply updating him on the progress of the case.

18. In a May 5 text message, Mr. Balistrieri sent me a request to communicate via an app called Threema. I never installed the app and never used this to communicate with him.

19. In a June 6 text message, Mr. Balistrieri claimed of himself, "I was not the original source(s) of the information pertaining to Fr. de Laire." Mr. Balistrieri is the author of the Jan. 17, 2019 article in question. We have proof that he is the author. In this text Mr. Balistrieri was referring to not being the original sources who made the allegedly defamatory statements about Fr. de Laire. Mr. Balistrieri has always maintained that he had sources in Rome and in the United States who made such claims.

20. In my final text on Sept. 9, 2022, I informed Mr. Balistrieri that Fr. de Laire's attorneys were "filing a motion for alternative service" because they had been unable to locate him. This alternative service would include publication of his name in a national newspaper. I wrote, "If you don't respond to that, there's a default judgment against you – meaning you lose. So you may want to reconsid-er your strategy."

21. His strategy up till then had been trying to evade service. I was urging him to reconsider his strategy and stop evading service. It was my intent to help facili-tate the case and encourage him to do the right thing.

22. I did not consider this "legal advice" but rather a personal note to a friend to do the right thing and stop running and hiding.

23. My final text stated, "On second thought Marc, we think it best you handle this on your own with no input from us. Our two cases – while obviously related – deal with two different issues. One is yours specifically."

24. I have had no communications with Mr. Balistrieri since this time.

*I declare under penalty of perjury that the forgoing is true*

*and correct. Executed this <u>27th</u> day of November 2023.*

_____
Christine Niles