UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| *Very Reverend Georges Michael de Laire*, | ) | Civil Action No.: 21-CV-00131-JL |
| Plaintiff, | ) | |
| | ) | **ST. MICHAEL'S MEDIA'S** |
| v. | ) | **PARTIAL OBJECTION TO** |
| | ) | **PLAINTIFF'S REQUESTED** |
| *St. Michael's Media a/k/a Church Militant, et al.*, | ) | **JURY INSTRUCTIONS** |
| Defendants. | ) | |
| | ) | |

COMES NOW the Defendant, St. Michael's Media a/k/a Church Militant ("SMM"), by and through the undersigned Counsel, and hereby respectfully objects, in part, to the Plaintiff's Requested Jury Instructions as follows:

1. Requested Instruction #1: Instruction Concerning Defendant Marc Balestrieri

   a. Objection: Though SMM agrees that all facts alleged against Marc Balestrieri are taken as true because of the default entered against him, any jury instruction should make clear that the default was entered only against Mr. Balestrieri, and that the allegations of fact pertaining to him are established as to *only* him. Therefore, this Court should DENY Defendants' Requested Instruction #1 as written.

2. Requested Instruction #2: Adverse Inference

   a. Objection #1: SMM directs the Court to its Objection to the Plaintiff's Motion for Sanctions explaining why an evidentiary/jury instruction sanction of the type requested in Instruction #2 is not appropriate.

   b. Objection #2: The First Circuit has only recognized three occasions in which an adverse inference may be drawn from a missing witness: (1) where the missing witness is "favorably disposed" because the party would normally be

expected to produce such a witness, (2) where a party fails to produce a witness who is peculiarly available to that party, and (3) when a party has exclusive control over a witness fails to produce the witness.  *United States v. St. Michael's Credit Union*, 880 F.2d 579, 597-598 (1st Cir. 1989) (internal citations and quotations omitted).  To the extent that the evidence does not support any of the above three categories, the instruction is not appropriate, and this Court should DENY the request.

3. Requested Instruction #3:  Discovery Abuses

   a. Objection #1:  SMM directs the Court to its Objection to the Plaintiff's Motion for Sanctions explaining why an evidentiary/jury instruction sanction of the type requested in Instruction #3 is not appropriate.

   b. Objection #2:  It is unlikely that the Plaintiff will prove that SMM encouraged the use of applications, such as Signal, but that it was *Marc Balestrieri* who suggested that they use that to communicate.

   c. Objection #3:  Even if the instruction were appropriate, the Jury should be instructed that it may or may not make the inference Plaintiff requests.  *See Testa v. Wal-Mart Stores*, 144 F.3d 173, 176-177 (1st Cir. 1998) (quoting the trial court).

   d. Therefore, this Court should reject the Plaintiff's proposed Jury Instruction #3.

4. Requested Instructions ##4 and 5:  Vicarious Liability

   a. Objection:  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the Plaintiff to provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Plaintiff pleaded one claim in this case:

Defamation against all four Defendants. *See* Pl. Amend. Compl. at ¶¶73-79. Neither in Count One nor in a separate count, did Plaintiff plead vicarious liability against SMM. *See Id.* and *see generally* Pl. Amend. Compl. Therefore, vicarious liability is not at issue in this case, and this Court should DENY Plaintiff's request for Instructions ##4 and 5.

5. Requested Instruction #13: Defamation by Implication, Insinuation, or Innuendo

   a. Objection: The paragraph with the example is likely to be misconstrued by the Jury as the facts therein having been in evidence. As such, it is confusing and prejudicial. The instruction without the second paragraph is appropriate. Therefore, this Court should DENY Plaintiff's request for Instruction #13 insofar as it includes the second paragraph.

6. Requested Instruction #17: Public Figure – Actual Malice

   a. Objection: The instruction is complex and confusing. Rather than the instruction explaining what actual malice is, it instead leads the Jury to make certain conclusions based upon insinuations made in the instruction. Though the type of evidence discussed in the instruction may *support* the Jury's verdict, the Jury is capable of assessing on its own, what evidence supports actual malice based upon the standard actual malice instruction this Court will provide or that proposed by SMM. Should the Jury have questions during its deliberations about what evidence constitutes actual malice, then a more detailed instructions may be appropriate. Therefore, this Court should DENY Plaintiff's request for Instruction #17.

7. Requested Instruction #18:  Public Figure – Actual Malice May be Proved by
   Circumstantial Evidence

   a. Objection:  The instruction contains language that is not appropriate for the
      Jury to consider.  The language insinuates inferences that the Jury should
      draw from the evidence that may not, in fact, exist.  Thus, the Jury should
      simply be instructed that it can infer actual malice through circumstantial or
      indirect evidence, with an explanation as to what indirect or circumstantial
      evidence is.  Therefore, this Court should DENY the Plaintiff's request for
      Instruction #18.

8. Requested Instruction #20:  Evidence of Actual Malice – Fabrication of Facts

   a. Objection:  Though a finding that facts were fabricated may support a finding
      of actual malice, the cited case law does not support that actual malice may be
      inferred as a result.  *See St. Amant v. Thompson*, 390 U.S. 727, 732 (1968),
      *see also Levesque v. Doocy*, 560 F.3d 82, 90 (1st Cir. 2009).  Therefore, this
      Court should DENY the Plaintiff's request for Instruction #20.

9. Requested Jury Instruction #21:  Evidence of Actual Malice – Use of Biased Author
   or Source

   a. Objection: This instruction contains language that is not appropriate for the
      Jury to consider.  The language insinuates inferences that the Jury should
      draw from the evidence that may not, in fact, exist.  The Jury should simply be
      instructed generally that it may find recklessness where there were obvious
      reasons to doubt the veracity of the information.  Should the Jury have
      additional questions during deliberations, further instructions may be provided

at that time.  Therefore, this Court should DENY the Plaintiff's request for Instruction #21.

10. Requested Jury Instruction #22:  Evidence of Actual Malice – Use of Anonymous Sources.

   a. Objection:  This instruction misstates the law.  Though an inference may be made that there was no informant where a defendant refuses to disclose one, it does not infer recklessness or actual malice.  *See Downing v. Monitor Publishing Co., Inc.*, 120 N.H. 383, 385-386 (1980).  Similarly, while "good faith" may be "unlikely to prove" where there are unverified sources, there is no *inference* of actual malice.  *See St. Amant v. Thompson*, 390 U.S. 727, 732 (1968).  Therefore, this Court should DENY Plaintiff's request for Instruction #22.

11. Requested Jury Instruction #23:  Evidence of Actual Malice – Concealing Biased Author or Source

   a. Objection #1:  SMM directs the Court's attention to its Objection to the Plaintiff's Motion for Sanctions explaining why an evidentiary/jury instruction sanction of the type requested in Instruction #23 is not appropriate.

   b. Objection #2:  The instruction misstates the law.  Being unable or unwilling to disclose the source only allows the jury to infer that there was no source.  *See Downing v. Monitor Publishing Co.*, 120 N.H. 383, 386 (1980).

   c. Therefore, this Court should DENY Plaintiff's request for Instruction #23.

12. Requested Jury Instructions ##24-28:  Objection:  These instructions are too specific where a general definition of actual malice will suffice.  Additionally, the language

used insinuates certain conclusions that the Jury should draw even if there are no facts supporting such conclusions. Should the Jury have additional questions about actual malice, then further, neutral instructions may be provided. Therefore, this Court should DENY Plaintiff's requests for Instructions ##24-28.

13. Requested Jury Instructions ##29 and 30. Objection: These instructions repeat previous requested instructions. If the Jury is to be instructed at all on these specific issues, then it should only be instructed once. Therefore, this Court should DENY Plaintiff's requests for Instructions ##29 and 30.

14. Requested Jury Instruction #31 – Evidence of Actual Malice – Negative Resolution of Disputed Facts

    a. Objection: This instruction is too specific, and it essentially repeats prior instructions, just in more narrow and biased terms. The Jury should simply be informed as to the definition of actual malice and related terms. Should the Jury have additional questions during deliberations, further instructions can be provided at that time. Therefore, this Court should DENY Plaintiff's request for Instruction #31.

15. Requested Jury Instruction #32 – Evidence of Actual Malice – Inconsistent Explanations Regarding Course of Relevant Events

    a. Objection #1: This instruction is too specific, and it essentially repeats prior instructions, just in more narrow and biased terms. The Jury should simply be informed as to the definition of actual malice and related terms. Should the Jury have additional questions during deliberations, further instructions can be provided at that time.

b.  Objection #2: The statements of law upon which the Plaintiff relies to support the instruction are taken out of context.  For example, the Court in *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 521 (1991) considered inconsistency in the context of resolving whether there was a genuine issue of material fact for summary judgment.  The Ninth Circuit in *Eastwood v. Nat'l Enquirer, Inc.*, 123 F.3d 1249, 1255, n.12 (9th Cir. 1997) agreed that the jury had a basis to conclude that the witness was less-than-reliable because of a statement used to "mask the odor of purposeful avoidance", but also noted that that was insufficient to establish actual malice.

c.  Therefore, this Court should DENY Plaintiff's request for Instruction #32.

16. Requested Jury Instruction #35 – Damages – Foreseeable Republication

a.  Objection:  New Hampshire follows the single publication rule.  *See Keeton v. Hustler Magazine*, 131 N.H. 6, 11 (1988).  Pursuant to that rule, a plaintiff "may recover damages for the publication to all persons whom the communication has reached or may be expected to reach, whether before or after trial, *until its circulation has terminated or the statute of limitations has run against the cause of action*."  *Id.* at 10 (internal citation omitted) (emphasis added).  Therefore, the Plaintiff may only recover damages accruing through the date the publications were taken down or the statute of limitations ran.  As such, this Court should DENY proposed instruction #35.

17. Requested Instruction 36 – Enhanced Damages

a.  Objection:  Rule 8(a)(3) of the Federal Rules of Civil Procedure requires the Plaintiff to provide a "demand for relief sought, which may include relief in

the alternative or different types of relief."  Plaintiff elected to request different types of relief.  *See* Pl. Amend. Compl. at ¶¶a-d.  None of those requests includes a request for enhanced damages.  *See Id.*  Therefore, enhanced damages are not at issue in this case, and the Jury should not be instructed regarding the same.

WHEREFORE, the Defendant respectfully requests that this Honorable Court:

A.  DENY the Plaintiff's Requested Jury Instructions as set forth above; and

B.  ADOPT SMM's Proposed Jury Instructions; and

C.  GRANT all further relief this Honorable Court deems just and proper.

Dated: February 19, 2024

Respectfully submitted,
St. Michael's Media a/k/a Church Militant,
By, The Law Offices of Martin & Hipple,
PLLC

 /s/Stephen T. Martin
Stephen T. Martin, Esq.
390 Loudon Road
Concord, NH 03301
(603) 856-0202 (Ext. 1)
smartin@nhlegalservices.com
NH Bar #: 19567

 /s/Seth J. Hipple
Seth J. Hipple, Esq.
390 Loudon Road
Concord, New Hampshire 03301
603-856-0202 (Ext. 2)
sjhipple@nhlegalservices.com
NH Bar#: 19555

## **CERTIFICATE OF SERVICE**

     COMES NOW Attorney Stephen T. Martin, Counsel for St. Michael's Media, and hereby certifies that I have caused a copy of the foregoing to be served, using this Court's CM/ECF system on all Counsel of record.

Dated: February 19, 2024          */s/ Stephen T. Martin*___
                                 Stephen T. Martin, Esq.