UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| VERY REVEREND GEORGES F. de LAIRE, J.C.L.,<br><br>    Plaintiff,<br><br>v.<br><br>GARY MICHAEL VORIS, ANITA CAREY, ST. MICHAEL'S MEDIA a/k/a CHURCH MILITANT, and MARC BALESTRIERI<br><br>    Defendants. | CIVIL ACTION NO. 1:21-cv-00131-JL |

**PLAINTIFF THE VERY REVEREND GEORGES F. DE LAIRE'S OPPOSITION TO DEFENDANT ST. MICHAEL'S MEDIA'S MOTION IN LIMINE TO EXCLUDE EVIDENCE PURPORTING THAT DEFENDANTS OBSCURED OR HID THE JANUARY 17, 2019 ARTICLE'S AUTHOR'S IDENTITY DURING THE LITIGATION**

**A.  INTRODUCTION**

Defendant St. Michael's Media a/k/a Church Militant's[1] strategy to use its prior counsel, who has withdrawn from this action, as a scapegoat is disturbing in light of the history of Church Militant's egregious misconduct in this litigation to date.  Plaintiff Father de Laire has the right to offer evidence, including the fact of the Defendant's obvious scheme and actions to hide Balestrieri's identity as the author of the defamatory statements and the resulting prejudice to Father de Laire.  Moreover, and in this regard, Father de Laire recently filed a motion seeking, among other things, sanctions in the form of an instruction to the jury concerning the facts of Defendant's misconduct concerning Balestrieri, including that the Defendants hid Balestrieri's

---

[1] Unless otherwise noted, "Defendant" in the singular refers to Defendant Church Militant, unless otherwise noted.  "Defendants" in the plural refers to all Defendants Gary Michael Voris, Anita Carey and Church Militant.

identity from Plaintiff, and permitting an inference that the defamatory statements are false. See Doc. no. 223-1.

As set forth in detail in Father de Laire's motion for sanctions (Doc. no. 223), the actions of Defendant Church Militant, Voris and Balestrieri have significantly prejudiced Father de Laire's ability to prosecute this litigation, and accordingly, Father de Laire should be allowed to present evidence of their misconduct, including the fact that they obscured or hid Balestrieri's identity.  See, e.g., Waymo LLC v. Uber Technologies, Inc., No. C17-00939 WHA, 2018 WL 646701 (N.D. Cal. Jan. 30, 2018) (providing that Waymo may present to the jury "evidence of Uber's litigation misconduct or other bad behavior [that] may be relevant and admissible insofar as it reasonably bears on actual claims and defenses in this case."); Riley v. City of New York, No. 10-CV-2513 MKB, 2015 WL 541346, at *12 (E.D.N.Y. Feb. 10, 2015) citing Reilly v. NatWest Mkts. Grp. Inc., 181 F.3d at 253, 267 (2nd Cir. 1999) (providing notification to the jury of witness tampering and permitting the jury to draw an adverse inference against the party that engaged in witness tampering); see also, Massachusetts Institute of Technology v. Imclone Systems, Inc., 490 F. Supp. 2d 119 (D. Mass. 2007) (permitting plaintiff to offer evidence of the defendants' misconduct to lay foundation for adverse inference in favor of plaintiff).

Father de Laire also filed a Motion in Limine to preclude Defendants from mentioning in their opening statements or offering evidence at trial that it was their prior counsel who allegedly mistakenly admitted that Voris authored the January 17, 2019 article.  See Doc. no. 237.  The resolution of Father de Laire's motions in his favor would effectively moot the relief requested by Church Militant in the present motion in limine.

Particularly where its own actions represent misconduct and flagrant violations of the Rules, Church Militant not does not have the right to choose which facts Father de Laire is

allowed to present to the jury concerning Church Militant and its co-Defendants' misconduct and the resulting prejudice to Father de Laire. They are now passing the buck to their withdrawn, former counsel, and essentially attempting to sweep evidence of their prior prejudicial conduct under the rug. Defendant's Motion should be denied.

**B.     ARGUMENT**

    i.    **Prior counsel's "mistake" in making the false admission as to the author of the January 17, 2019 article was fully enabled and perpetuated by the Defendants.**

Reducing the history of the Defendants' litigation misconduct to the "mistake" of prior counsel is misleading and incorrect in several respects. As an initial matter, it is not the whole picture that Defendants' prior counsel mistakenly maintained the admission that Voris authored the article in the original Answer, as other filings also evidence the intentional, coordinated scheme by the Defendants and their counsel. Importantly, while Church Militant attempts to lay the blame on their prior counsel, Church Militant and Michael Voris withheld the fact that Marc Balestrieri was the author (as opposed to just a source) from their counsel. See Klaus Aff. (Sealed-Level 1), ¶ 9. In fact, it was not until May of 2021, several months after the action commenced and a month after the Answer was filed, but several months before disclosing this fact to Plaintiff, that Defendant's prior counsel recalls of learning that Voris had not written the article at all, and that Marc Balestrieri had been the author, not just a mere source. Id.; see also June 6, 2022 Hr'g Tx. 4: 24-5: 3 (THE COURT: When did you become aware that Voris was not the actual author? MS. KLAUS: The summer of 2021, and I did not move to correct the answer, your Honor, because it just didn't occur to me.)

Contrary to Church Militant's current Motion, Mr. Balestrieri was held out as a ***source***, rather than the ***author*** of the article, even to their prior counsel. See June 6, 2022 Hr'g Tx. 5: 12-17 (MS. KLAUS: And when the identity was communicated to me, it was communicated as a

source, and it was our goal to protect that source. . . . It wasn't disclosed to me.) This ruse continued until Defendant's Supplemental Answers to the First Set of Interrogatories, dated December 21, 2021, which provided for the first time, that someone other than Defendant Voris had written the January 17 article (i.e., "a confidential source"), negating any contention that the withholding of information was only due to a "mistake."

Moreover, the probative value of the evidence of obscuring Marc Balestrieri's identity is high for proving that the Defendants acted with actual malice in publishing the defamatory statements against Father de Laire, as Plaintiff is required to do for those statements relating to the public controversy (*i.e.*, the doctrinal dispute or Father de Laire's role in implementing its resolution by Vatican officials, thus making him a limited-purpose public figure).  As stated in the Court's Memorandum Order on Summary Judgment:

> One might conclude that in the course of this case, Mr. Voris has gone to great lengths to hide Mr. Balestrieri's identity as the author of the January 17 article. In the Church Militant publication, Mr. Voris attributed the article to Church Militant rather than to Mr. Balestrieri.  Mr. Voris represented to the court and to Father de Laire in the defendants' answer to Father de Laire's complaint that he, Mr. Voris, wrote the article.  Then, during discovery, Mr. Voris fought to preserve the confidentiality of Mr. Balestrieri's identity, referring to Mr. Balestrieri as a source rather than the author of the article. Even after the defendants were forced to disclose that Mr. Balestrieri was the author, the defendants opposed Father de Laire's motion to amend the complaint to add Mr. Balestrieri as a defendant.

Memorandum Order, Doc. no. 170, pp.29-30.

### ii. <u>The record is rife with several instances of the Defendants' calculated deception.</u>

Other examples of Church Militant's long-running deceit include the statement from the parties' jointly filed Rule 26 Discovery Plan, where Defendants, without qualification, stated that "Defendants do not claim that any unnamed party is at fault."  May 18, 2021 Joint Discovery

Plan, Doc. no. 15. Going even further, in Defendant's Supplemental Initial Disclosure, dated September 10, 2021, they explicitly disclosed Marc Balestrieri, along with his having "information about the veracity of the statements made in the articles at issue, including de Laire's reputation among canonists in the United States and in the Roman Curia," but failed to disclose that he wrote the January 17 article, or even explicitly that he was a "source".

Further, Church Militant's original answer to Interrogatory No. 1, which sought information regarding the investigation conducted by Church Militant or its "employees, journalists, writers, or contributors" prior to publishing the January 17 article, objected on the basis that the "information [was] protected by New Hampshire's newsgathering privilege and the First Amendment." Defendant maintained this response until compelled to supplement their response following Plaintiff's Motion to Compel. Nov. 11, 2021 Order, Doc. no. 83. It is worthing noting that there was no ruling on the newsgatherer privilege, and Defendants' choice to abandon that claim of privilege was not compelled by the Court. Reducing the misconduct by Church Militant to a simple mistake by prior counsel is further unsupported in the record, for example, where the Court noted its own concerns about Church Militant's "explanations" concerning the original answer. Sealed Order to Show Cause, Doc. no. 114, n.10.

Church Militant's attempt to minimize its role in the misconduct is simply contrary to the facts, which have been acknowledged by this Court. See, e.g., June 13, 2022 Sealed Order, Doc. no. 114 (citations omitted due to Seal Order); July 26, 2022 Sealed Order re: Doc. 127 (citations omitted due to Seal Order); and July 24, 2023 Discovery Order, Doc. no. 163 ("The defendants' repeated references to their willingness and agreement to allow the plaintiff additional limited scope discovery, and characterizations of that willingness as 'a gesture of good faith,' are not welcomed or well received by the court given the defendants' track record in conducting this

litigation, which has been, to put it charitably, unconventional in a way that does not engender confidence.")

**C.   CONCLUSION**

In view of the foregoing, Plaintiff respectfully requests the Court deny Defendant St. Michael's Media a/k/a Church Militant's Motion in Limine to Exclude Evidence Purporting that Defendants Obscured or Hid the January 17, 2019 Article's Author's Identity During the Litigation.

Respectfully submitted,

THE VERY REVEREND GEORGES F. DE LAIRE

By His Attorneys,

/s/*Joseph M. Cacace*
Joseph M. Cacace, N.H. Bar No. 266082
Howard M. Cooper, *pro hac vice*
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
jcacace@toddweld.com
hcooper@toddweld.com

- and –

/s/*Suzanne M. Elovecky*
Suzanne M. Elovecky, *pro hac vice*
PARTRIDGE SNOW & HAHN, LLP
30 Federal Street
Boston, MA 02110
(617) 292-7900
selovecky@psh.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 20, 2024, I electronically filed the above document(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to those who are currently on the list to receive e-mail notices for this case, and I will serve those not registered to received ECF notifications by e-mail and first class mail.

                                          */s/ Suzanne Elovecky*
                                          Suzanne Elovecky