UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Very Reverend Georges</u>
<u>F. de Laire, J.C.L.</u>

     v.                                 Civil No. 21-cv-131-JL

<u>Gary Michael Voris, et al.</u>

## Summary Order

Plaintiff Very Reverend Georges F. de Laire, J.C.L., and defendant Saint Michael's Media ("SMM") have reached a settlement between them in this defamation case. Their settlement leaves Gary Michael Voris as the sole defendant. Although Father de Laire also brought a defamation claim against Marc Balestrieri, he did not appear in the case, and default has been entered against him.

Father de Laire and SMM jointly moved for separate entry of partial final judgment as to Father de Laire's defamation claim against SMM based on their settlement. Voris objected to the motion on the grounds that Father de Laire and SMM had not shown a need for separate entry of partial final judgment, as is required under [Federal Rule of Civil Procedure 54(b)](), and that Voris disputed some of the statements in the settlement agreement. The court and the parties discussed the motion during a scheduling conference held on April 19, 2024.

Rule 54(b) provides an exception to the rule of finality, which requires final resolution of all claims as to all parties in a case, and allows entry of partial final judgment before the entire case is resolved, as follows:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The exception provided by Rule 54(b) "is narrowly circumscribed." *Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 28 (1st Cir. 2022). That restriction is to avoid "the scattershot disposition of litigation," and, for that reason, "entry of judgment under the rule should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants." *Nystedt v. Nigro*, 700 F.3d 25, 29 (1st Cir. 2012).

Generally, the reason for the entry of separate partial final judgment is the need for an immediate appeal. *See, e.g. Amyndas*, 48 F.4th at 28; *Bah v. Enterprise Rent-A-Car Co. of Boston, LLC*, 2024 WL 185446, at *5 (D. Mass. Jan. 17, 2024). The settling parties have not provided sufficient grounds to enter a separate partial final judgment. Further, the unsettled nature of the case, including a defaulted defendant and other uncertainties and challenges, weighs against entry of partial final judgment as to the settling parties. The record lacks grounds for the court to find that there is no just reason for delay in entering judgment.

As discussed during the conference, however, this decision is without prejudice. If all of the parties reach an agreement for separate entry of partial final judgment, they may jointly file a motion for that relief, supported by agreed-upon language for the partial final judgment.

Conclusion

For the foregoing reasons, the joint motion for separate entry of final judgment (doc. no. 264) is denied without prejudice.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: April 29, 2024

cc:    Counsel of record.