U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

NOV 14 2024

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| VERY REVEREND GEORGES F. de LAIRE, J.C.L., | § § § § | |
| Plaintiff, | § | |
| v. | § § | Case No. 1:21-cv-00131-JL |
| GARY MICHAEL VORIS, ANITA CAREY, ST MICHAEL'S MEDIA AKA CHURCH MILITANT and MARC BALESTRIERI, | § § § § § | |
| Defendants. | | |

### DEFENDANT MARC BALESTRIERI'S RULE 12(B)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

TO THE HONORABLE JUDGE OF THIS COURT:

1. NOW COMES Pro Se Defendant, MARC BALESTRIERI (hereinafter referred to as "Balestrieri"), and state as follows in support of his Rule 12 (b)(2) Motion to Dismiss for Lack of Personal Jurisdiction and provide a memorandum in support thereof.

2. Plaintiff's claims do not arise out of nor relate to Balestrieri's contact with New Hampshire. Balestrieri has no contacts with New Hampshire. Plaintiffs cannot meet the Gestalt factors and thus personal jurisdiction over Balestrieri.

WHEREFORE, there being no just cause otherwise, Balestrieri respectfully asks the Court to dismiss the case for lack of personal jurisdiction.

Respectfully submitted,

*[signature]*

Marc Balestrieri, *Pro Se*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date a copy of the foregoing document was posted today 7 November 2024 by mail (all via FedEx) as follows:

The Honorable Joseph N. LaPlante
c/o Kellie Otis, Court Clerk
U.S. District Court
55 Pleasant Street
Room 110,
Concord, NH 03301-3941
603-225-1423

*Counsel for the Plaintiff:*

Howard M. Cooper, *pro hac vice*
Joseph M. Cacace, N.H. Bar # 266082
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626

Suzanne M. Elovecky, *pro hac vice*
PARTRIDGE SNOW & HAHN, LLP
30 Federal Street
Boston, MA 02110
(617) 292-7900

Dated : 7 November 2024

                                                      Marc Balestrieri, *pro se*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| VERY REVEREND GEORGES F. de LAIRE, J.C.L., | § § § § § | |
| Plaintiff, | | |
| v. | § § | Case No. 1:21-cv-00131-JL |
| GARY MICHAEL VORIS, ANITA CAREY, ST MICHAEL'S MEDIA AKA CHURCH MILITANT and MARC BALESTRIERI, | § § § § | |
| Defendants. | | |

## DEFENDANT MARC BALESTRIERI'S MEMORANDUM IN SUPPORT OF HIS RULE 12(B)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

TO THE HONORABLE JUDGE OF THIS COURT:

### A. FACTS

1. At all times relevant to this lawsuit *Pro Se* Defendant, MARC BALESTRIERI (hereinafter referred to as "Balestrieri") was a citizen of Michigan. Balestrieri worked in Michigan. Balestrieri has never owned any property in New Hampshire. Simply put Balestrieri has no contacts with New Hampshire.

### B. ARGUMENT

2. Personal jurisdiction refers to a court's power to require the parties to obey its orders. *Hannon v. Beard*, 524 F.3d 275, 279 (1st Cir. 2008). Personal jurisdiction is based on the forum-state's long-arm statute and the due process requirements of the United States Constitution. *Harlow v. Children's Hosp.*, 432 F.3d 50, 57 (1st Cir. 2005). New Hampshire's long-arm statute allows courts to exercise personal jurisdiction over non-resident defendants to the extent allowed by federal due process. *N. Laminate Sales, Inc. v. Davis*,

403 F.3d 14, 24 (1st Cir. 2005). Thus, the Court need only apply a "constitutional analysis, which requires 'sufficient minimum contacts with the state, such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Adelson v. Hananel*, 510 F.3d 43, 49 (1st Cir. 2007). Plaintiff bears the burden of establishing the Court's personal jurisdiction over Balestrieri. *Daynard v. Ness, Motely, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 57 (1st Cir. 2002). Plaintiff may not establish personal jurisdiction with "unsupported allegations in [the] pleadings," and instead is "obliged to adduce evidence of specific facts." *Platten v. HG Bermuda Exempted, Ltd.* 437 F.3d 118, 134 (1st Cir. 2006). The Court should also consider facts put forth by the defendant. *Daynard*, 290 F.3d at 50.

3. The Court does not have general jurisdiction over Balestrieri. Personal jurisdiction can be satisfied in two ways. First, a federal court has general jurisdiction over a defendant when that defendant has such continuous and systematic contacts with a particular forum that he could reasonably expect to be sued there. *Donatelli v. Nat'l Hockey League*, 893 F.2d 459, 462 – 463 (1st Cir. 1990), citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 – 318 (1945).

4. Plaintiff does not allege any facts that suggest – let alone establish – that Balestrieri has "continuous and systematic contacts" with New Hampshire. Indeed, the unrefuted evidence is that at all times relevant to this lawsuit, Balestrieri, was a citizen of Michigan. *See* Balestrieri Declaration attached as Exhibit A. Balestrieri does not work in New Hampshire and does not own property in New Hampshire or otherwise has any continuous or systematic contact with the State of New Hampshire. *See* Balestrieri Declaration. The Court therefore does not have general personal jurisdiction over Balestrieri.

5. Nor does the Court have specific jurisdiction over Balestrieri. A federal court may also have "specific" personal jurisdiction over a nonresident defendant. "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) "[T]he constitutional test for determining specific jurisdiction has three distinct components, namely, relatedness, purposeful availment (sometimes called 'minimum contacts'), and reasonableness." *Adelson v. Hananel*, 652 F.3d 75, 80 – 81 (1st Cir. 2011). The plaintiff must establish each of the three components. *LP Solutions, LLC v. Duchossis*, 907 F.3d 95, 103 (1st Cir. 2018).

*Relatedness Factor*

6. Plaintiffs' claims do not relate to Balestrieri's scant, if any, contact with New Hampshire. The relatedness prong requires "a demonstrable nexus between the complaint's claims and the activities in the forum that properly may be attributed to the defendant, such that the litigation itself is founded directly on those activities." *PREP Tours, Inc. v. Am Youth Soccer Org.*, 913 F.3d 11, 18 (1st Cir. 2019) (internal quotation marks omitted). While a defendant's physical presence in the forum is not necessary to establish "relatedness," in the absence of physical presence, the plaintiff has to show "some other indication that the defendant reached out to the forum" and that such efforts by the defendant are "essential" to the plaintiff's claim. *U.S. v. Swiss Am Bank*, 274 F.3d 610, 622 (1st Cir. 2001).

7. In *Swiss Am*, the federal government sued the defendant for conversion, unjust enrichment and breach of contract to recover money a Massachusetts resident deposited in an Antiguan bank and forfeited to the government as part of a plea deal. The trial court dismissed the case for lack of personal jurisdiction over the bank, a decision that was affirmed by the First Circuit. In its efforts to demonstrate that the bank had sufficient

contacts with the forum to support jurisdiction, the government offered the fact that the bank had a business relationship with a Massachusetts resident and sent a letter to the court in Massachusetts about the funds at issue. The *Swiss Am* court found these insufficient because the business relationship was not focused in the forum and because the letter was not "a related contact" because it was not "essential to either the formation or breach of the alleged contract between" the bank and the government. *Swiss Am*, 274 F.3d at 622, emphasis in original. The government next argued that the court had personal jurisdiction over the bank because the injurious effects of the bank's conduct were felt in the forum. *Swiss Am*, 274 F.3d at 622. The *Swiss Am* court rejected this argument because the bank itself did not engage in any "in forum" conduct that related to the government's claim, holding "in-forum effects of extra-forum activities" are not sufficient to confer jurisdiction. *Swiss Am*, 274 F.3d at 625 (citation omitted).

8. Here, Balestrieri had no contact with the State of New Hampshire in connection with any of the allegedly defamatory comments. *See* Balestrieri Declaration. The articles were posted on the previous settling Defendants St Michael's Media aka Church Militant website. Balestrieri has no ability to post anything on that website or has any control over that website.[1] *See* Balestrieri Declaration.

9. In any event unlike the previous Defendants St Michaels Media aka Church Militant, Gary Voris or Anita Carey, Balestrieri has no connection with the April 15, 2019, video story that included interviews with people in New Hampshire. *See* Balestrieri Declaration. Balestrieri did not travel to conduct any interviews in New Hampshire for

---

[1] Although Plaintiff contends that the April 15, 2019, video story repeated the allegedly defamatory comments from the January 17, 2019 story, New Hampshire does not recognize a claim for defamation based on "republication" of allegedly defamatory statements. *Keeton v. Hustler Magazine, Inc.*, 131 N.H. 6, 8 (1988).

the articles or video. *See* Balestrieri Declaration. Indeed, because Plaintiff has plead that there was no source for the allegedly defamatory statements made in the January article, he cannot argue that the source of the statements was in New Hampshire. In other words, there are no contacts with the State of New Hampshire that are "essential" to Plaintiff's claims.

10. Under *Swiss Am*, Balestrieri's alleged "contacts" with New Hampshire in connection with the April 15, 2019 story therefore are not "related" to the pending claims. The only alleged link between Balestrieri and New Hampshire is that Plaintiff lives in New Hampshire. However, the United States Supreme Court has ruled that "the plaintiff cannot be on the only link between the defendant and the forum" for personal jurisdiction to lie. *Walden v. Fiore*, 571 U.S. 277, 285 (2014). See also, *Swiss Am.*, 274 F.3d at 623 (fact that effects of defendant's conduct are felt in the forum is not enough to establish "relatedness" of defendant to forum). As stated above, Plaintiff must establish each of the elements of specific jurisdiction. His inability to establish "relatedness" alone warrants a dismissal of this case.

*Availment*

11. Further, Balestrieri did not purposefully avail himself of the benefits of New Hampshire. Plaintiff therefore cannot meet the "personal availment" prong of the test for specific jurisdiction. That test is satisfied "when the defendant purposefully and voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on these contacts." *Swiss Am*, 274 F.3d at 624. The relevant contacts are the ones the defendant himself created with the forum state itself, not with persons located in the forum state. *Walden*, 571 U.S. at

284. Here again, Balestrieri does not have subscribers and he does not reach out to New Hampshire citizens. *See* Balestrieri Declaration.

12. Like the plaintiffs in *Walden*, the location where Plaintiff was located when he felt the "injury" from the allegedly defamatory comments was not related to anything that Balestrieri actually did in the State of New Hampshire. Balestrieri received no benefit from the State of New Hampshire as a result of any activity directed to the state, and cannot be required to defend his activities in New Hampshire. *See* Balestrieri Declaration. It is not reasonable for Balestrieri to litigate Plaintiff's claims in this Court.

*Reasonableness*

13. Lastly, the "reasonableness" prong focuses on five factors that gauge the extent to which the exercise of jurisdiction over a nonresident is fair and reasonable. *Nowak v. Tak How Investments, Ltd.*, 94 F.3d 708, 717 (1st Cir. 1996). These so-called "Gestalt factors" are: (1) the defendant's burden of appearing in the forum state, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies." *Id.* These factors operate on a sliding scale: "the weaker the plaintiff's showing on the first two prongs (relatedness and purposeful availment), the less a defendant need show in terms of unreasonableness to defeat jurisdiction. *Baskin-Robins Franchising, LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 40 (1st Cir. 2016).

14. Balestrieri was a citizen of Michigan, worked in Michigan and the State of Michigan has an interest in protecting its citizens from frivolous claims for defamation. Unlike the Plaintiff who enjoys significant wealth, owning and living in a $1.5 million home, Balestrieri is a solo practitioner canon lawyer whose disabled mother requires his care

and financial support. *See* Balestrieri Declaration. Balestrieri currently lives, and has always lived, many hundreds of miles away from the State of New Hampshire, making the defense of a case hundreds of miles from his home and away from his very ill mother an extreme hardship. *See* Balestrieri Declaration. Under these undisputed circumstances, it would not be reasonable to demand that Balestrieri litigate in this Court. The only relevant connection between New Hampshire and Plaintiff is that Plaintiff lives in New Hampshire. Both the First Circuit and the United States Supreme Court have held that this is not a sufficient connection with a forum to justify forcing a non-resident defendant to litigate in the forum. This case must be dismissed.

WHEREFORE, there being no just cause otherwise, Balestrieri respectfully asks the Court to dismiss the case for lack of personal jurisdiction.

Respectfully submitted,

_/s/ Marc Balestrieri_____

Marc Balestrieri, *Pro Se*

## CERTIFICATE OF SERVICE

      I hereby certify that on this date a copy of the foregoing document was posted today 7 November 2024 by mail (all via FedEx) as follows:

The Honorable Joseph N. LaPlante
c/o Kellie Otis, Court Clerk
U.S. District Court
55 Pleasant Street
Room 110,
Concord, NH 03301-3941
603-225-1423

*Counsel for the Plaintiff:*

Howard M. Cooper, *pro hac vice*
Joseph M. Cacace, N.H. Bar # 266082
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626

Suzanne M. Elovecky, *pro hac vice*
PARTRIDGE SNOW & HAHN, LLP
30 Federal Street
Boston, MA 02110
(617) 292-7900

Dated : 7 November 2024

                                                      Marc Balestrieri, *pro se*