UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Very Reverend Georges F. de Laire, J.C.L.</u>

v.    Civil No. 21-cv-131-JL

<u>Gary Michael Voris, et al.</u>

# **O R D E R**

Following entry of default against defendant Marc Balestrieri and the resolution of all claims against the other defendants in this defamation action, Fr. de Laire moved for default judgment against Mr. Balestrieri.[1] Mr. Balestrieri responded, pro se, by filing a motion to dismiss for lack of personal jurisdiction.[2] For the reasons that follow, the court denies the motion and will schedule a hearing on the motion for default judgment against Mr. Balestrieri.

There is no dispute that the court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 based on the diversity of citizenship of the parties and the amount in controversy. Ordinarily, a defaulted party may not proceed or litigate in a case without first successfully moving to set aside the default, see Federal Rule of Civil

---

[1] Doc. no. 283.
[2] Doc. no. 284. The court notes that Mr. Balestrieri included a "Pro Se Motion to Participate in Electronic Filing" at the end of his unsworn declaration that appears to be a copy of the motion he filed over a year ago, doc. no. 188, which was denied by endorsed order on November 6, 2023. Doc no. 284-1, at 4-6. Under the local rules in this district, filers are not permitted to combine multiple motions for separate relief. LR 7.1(a)(1). Further, Mr. Balestrieri provides no grounds to allow the motion in light of the court's prior ruling, which is law of the case. The court does not recognize the pro se motion as a separate motion for relief, and the court grants no relief based on that filing.

Procedure 55(c), which Mr. Balestrieri has failed to do. Nevertheless, before granting default judgment, the court must ensure "that it has jurisdiction over both the subject matter and the parties." *Strike 3 Holdings, LLC v. Doe*, No. CV 23-11443-NMG, 2024 WL 4712925, at *2 (D. Mass. Nov. 7, 2024) (internal quotation marks omitted and citing *Hugel v. McNell*, 886 F.2d 1, 3, n.3 (1st Cir. 1989) ("[W]here the court rendering the default judgment is shown to lack personal jurisdiction over the defendant . . . the judgment may be . . . set aside by the rendering court on motion.")). For that reason, the court will address the issue of personal jurisdiction over Mr. Balestrieri in response to his motion, rather than in the context of deciding the motion for default judgment. Mr. Balestrieri has not moved to set aside default, and he remains in default. The court concludes that it has personal jurisdiction over Mr. Balestrieri in this case.

## I. Background

The court previously considered and denied a motion to dismiss for lack of personal jurisdiction submitted by defendants Michael Gary Voris, Anita Carey, and St. Michael's Media, a/k/a Church Militant. In deciding that motion, the court relied on certain facts that the parties established through record evidence in the case.[3] The court relies on that factual background as augmented by subsequent events and the submissions of the parties for purposes of this motion.

Church Militant was a Michigan not-for-profit corporation. Gary Michael Voris was the president of Church Militant, and Anita Carey was a staff reporter for Church

---

[3] Doc. no. 13, at 1-4. All record citations are available in that document.

Militant from March of 2017 to November of 2019. Voris, Church Militant, and Carey ("original defendants") stated that Church Militant "operate[d] as a multi-media company from its headquarters in the State of Michigan." They further represented that Church Militant "played a leading role in publicizing corruption in the Roman Catholic Church."

Fr. de Laire is a priest in the Roman Catholic Church and the pastor of a parish in Manchester, New Hampshire. He also serves or served as the Judicial Vicar and the Vicar for Canonical Affairs for the Diocese of Manchester. He lives in New Hampshire.

Church Militant published an article about Fr. de Laire dated January 17, 2019, that addressed Fr. de Laire's role in the church's interactions with the St. Benedict Center ("SBC"), which is located in New Hampshire. That article was attributed to Church Militant without identification of the author. The original defendants represented in their answer and other filings that the article was written by Mr. Voris, but they were later forced to disclose that the article was written by Marc Balestrieri.

Mr. Balestrieri is a resident of Michigan. He served as the canon lawyer for the SBC, which is located in New Hampshire. Brother Andre Marie Villarrubia is prior of the SBC. In the spring of 2019, Mr. Balestrieri contacted Br. Villarrubia to organize a trip for Mr. Voris and his staff to visit the SBC in April to interview members and supporters of the SBC about Fr. de Laire's actions and to make a video.[4] Mr. Balestrieri handled all of the arrangements for the trip through Br. Villarrubia in New Hampshire. Mr. Voris, Mr.

---

[4] Doc. no. 285-1.

3

Balestrieri, and Church Militant staff members stayed in New Hampshire for several days.

Church Militant published the video about Fr. de Laire on April 15, 2019, which Fr. de Laire contends includes defamatory statements about him. Church Militant published the video on its website, and it was also published on other websites. On June 25, 2019, Church Militant published another article, which was written by Anita Carey, that Fr. de Laire contended also included defamatory statements about him. The articles and video that Fr. de Laire cites as defamatory were published by Church Militant on its website and other websites, which were available in New Hampshire.

Mr. Balestrieri continued to serve as the SBC's canon lawyer.  In that position, he continued to have contact with Br. Villarrubia. Fr. de Laire filed this action against Church Militant, Mr. Voris, and Ms. Carey on February 5, 2021, alleging that the articles and video were defamatory. By mid-June 2022, Br. Villarrubia learned, based on allegations in this suit, that Mr. Balestrieri was the author of the article about Fr. de Laire that was published by Church Militant in January 2019 (Mr. Balestrieri disputes this). For that reason, Br. Villarrubia decided that Mr. Balestrieri could no longer serve as canon lawyer for the SBC.[5]  Apparently, the SBC terminated that relationship sometime after the middle of June 2022. Mr. Balestrieri now represents that he has no contacts with New Hampshire.[6]

---

[5] Doc. no. 184-6.
[6] Doc. no. 284-1.

4

Fr. de Laire amended the complaint to add Mr. Balestrieri as a defendant on June 14, 2022.[7] Mr. Balestrieri then actively evaded service, and the court granted Fr. de Laire's motion for alternative service.[8] When Mr. Balestrieri did not answer or otherwise respond after service, the court enter default against him.[9] The court scheduled a motions hearing on June 15, 2023, and that morning Mr. Balestrieri sent an email to the deputy clerk that he was traveling to New Hampshire to attend the hearing. Although Mr. Balestrieri attended the hearing, he could not participate because he had not moved to set aside the default entered against him. Counsel for Fr. de Laire and counsel for the defendants served Mr. Balestrieri with a deposition subpoena during the hearing, which was to be held on July 12, 2023, at Fr. de Laire's counsel's office in Boston, Massachusetts. On the same day, Mr. Balestrieri signed an agreement with the parties in the case that he would be at the deposition as scheduled and would stay until the deposition was completed.[10]

On the day of the scheduled deposition, Mr. Balestrieri called the court to report that he had been advised not to attend the deposition. That advice apparently was a text message from another defendant in the case, Gary Michael Voris, on June 15, 2023, who told Mr. Balestrieri that he would be committing perjury if he testified that he did not

---

[7] Doc. no. 115.
[8] End. or. Sept. 14, 2022.
[9] Doc. no. 134.
[10] Doc. no. 148.

5

write the January 19 article and stated, "You go through with this and we will rain down on you publicly. You are a liar, and a Welch."[11]

Mr. Balestrieri later moved for leave to participate in electronic filing in this case, which was denied because of the default entered against him.[12] In April this year, Mr. Balestrieri again attempted to participate in this case, without moving to set aside the default, by sending a letter to the deputy clerk in which Mr. Balestrieri objected to other parties' proposed entry of judgment following their settlement.[13] Then, without moving to set aside the default, Mr. Balestrieri filed a notice of pro se appearance, which did not change his default status.[14]

Fr. de Laire settled his claim against the last non-defaulted defendant, Mr. Voris, in July 2024.[15] With the claims against all other defendants settled, Fr. de Laire moved for default judgment against Mr. Balestrieri.[16] Mr. Balestrieri filed a motion to dismiss due to lack of personal jurisdiction over him.[17]

## II. **Applicable Standard**

Federal Rule of Civil Procedure 12(b)(2) governs a motion to dismiss for lack of personal jurisdiction. The plaintiff bears "[t]he burden of proving that personal jurisdiction may be exercised in the forum state." *Kuan Chen v. U.S. Sports Acad.*, 956

---

[11] Doc. no. 157-10.
[12] Doc. no. 188; end. or. Nov. 6, 2023.
[13] Doc. no. 268.
[14] Doc. no. 281.
[15] Doc. no. 282.
[16] Doc. no. 283.
[17] Doc. no. 284.

F.3d 45, 54 (1st Cir. 2020). When, as here, the court has not held a hearing on the motion, the court determines whether the plaintiff has made a prima facie showing to support personal jurisdiction over the defendant, taking the plaintiff's properly supported proffers of evidence as true and construes the proffers in the light most favorable to the plaintiff. *Lin v. Tipranks, Ltd.*, 19 F.4th 28, 33 (1st Cir. 2021); *Kuan Chen*, 956 F.3d at 54.

### III. Analysis

In a diversity jurisdiction case, the court exercises personal jurisdiction under New Hampshire's long-arm statute, RSA 510:4, I, and the Due Process clause of the Fourteenth Amendment of the United States Constitution. *Cappello v. Restaurant Depot, LLC*, 89 F.4th 238, 243 (1st Cir. 2023). The New Hampshire Supreme Court construes RSA 510:4 to authorize the court's exercise of personal jurisdiction to the same extent that is permissible under the Due Process clause of the Fourteenth Amendment. *Id.*

"A court may exercise [personal] jurisdiction over an out-of-state defendant by virtue of either general or specific jurisdiction." *Rosenthal v. Bloomingdales.com, LLC*, 101 F.4th 90, 95 (1st Cir. 2024). General jurisdiction over a defendant exists "when the defendant maintains contacts that are "so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Specific jurisdiction requires the plaintiff to establish (1) that the claim directly "arise[s] from or relate[s] to the defendant's activities in the forum, (2) that the defendant's contacts with the forum "represent a purposeful availment of the privilege of conducting activities in that state,"

and (3) that "the exercise of specific jurisdiction in the forum [is] reasonable under the circumstances." *Id.*

### A. General Jurisdiction

Fr. de Laire contends that Mr. Balestrieri's contacts with New Hampshire while he served as canon lawyer for the SBC provide grounds for general jurisdiction. The record, however, provides few facts to show how often he had contact with the SBC. Br. Villarrubia's deposition testimony established only that Mr. Balestrieri was in New Hampshire for a few days in April of 2019 and that he talked with Mr. Balestrieri by telephone in June of 2022. While the court might speculate that Mr. Balestrieri had other contact with Br. Villarubbia and the SBC while serving as canon lawyer, the record does not provide that information.

Therefore, Fr. de Laire has not established general personal jurisdiction.

### B. Specific Jurisdiction

Alternatively, Fr. de Laire asserts that specific personal jurisdiction exists over Mr. Balestrieri based on the court's prior decision finding specific personal jurisdiction over the original defendants and Mr. Balestrieri's authorship of the defamatory article.[18] Mr. Balestrieri contends that Fr. de Laire cannot establish the specific jurisdiction as to him. As noted above, specific jurisdiction requires the plaintiff demonstrate three factors: (1) that the claim directly "arise[s] from or relate[s] to the defendant's activities in the forum,

---

[18] Doc. no. 13.

(2) that the defendant's contacts with the forum "represent a purposeful availment of the privilege of conducting activities in that state," and (3) that "the exercise of specific jurisdiction in the forum [is] reasonable under the circumstances." *Rosenthal,* 101 F.4th at 95.

### 1. Relatedness

"To satisfy the relatedness prong, [plaintiff] must show a nexus between his claim and the defendants' forum-based activities." *Rodríguez-Rivera v. Allscripts Healthcare Solutions, Inc.*, 43 F.4th 150, 160 (1st Cir. 2022). Relatedness may be met either because the plaintiff's claim has a causal connection to the forum or "because of another activity or occurrence involving the defendant that takes place in the State." *Ford Motor Co. v. Montana Eighth Judicial District Court*, 592 U.S. 351, 362 (2021). The court previously held:

> A defendant need not be present in the forum state to engage in activity there for jurisdictional purposes. *Astro-Med, Inc. v. Nihol Kohden Am., Inc.*, 591 F.3d 1, 10 (1st Cir. 2009). Taken as a whole, the defendants' publication of allegedly defamatory statements on its website, which is available and, under the circumstances, is presumed to have been viewed and understood in New Hampshire, is contact related to de Laire's claims.[19]

Mr. Balestrieri attempts to distinguish himself from the original defendants on the ground that he only authored the January 2019 article and did not actually publish it on Church Militant's website so that it could be viewed in New Hampshire.[20] The record

---

[19] Doc. 13, at 9-10.
[20] He also contends that jurisdiction cannot be based on the subsequent republication of his article. The court addressed the single publication rule in the prior order and concluded that the additional publications could be considered for purposes of determining personal jurisdiction. Doc. no. 13, at 7 n.5.

9

demonstrates, however, that Mr. Balestrieri wrote the article for the purpose of having it published by Church Militant. Mr. Balestrieri wrote other articles for publication by Church Militant without disclosing his identity and was well aware that the article would be published and would be seen by viewers in New Hampshire.

In addition, Mr. Balestrieri was instrumental in organizing Mr. Voris's trip to New Hampshire to interview people about Fr. de Laire and the controversy with the SBC. The allegedly defamatory video was made during that trip. Mr. Balestrieri also acted as the SBC's canonist during its dispute with the Diocese of Manchester, which required additional contacts with New Hampshire about the subject matter of the alleged defamation. As such, Mr. Balestrieri engaged in activities, actions, and conduct in New Hampshire that are related to Fr. de Laire's defamation claim against him.

2. Purposeful availment

In defamation cases, the court assesses the purposeful availment element of personal jurisdiction based on the effects test from *Calder v. Jones* 465 U.S. 783, 788-89 (1984). *Kennedy v. Vickrey*, 2024 DNH 004, 2024 WL232104, at *4 (D.N.H. Jan. 22, 2024); *see also McCarty v. Doe*, Case No. 22-cv-12091, 2024 WL 3834925, at *6 (D. Mass. Aug. 15, 2024). To show purposeful availment under the *Calder* effects test, Fr. de Laire must establish that Mr. Balestrieri "intentionally directed his allegedly defamatory article at this state, that he knew his article was likely to have a significant impact on [Fr. de Laire] and that he understood the brunt of that impact would be felt in New Hampshire." *Kennedy*, 2024 WL 232104, at *4.

Mr. Balestrieri represented the SBC as its canon lawyer, and the SBC is located in New Hampshire. His article criticized Fr. de Laire's interactions with the SBC, which occurred in New Hampshire. Fr. de Laire lives in New Hampshire, is a parish priest here, and serves or has served as Judicial Vicar and the Vicar for Canonical Affairs for the Diocese of Manchester, New Hampshire. The public's negative reaction to Mr. Balestrieri's article further confirms its effect in New Hampshire.[21] As the court previously held, "the focal point of the allegedly defamatory communications was in New Hampshire, and the harm was felt in New Hampshire."[22] Therefore, Fr. de Laire has established that Mr. Balestrieri purposely availed himself of conducting activities, including defaming Fr. de Laire, in New Hampshire.

    c. Reasonableness

The third factor requires the court to assess the reasonableness of exercising jurisdiction over the non-resident defendant. *Knox v. MetalForming, Inc.*, 914 F.3d 685, 690 (1st Cir. 2019). Reasonableness depends on the "gestalt" factors: "(1) the defendant's burden of appearing [in the forum], (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies." *Id.* at 694. Mr. Balestrieri argues that because he lives and works in

---

[21] Doc. no. 13, at 9, n.7.

[22] Doc. no. 13, at 11.

Michigan, lacks resources, and cares for his ill mother, it would not be reasonable for him to travel to New Hampshire to defend against the defamation claim in this case.

Because it is always inconvenient and costly to require a party to litigate in a state where he does not live or work, to show an unreasonable burden a defendant "must demonstrate that exercise of jurisdiction in the present circumstances is onerous in a special, unusual, or other constitutionally significant way." *Nowak v. Tak How Invs., Ltd.*, 94 F.3d 708, 718 (1st Cir. 1996). Absent significantly unusual circumstances not presented here, the costs of travel do not support finding such a burden on a defendant. *Pritzer v. Yari*, 42 F.3d 53, 64 (1st Cir. 1994). While Mr. Balestrieri states that his disabled mother requires his care and financial support, he provides no specifics or detail to show that those responsibilities would preclude participation in this litigation. In addition, Mr. Balestrieri traveled to New Hampshire in April 2019 for purposes of Mr. Voris's meeting with the SBC, and he traveled to New Hampshire again in June 2023 to attend a motion hearing in this case, which demonstrates his ability to travel to New Hampshire, despite his other responsibilities.

With respect to the other factors, the circumstances weigh in favor of exercising jurisdiction. As the court previously held:

> New Hampshire and de Laire have substantial interests in adjudicating the dispute here and in obtaining relief. De Laire is a priest in New Hampshire and defamatory harm is alleged to have occurred here, as well as in other places. *See O'Neil v. Somatics LLC*, 2020 WL 7043559, at *3 (D.N.H. Dec. 1, 2020) (holding that because "the injury occurred in New Hampshire to a New Hampshire resident, I have little trouble concluding that the Gestalt factors weigh in favor of the exercise of jurisdiction"). Further, the plaintiff's choice of forum is entitled to deference. *Titus v. Tissue Culture Biologicals, Inc.*, 2020 WL 8176308, at *6 (D.N.H. July 6, 2020). The fourth

factor, pertaining to the judicial system's interest in the case, is generally a "wash", as it is here because the case could be addressed and resolved in either Michigan or New Hampshire. *Id.*

Accordingly, it is reasonable to exercise personal jurisdiction over Mr. Balestrieri.

## Conclusion

For these reasons, the court denies Mr. Balestrieri's motion to dismiss (doc. no. 284). The deputy clerk will schedule a hearing on Fr. de Laire's motion for default judgment (doc. no. 283).

SO ORDERED.

_____
Joseph N. Laplante
United States District Judge

Dated: December 23, 2024

cc:  Counsel of record.
    Marc Balestrieri, in default.