IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| **VERY REVEREND GEORGES F. de LAIRE, J.C.L.,** | § § § § | |
| Plaintiff, | § | |
| v. | § § | Case No. 1:21-cv-00131-JL |
| **GARY MICHAEL VORIS, ANITA CAREY, ST MICHAEL'S MEDIAS AKA CHURCH MILITANT and MARC BALESTRIERI,** | § § § § | |
| Defendants. | | |

## DEFENDANT MARC BALESTRIERI'S RULE 60(b)(4) MOTION TO SET ASIDE DEFAULT JUDGMENT AS VOID DUE TO LACK OF PERSONAL JURISDICTION

TO THE HONORABLE JUDGE OF THIS COURT:

1. NOW COMES *pro se* Defendant, MARC BALESTRIERI (hereinafter referred to as "Balestrieri"), who states as follows in support of his Rule 60(b)(4) Motion to Set Aside Default Judgment as Void due to Lack of Personal Jurisdiction and provide a memorandum in support thereof.

2. Plaintiff's claims do not arise out of, nor relate to, Balestrieri's contact with New Hampshire. Balestrieri has no contacts with New Hampshire. Plaintiff cannot meet the Gestalt factors and thus personal jurisdiction over Balestrieri.

3. As such, the default judgment entered against Defendant is void as a matter of law.

WHEREFORE, there being no just cause otherwise, Balestrieri respectfully asks the Court to set aside the default judgment entered against him.

Respectfully submitted,

*[signature]*

Marc Balestrieri, *pro se*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| **VERY REVEREND GEORGES F. de LAIRE, J.C.L.,** | § § § § | |
| Plaintiff, | § | |
| v. | § § | Case No. 1:21-cv-00131-JL |
| **GARY MICHAEL VORIS, ANITA CAREY, ST MICHAEL'S MEDIA AKA CHURCH MILITANT and MARC BALESTRIERI,** | § § § § | |
| Defendants. | | |

## DEFENDANT MARC BALESTRIERI'S MEMORANDUM IN SUPPORT OF HIS RULE 60(b)(4) MOTION TO SET ASIDE DEFAULT JUDGMENT AS VOID FOR LACK OF PERSONAL JURISDICTION

TO THE HONORABLE JUDGE OF THIS COURT:

### A.    FACTS

1. At the times relevant to this lawsuit *Pro Se* Defendant, MARC BALESTRIERI (hereinafter referred to as "Balestrieri") has never lived or resided in New Hampshire. Balestrieri lived worked in Michigan. Balestrieri has never owned any property in New Hampshire. Simply put, Balestrieri has no contacts with New Hampshire.

### B.    ARGUMENT

2. A void judgment is a legal nullity.[1] Where there is no jurisdiction a Court should set aside a default judgment as void.[2]

3. Although these arguments were previously raised in Balestrieri's FRCP 12(b)(2) Motion to Dismiss, based on the Court's December 23, 2024, Order (Doc. 286), Balestrieri brings this

---

[1] *United Student Aid Funds, Inc. v. Espinosa*, 559 US 260, (2010).
[2] Id.

FRCP 60(b)(4) Motion to Vacate and addresses some factual issues raised by this Court in that Order, urging anew his jurisdictional arguments.

4. Personal jurisdiction refers to a court's power to require the parties to obey its orders. *Hannon v. Beard*, 524 F.3d 275, 279 (1st Cir. 2008). Personal jurisdiction is based on the forum-state's long-arm statute and the due process requirements of the United States Constitution. *Harlow v. Children's Hosp.*, 432 F.3d 50, 57 (1st Cir. 2005). New Hampshire's long-arm statute allows courts to exercise personal jurisdiction over non-resident defendants to the extent allowed by federal due process. *N. Laminate Sales, Inc. v. Davis*, 403 F.3d 14, 24 (1st Cir. 2005). Thus, the Court need only apply a "constitutional analysis, which requires 'sufficient minimum contacts with the state, such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Adelson v. Hananel*, 510 F.3d 43, 49 (1st Cir. 2007). Plaintiff bears the burden of establishing the Court's personal jurisdiction over Balestrieri. *Daynard v. Ness, Motely, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 57 (1st Cir. 2002). Plaintiff may not establish personal jurisdiction with "unsupported allegations in [the] pleadings," and instead is "obliged to adduce evidence of specific facts." *Platten v. HG Bermuda Exempted, Ltd.* 437 F.3d 118, 134 (1st Cir. 2006). The Court should also consider facts put forth by the defendant. *Daynard*, 290 F.3d at 50.

5. As the Court noted, Plaintiff has not established *general* personal jurisdiction over Balestrieri.

6. With all due respect to the Court's Order (Doc. 286), there are significant factual distinctions that the Court should reconsider in order to determine *specific* jurisdiction. A federal court may also have "specific" personal jurisdiction over a nonresident defendant. "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) "[T]he constitutional test for determining specific jurisdiction has three distinct

components, namely, relatedness, purposeful availment (sometimes called 'minimum contacts'), and reasonableness." *Adelson v. Hananel*, 652 F.3d 75, 80 – 81 (1st Cir. 2011). The plaintiff must establish each of the three components. *LP Solutions, LLC v. Duchossis*, 907 F.3d 95, 103 (1st Cir. 2018).

### *Relatedness Factor*

7. Plaintiffs' claims do not relate to Balestrieri's scant, if any, contact with New Hampshire. The relatedness prong requires "a demonstrable nexus between the complaint's claims and the activities in the forum that properly may be attributed to the defendant, such that the litigation itself is founded directly on those activities." *PREP Tours, Inc. v. Am Youth Soccer Org.*, 913 F.3d 11, 18 (1st Cir. 2019) (internal quotation marks omitted). While a defendant's physical presence in the forum is not necessary to establish "relatedness," in the absence of physical presence, the plaintiff has to show "some other indication that the defendant reached out to the forum" and that such efforts by the defendant are "essential" to the plaintiff's claim. *U.S. v. Swiss Am Bank*, 274 F.3d 610, 622 (1st Cir. 2001).

8. In *Swiss Am*, the federal government sued the defendant for conversion, unjust enrichment and breach of contract to recover money a Massachusetts resident deposited in an Antiguan bank and forfeited to the government as part of a plea deal. The trial court dismissed the case for lack of personal jurisdiction over the bank, a decision that was affirmed by the First Circuit. In its efforts to demonstrate that the bank had sufficient contacts with the forum to support jurisdiction, the government offered the fact that the bank had a business relationship with a Massachusetts resident and sent a letter to the court in Massachusetts about the funds at issue. The *Swiss Am* court found these insufficient because the business relationship was not focused in the forum and because the letter was not "a related contact" because it was not "essential to either the formation or breach of the alleged contract between" the bank and the

government. *Swiss Am*, 274 F.3d at 622, emphasis in original. The government next argued that the court had personal jurisdiction over the bank because the injurious effects of the bank's conduct were felt in the forum. *Swiss Am*, 274 F.3d at 622. The *Swiss Am* court rejected this argument because the bank itself did not engage in any "in forum" conduct that related to the government's claim, holding "in-forum effects of extra-forum activities" are not sufficient to confer jurisdiction. *Swiss Am*, 274 F.3d at 625 (citation omitted).

9. Here, Balestrieri had no contact with the State of New Hampshire in connection with any of the allegedly defamatory comments. *See* Balestrieri Declaration. Balestrieri did not publish the article on the website owned and controlled solely by Church Militant that is at issue in this lawsuit. *See* Balestrieri Declaration. Balestrieri was a direct source for Church Militant, but the final article was revised and published solely by the Church Militant, without Balestrieri controlling its effective publication on the website. *See* Balestrieri Declaration. The articles were posted on the previous settling Defendants St Michaels Media aka Church Militant website. Balestrieri has no ability to post anything on that website, he had no control over that website whatsoever.[3] *See* Balestrieri Declaration.

10. Significant factual points must be stated here. First, Balestrieri was not instrumental in organizing Mr. Voris's trip to New Hampshire. *See* Balestrieri Declaration. In fact at most Balestrieri was a casual observer during that trip. He did not conduct any interviews and had nothing to do with the recording or production of any videos. *See* Balestrieri Declaration. Second, and moreover, at no time was Balestrieri "SBC's" canon lawyer. *See* Balestrieri Declaration.

---

[3] Although Plaintiff contends that the April 15, 2019, video story repeated the allegedly defamatory comments from the January 17, 2019 story, New Hampshire does not recognize a claim for defamation based on "republication" of allegedly defamatory statements. *Keeton v. Hustler Magazine, Inc.*, 131 N.H. 6, 8 (1988).

11. Because Plaintiff has plead that there was *no source* for the allegedly defamatory statements made in the January article, he cannot argue that the source of the statements was in New Hampshire. In other words, there are no contacts with the State of New Hampshire that are "essential" to Plaintiff's claims. Proverbially, Plaintiff cannot have his cake and eat it, too.

12. Under *Swiss Am*, Balestrieri's "contacts" with New Hampshire in connection with the April 15, 2019 story therefore are not "related" to the pending claims. The only link between Balestrieri and New Hampshire is that Plaintiff lives in New Hampshire. However, the United States Supreme Court has ruled that "the plaintiff cannot be on the only link between the defendant and the forum" for personal jurisdiction to lie. *Walden v. Fiore*, 571 U.S. 277, 285 (2014). See also, *Swiss Am.*, 274 F.3d at 623 (fact that effects of defendant's conduct are felt in the forum is not enough to establish "relatedness" of defendant to forum). As stated above, Plaintiff must establish each of the elements of specific jurisdiction. His inability to establish "relatedness" alone warrants a dismissal of this case.

*Availment*

13. Balestrieri did not purposefully avail himself of the benefits of New Hampshire. Plaintiff also cannot meet the "personal availment" prong of the test for specific jurisdiction. That test is satisfied "when the defendant purposefully and voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on these contacts." *Swiss Am*, 274 F.3d at 624. The relevant contacts are the ones the defendant himself created with the forum state itself, not with persons located in the forum state. *Walden*, 571 U.S. at 284. Here again, Balestrieri does not have subscribers and he does not reach out to New Hampshire citizens. *See* Balestrieri Declaration.

14. Like the plaintiffs in *Walden*, the location where Plaintiff was located when he felt the "injury" from the allegedly defamatory comments was not related to anything that Balestrieri actually

did in the State of New Hampshire. Balestrieri received no benefit from the State of New Hampshire as a result of any activity directed to the state and cannot be required to defend his activities in New Hampshire. *See* Balestrieri Declaration.

15. Critical factual points to be stated. First. Balestrieri did not represent the SBC as its canon lawyer. Second, while Balestrieri wrote some draft notes and sent them to the Church Militant, the final article was revised and published solely by the Church Militant, without Balestrieri approval. *See* Balestrieri Declaration. Balestrieri had no intention and did not purposefully avail himself to New Hampshire.

*Reasonableness*

16. Lastly, the "reasonableness" prong focuses on five factors that gauge the extent to which the exercise of jurisdiction over a nonresident is fair and reasonable. *Nowak v. Tak How Investments, Ltd.*, 94 F.3d 708, 717 (1st Cir. 1996). These so-called "Gestalt factors" are: (1) the defendant's burden of appearing in the forum state, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies." *Id.* These factors operate on a sliding scale: "the weaker the plaintiff's showing on the first two prongs (relatedness and purposeful availment), the less a defendant need show in terms of unreasonableness to defeat jurisdiction. *Baskin-Robins Franchising, LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 40 (1st Cir. 2016).

17. Balestrieri was a citizen of Michigan, worked in Michigan and the State of Michigan has an interest in protecting its citizens from frivolous claims for defamation. Unlike the Plaintiff who enjoys significant wealth, owning and living in a $1.5 million home, Balestrieri is solo

practitioner canon lawyer whose disabled mother requires his care and financial support. *See* Balestrieri Declaration. Balestrieri currently lives in, making the defense of a case hundreds of miles from his home and away from his ill mother an extreme hardship. *See* Balestrieri Declaration.

18. The only relevant connection between New Hampshire and Plaintiff's is Plaintiff lives in New Hampshire. Both the First Circuit and the United States Supreme Court have held that this is not a sufficient connection with a forum to justify forcing a non-resident defendant to litigate in the forum. This case must be dismissed.

WHEREFORE, there being no just cause otherwise, Balestrieri respectfully asks the Court to set aside the default judgment entered against him for lack of personal jurisdiction.

Respectfully submitted,

*[signature]*

Marc Balestrieri, *pro se*

Case # 1:21-cv-00131-JL

To the Honorable Judge La Plante
c/o Court Clerk Kelly OTIS