# EXHIBIT

# B

EXC.MO AC REV.MO D.NO MANCHESTERIENSI EPISCOPO
NULLITATIS MATRIMONII
( ▓▓▓▓▓▓▓ )

Prot. N. ▓▓▓▓▓

## EXCEPTIO SUSPICIONIS

[ Exception of Suspicion ]

2 November 2016

The undersigned Procurator and Advocate of the ▓▓▓▓▓ in the cause of nullity of marriage contracted between ▓▓▓▓▓ ▓▓▓▓▓, pursuant to the norms of cann. 1448, § 1-1449 of the *Code of Canon Law* (cf. artt. 67, § 1; 68, § 1 Instr. *Dignitas Connubii*) most respectfully proposes an Exception of Suspicion against 1) the Single Judge of the aforesaid cause the Reverend Monsignor Donald GILBERT, and 2) the Judicial Vicar the Very Reverend Georges de LAIRE, because both objectively have during the course of the instant process appeared and continue to appear to exhibit a) **bias in favor of the Petitioner** (*acceptio personarum*), b) **marked hostility** toward the Respondent and his Advocate (*magna simultas*), and, to the great prejudice of the Respondent in his defense of the Bond of Marriage, c) a **grave lack of expertise** (*imperitia*) required on their parts. Therefore the undersigned recuses the said Single Judge and Judicial Vicar and most respectfully requests that they be replaced.

In conformity with the norm of can. 1449, § 2, this Exception of Suspicion is presented before Your Excellency, because he is the competent Ecclesiastical Authority *nominatim* stipulated by Universal Law to hear this matter which cannot be delegated to another for adjudication.

This Exception against both Single Judge and Judicial Vicar is not presented lightly. It is the fruit of great deliberation and significant regret. The following facts support the acceptance by Your Excellency for his hearing of this Exception and the granting of all *instantiae* included herein.

First, the Decree of Citation of the ▓▓▓▓▓ dated 21 September 2015, was issued by Msgr. GILBERT *prior to the constitution of the Court* effectuated on 23 September 2015, in violation of the norm of art. 118, § 1 of the Instruction *Dignitas Connubii*, thereby rendering the issuance of the Citation of the ▓▓▓▓▓ invalid and illegitimate. Had the Respondent not subsequently communicated his desire to participate in the process, the acts of the process would have been null pursuant to the norm of can. 1511.

Second, the *Decree and Order Accepting the Petition*, dated 21 September 2015, was also issued by Msgr. GILBERT prior to the constitution of the Court, in violation of the norm of artt. 118, § 1 and 119, § 1 DC.

Third, testimony of the Petitioner was gathered <u>before</u> the Formulation of the Doubt, without the apparent issuance of a decree by Msgr. GILBERT motivated by grave cause in violation of the norm of art. 160 DC.

Fourth, the undersigned Procurator-Advocate of the ~~Respondent~~ in conformity with the norm of can. 1513, § 2, in November 2015 requested of the Judicial Vicar the Very Rev. Georges de LAIRE the holding of the Session of Formulation of the Doubt at the Tribunal of the Diocese of Manchester upon instruction given to him by his client the Respondent. Upon his effective purchase of a plane ticket and arrival on 24 November 2015 under the understanding communicated to him by the Very Reverend de LAIRE that a session of formulation of the doubt would in fact be held at the Tribunal, the undersigned was told by him that <u>no session</u> would in fact be held, without the undersigned having been given by the Judicial Vicar, or the Single Judge, or any Notary any reasons orally or in writing for the decision rejecting the holding of a session of *litis contestatio*, in violation of the norm of can. 54, § 2.

Fifth, according to what the undersigned was informed of orally on 24 November 2015 upon his arrival at the Tribunal in Manchester by the Very Reverend de LAIRE, said request for a Session of Formulation of the Doubt was <u>never even notified</u> to the Petitioner or the Defender of the Bond so that they may be heard in the matter, in grave violation of the norm of art. 135 DC.

Sixth, and most gravely, the testimony of the ~~[redacted]~~ already collected by the Court as of 24 November 2015 was withheld from examination by the undersigned Procurator-Advocate of the ~~[redacted]~~ during his visit to the Tribunal of the Diocese of Manchester, in grave violation of the norm of artt. 157, § 2 and 159, § 1, 2° DC coll. can. 1678, § 1, 1° of the *Code of Canon Law*. No reason was given orally or in writing to this secreting of the evidence given by the Petitioner to which the undersigned Procurator-Advocate had a right to examine at the time that the request was made. The Very Reverend Georges de LAIRE, despite having been informed by the undersigned Advocate of the grave illegitimacy of the Vicar's refusal to accede to the request, refused to change his decision, and in violation of the norm of can. 54, § 2, did not notify the undersigned in writing of his refusal or the reasons for it.

Additionally, the undersigned Procurator-Advocate of the ~~[redacted]~~ has recourse to His Excellency against 1) the rejection by Msgr. GILBERT dated 17 October 2016 and received on 20 October past of the ~~[redacted]~~ request to have the undersigned assist him during his deposition stipulated to be conducted by rogatory commission before the Tribunal

of Arlington by 4 November 2016, and moreover against 2) the undersigned Advocate's *repulsio* to assist his client as his *Advocate* (not Procurator) referenced in the aforesaid letter of Msgr. GILBERT dated 17 October which to date has never been communicated to the undersigned Procurator of the ~~Respondent~~. The undersigned, only through his client the ~~[redacted]~~ was illegitimately and recently informed by him orally, and *not validly and legitimately in writing directly by the Tribunal as required by the norms of can. 1509, §§ 1-2*, that he was removed from his function of Advocate by decree of the Reverend *Iudex Unicus* on 9 March 2016, despite the undersigned still being in the very least the Respondent's valid and legitimate Procurator – never having been declared removed from that function. Since 25 January 2016, the undersigned has not been validly or legitimately notified of *any* subsequent procedural act or notification of the Court, in blatant violation of the norm of art. 104, § 1 Instr. *DC*:

> **Procuratoris est partem repraesentare**, libellos aut recursus tribunali exhibere, **eius notificationes recipere**, atque partem de statu causae certiorem facere; quae vero spectant ad defensionem semper advocato reservantur. [my emphasis]

As Your Excellency knows, Universal Law provides that until such time as a Procurator-Advocate is legitimately notified of his removal, he continues to exercise his appointed functions legitimately and validly. Cf. can. 54, § 2 coll. can. 1509, §§ 1-2. Consequently, the undersigned, exercising *in the very least* his valid and legitimate function of Procurator on behalf of the ~~[redacted]~~, presents recourse to Your Excellency for an impartial and just hearing in these matters account taken of the fact that the Respondent through his Procurator has proposed an Exception of Suspicion against *both* the Judicial Vicar and the Single Judge.

Additionally, the undersigned Procurator-Advocate of the ~~[redacted]~~ most respectfully requests that the Instance and Process be *suspended* by reason of the incidental question of the Exception of Suspicion now arising, and the undersigned presenting recourse to Your Excellency against his removal as an Advocate of the ~~[redacted]~~ from the instant process in conformity with the norms of can. 1487 coll. can. 1451.

Finally, account taken of the Exception of Suspicion now being presented, the undersigned Procurator-Advocate most respectfully requests a prorogation of the *fatalia iudicis* given to his client the ~~[redacted]~~ to comply with the stipulation of scheduling his deposition by rogatory commission with the Tribunal of the Diocese of Arlington by 4 November 2016, because of the pendency of this Exception of Suspicion, the pendency of this Recourse against the Removal from the Cause of the undersigned Advocate, and the pendency of this rejection of the undersigned to assist him as an Advocate during his deposition.

Without the impartial and proper resolution of the Exception and incidental questions justly raised by the ~~[redacted]~~ the principal question cannot be legitimately decided.

The ▓▓▓▓▓ and the undersigned Procurator-Advocate plead for Your Excellency to form his own impartial and expert opinion in the matter of this Exception and attendant Motions, and resolve the incidental questions raised herein in conformity with the norms of art. 217-228 of the Instruction *Dignitas Connubii*.

Please, Your Excellency, account taken of the shocking manner by which this case has been handled to date, deign to consider acting as the Ordinary Judge in conformity with the request of Our Holy Father Pope Francis that Bishops personally adjudicate plaints of nullity of marriage brought before them in exercise of the plenary right inuring to every Diocesan Bishop to do so pursuant to the norm of can. 1419: *Iudex primae instantiae est Episcopus dioecesanus*.

Thanking Your Excellency for your consideration of these presents,

Yours most respectfully in Christ,

*[signature]*

Marc BALESTRIERI, JCL
Procurator and Advocate of the ▓▓▓▓▓

Attachments: copy of *Mandate of Appointment of Procuration and Advocacy of the* ▓▓▓▓▓