# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| VERY REVEREND GEORGES F. de LAIRE, J.C.L.,<br><br>    Plaintiff,<br><br>v.<br><br>GARY MICHAEL VORIS, ANITA CAREY, ST. MICHAEL'S MEDIA a/k/a CHURCH MILITANT, and MARC BALESTRIERI,<br><br>    Defendants. | CIVIL ACTION NO. 1:21-cv-00131-JL |

## PLAINTIFF THE VERY REVEREND GEORGES F. DE LAIRE'S OBJECTION TO MARC BALESTRIERI'S MOTION TO VACATE DEFAULT

Plaintiff, the Very Reverend Georges F. de Laire ("Father de Laire"), submits this Objection to Defaulted Defendant Marc Balestrieri's Rule 60(b)(4) Motion to Set Aside Default Judgment as Void for Lack of Personal Jurisdiction (the "Motion").

First, Mr. Balestrieri filed the present Motion nearly ***two and a half years after the clerk entered default*** against him in this matter, despite the fact that Balestrieri had – and demonstrated – actual knowledge of the present lawsuit, his being named as a defendant, and his knowledge that default had been entered.  See, e.g., Father de Laire's Application for Damages to be Assessed Against Defaulted Defendant Marc Balestrieri ("Application for Damages"), ECF No. 289, at pp. 3-7.  This delay is not reasonable, and the timing is prejudicial to Father de Laire.

Second, the only basis upon which Mr. Balestrieri seeks to vacate the default is his suggestion that the default is somehow "void" on the grounds that this Court lacks jurisdiction over Mr. Balestrieri – an argument that he already made, and which was rejected by this Court.

See, e.g., ECF No. 284 (motion to dismiss); 286 (Court Order denying Motion to Dismiss).  The Court's order finding that it does, in fact, have jurisdiction over Mr. Balestrieri was proper and consistent with well-settled law.  If Mr. Balestrieri had "additional facts" for the Court to consider concerning jurisdiction, the motion to dismiss was the time and place to present them.  However, Mr. Balestrieri did not seek leave to file a reply brief in connection with that Motion to Dismiss, and Mr. Balestrieri did not seek reconsideration of that Order.  This attempt to re-litigate a closed matter should be denied.

Finally, as Father de Laire set forth in his opposition to Mr. Balestrieri's Motion to Dismiss, and as the Court set forth in its December 23, 2024 Order, this Court does, in fact, have jurisdiction over Mr. Balestrieri, pursuant to well-settled law and precedent.  Mr. Balestrieri has provided no basis upon which to find otherwise.[1]

## I.    Procedural and Factual Background

Where the relevant procedural background and facts have been briefed on numerous occasions, Father de Laire provides a basic overview here and incorporates by reference his briefs (a) objecting to Mr. Balestrieri's Motion to Dismiss (ECF No. 285), and his Application for Damages (ECF No. 289).

Despite the fact that entry of default was entered on October 25, 2022, and that the Court had made it clear to Mr. Balestrieri on multiple occasions that he could not participate in this litigation unless and until he successfully moved to vacate that default, Mr. Balestrieri filed a motion to dismiss based on jurisdictional grounds on November 14, 2024.  ECF No. 284.  Father

---

[1] In an Unsworn Declaration submitted concurrent with his Motion, Mr. Balestrieri states that (a) he has no contact with New Hampshire and did not have control over churchmilitant.com; (b) that he had no connections with the April 15, 2019 video posted on churchmilitant.com, which directly contradicts the sworn deposition testimony of Mr. Balestrieri's client, Brother Andre Marie Villarrubia (ECF No. 285-1); and (c) that he does not live in New Hampshire and that travel to New Hampshire would be a hardship for him.  See Affidavit of Marc Balestrieri, attached to the Motion (ECF No. 290 ) at pp. 9-10.  The only "new fact" is Mr. Balestrieri's statement that he did not travel to New Hampshire for purposes of representing the St. Benedict Center during the production of the videos.

de Laire opposed that motion to dismiss on November 27, 2024, and the Court issued its Order

denying the motion, and holding that the Court has personal jurisdiction over Mr. Balestrieri on

December 23, 2024.  See ECF Nos. 285 (Father de Laire's Objection), 286 (Order).

Consistent with the Court's orders and guidance, Father de Laire filed his Application for

Damages on February 4, 2025.  Mr. Balestrieri was ordered to file any response to that

Application for Damages on or before February 18, 2025 (see Order dated January 21, 2025,

ECF No. 288).  On February 18, 2025, Mr. Balestrieri submitted his response to Father de Laire's

Application for Damages, and further submitted the present Motion.  See ECF 290, 292.

**II.    Argument**

As set forth below, Mr. Balestrieri's present Motion to vacate the default is untimely, and

Mr. Balestrieri provides no basis for the unnecessary delay.  Further, the issue that Mr. Balestrieri

asks the Court to decide through his present Motion has already been decided, and Mr.

Balestrieri failed to avail himself of further briefing and/or requests for reconsideration of that

decision; now that he attempts to do so, his "supplemental" information and so-called "facts" are

not sufficient to change the outcome of the jurisdictional analysis.  Finally, as Father de Laire

argued previously, and as the Court decided, this Court properly exercises jurisdiction over Mr.

Balestrieri.  As a result, Mr. Balestrieri's Motion should be denied, and the default should remain

as entered.

**A.    The Motion Should Be Denied In Light Of Willful and Knowing Undue Delay**

There is no doubt that Mr. Balestrieri was aware that (a) he had been named in this

litigation as a defendant, and (b) that the clerk had entered default against him.  See, e.g., ECF

No. 289 at pp. 4-7; Ex. C, Exs. D-I. In June of 2023 – well over a year and a half ago – Mr.

Balestrieri communicated with the Court, acknowledging that he was aware of the litigation, and

appeared at a hearing in the courthouse in New Hampshire.  Id. at pp. 6-7, Ex. I; ECF No. 148.[2]

At that hearing, the Court explained to Mr. Balestrieri that he could not participate in this case, as

a party, unless and until the default was vacated.  See ECF No. 155 at pp. 70-71.   For nearly two

years, Mr. Balestrieri took no steps to move to vacate that default.

      Mr. Balestrieri provides no explanation for his delay in bringing his Motion, and he fails

to meet the requirement of the applicable Rule in asking the Court to vacate the default.  Fed. R.

Civ. P. 55 (c) ("[t]he court may set aside an entry of default for good cause").  The Rule further

specifies that Rule 60(b) is applicable to a motion to set aside a final default judgment, rather

than a clerk's entry of default.  Id.  Mr. Balestrieri purports to bring his Motion pursuant to Rule

60(b) of the Federal Rules of Civil Procedure, which requires that any such motion be brought

within a "reasonable time."  See, e.g., Fed. R. Civ. P. Rule 60(c)(1) ("Timing.  A motion under

Rule 60(b) must be made within a reasonable time").  Mr. Balestrieri suggests that he is bringing

his motion under Rule 60(b)(4) ("the judgment is void"), but of course, there is no judgment in

this matter as to Mr. Balestrieri.

      Mr. Balestrieri's undue delay was not reasonable, and he makes no attempt to cast it as

such.  Mr. Balestrieri stated in open Court that he knew he had been defaulted no later than June

15, 2023 (see ECF No. 155 at p. 57), yet he did not bring his motion until February of 2025,

more than one and a half years later.  See also, supra at n. 2.   This is well beyond the period of

"delay" found unreasonable by this court.  See, e.g., General Contracting & Trading Co., LLC v.

Interpole, Inc., 899 F.3d 109, 112 (where a party waiting three and one-half months between

---

[2] As Father de Laire set forth in his Application for Damages, the record evidence shows that Mr. Balestrieri was, in fact, aware of the fact that he was named in this lawsuit, and that a default was entered against him, well before June of 2023.  See, e.g., ECF No. 289 at pp.4-5 (citing text messages between Balestrieri and Defendants concerning (a) his being named in the lawsuit, (b) Father de Laire's attempts at service, and (c) Balestrieri's protestations against being involved as a party).

discovery of the default and asking the court for relief, denial of motion to vacate default was affirmed in light of delay).  See also Pure Barnyard, Inc. v. Organic Laboratories, Inc., Case No. 08-cv-501-JL, 2012 WL 4472012 at *5-6 (D. N.H. Sept. 26, 2012) (LaPlante, J.) (denying motion to vacate default where good cause not shown).

Here, Mr. Balestrieri did not move to vacate the default until he was faced with the very real possibility of having a judgment entered against him, at the very end of the litigation.  See ECF No. 290 (Motion).  Mr. Balestrieri had many months between June 15, 2023, and February 18, 2025 wherein he could have brought his motion – but he did not.  As this Court is aware, Mr. Balestrieri has attempted to participate in this litigation, including filing of papers, participation at hearings, and direct communications with the Court, on many occasions since June 15, 2023 – but still failed to move to vacate the default.  See, e.g., ECF No. 289 at pp. 5-7, including exhibits.  Mr. Balestrieri has not shown good cause for this delay, and his motion should therefore be denied.

B.    Mr. Balestrieri Has Offered No Basis Upon Which to Reconsider the Court's Prior Order Finding Jurisdiction

The only basis upon which Mr. Balestrieri seeks dismissal is his contention that this Court lacks personal jurisdiction over Mr. Balestrieri.  This issue has been briefed by Mr. Balestrieri, through a motion pursuant to Fed. R. Civ. P. 12(b), and the Court has issued an Order denying that motion, and holding that the Court does, in fact, have jurisdiction over Mr. Balestrieri.

Through his present Motion, Mr. Balestrieri attempts to insert "new facts" concerning the jurisdictional analysis, primarily that – contrary to testimony provided under oath in this matter – he had not traveled to New Hampshire to be present with his client during the filming of an April 15, 2019 video that was subsequently published on churchmilitant.com.  See ECF No. 290

(Motion); ECF No. 285 (Father de Laire's Objection to Motion to Dismiss) at p. 9 and Ex. A (Mr. Villarubia's testimony that Mr. Balestrieri was present in New Hampshire in 2019). While the Court did cite Mr. Balestrieri's (now contested) trip to New Hampshire, there is no indication that Mr. Balestrieri's presence in New Hampshire was required for the jurisdictional analysis and outcome.[3]  See ECF No. 286, pp. 9-10.

The Court found that Father de Laire satisfied the "relatedness" prong of the jurisdictional analysis by demonstrating (a) that Mr. Balestrieri wrote the Jan. 17, 2019 article for the purpose of having it published by Church Militant, (b) that Mr. Balestrieri was instrumental in the interviews in New Hampshire of Mr. Balestrieri's clients, and (c) that "Mr. Balestrieri acted as the SBC's canonist during its dispute with the Diocese of Manchester, which required additional contacts with New Hampshire about the subject matter of the alleged defamation." See ECF No. 286 (Order denying motion to dismiss and holding that the Court has jurisdiction over Balestrieri); ECF No. 285 (Father de Laire's Objection to the Motion to Dismiss, which Father de Laire incorporates herein in its entirety).

Mr. Balestrieri did not provide any new facts or information justifying his argument that the default order is "void" that refutes the Court's holding that Father de Laire satisfied the purposeful availment and reasonableness prongs of that analysis.  See, e.g., Motion (ECF No. 290); Order (ECF No. 286); Objection to Motion to Dismiss (ECF No. 285).  For example, concerning purposeful availment, Mr. Balestrieri does not refute, deny or contradict that the

---

[3] Father de Laire does not concede that Mr. Balestrieri's statement that he had not traveled to New Hampshire is credible.  Mr. Balestrieri was served with a subpoena and was scheduled to testify under oath in this matter, and he defied that subpoena and refused to testify.  Now, in the 11th hour, he provides an unsworn declaration refuting the proper testimony of a witness in this case, without affording Father de Laire the opportunity to cross examine him on that testimony.  Mr. Balestrieri should not be permitted to defy court orders to testify under oath, and then submit statements outside the discovery process.  Father de Laire was already prejudiced by Mr. Balestrieri's flagrant disregard of this Court's order, and now, through Mr. Balestrieri's attempt to provide this statement, Father de Laire is further prejudiced.

article he wrote for purposes of publication in churchmilitant.com were targeted at Father de

Laire, and that the brunt of the impact of that article would be felt in New Hampshire.  <u>See</u> Order

(ECF No. 286) at p. 10-11.  Mr. Balestrieri similarly offers no new information concerning any

burden he may experience as a result of a lawsuit in New Hampshire.  <u>See</u> Motion (ECF No.

290).  While Mr. Balestrieri states in his declaration that he is caring for his ill mother outside of

New Hampshire, that fact that was already considered by this Court, and did not "support finding

such a burden on defendant."  <u>See</u> Order (ECF No. 286).  Mr. Balestrieri has offered nothing to

change that outcome, or to disturb this Court's prior order concerning jurisdiction.

      C.    <u>This Court Properly Exercised Jurisdiction Over Mr. Balestrieri</u>

As set forth above, Father de Laire incorporates herein in its entirety his Objection to Mr.

Balestrieri's Motion to Dismiss.  <u>See</u> ECF No. 285.

**III.    <u>Conclusion</u>**

Based on the forgoing, Father de Laire respectfully requests that Mr. Balestrieri's Motion

to Set Aside the Default Judgment as Void Due to Personal Jurisdiction be DENIED, as (a) it was

untimely, (b) Mr. Balestrieri failed to provide any new information sufficient to cause

reconsideration of the prior order concerning jurisdiction, and (c) the Court properly exercised

personal jurisdiction over Mr. Balestrieri.

Father de Laire respectfully submits that the time has come to conclude this litigation. He

has diligently pursued his claims now for years. By contrast, Mr. Balestrieri has avoided, dodged,

dissembled and obfuscated. The Court should enter a monetary judgment for Fr. De Laire, as

requested in his Application for Damages.  ECF No. 289.

*[signatures on next]*

Dated: March 4, 2025

Respectfully submitted,

THE VERY REVEREND GEORGES F. DE LAIRE

By His Attorneys,

/s/ *Joseph M. Cacace*
Joseph M. Cacace, N.H. Bar No. 266082
Howard M. Cooper, *pro hac vice*
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
jcacace@toddweld.com
hcooper@toddweld.com

- and –

/s/ *Suzanne M. Elovecky*
Suzanne M. Elovecky, *pro hac vice*
PARTRIDGE SNOW & HAHN, LLP
30 Federal Street
Boston, MA 02110
(617) 292-7900
selovecky@psh.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March 2025, a copy of the foregoing document was served and transmitted to all counsel of record via the court's electronic filing system. The following pro se party was served conventionally via U.S. Mail and email at the addresses below:

Marc Balestrieri
514 Americas Way
PMG 20863
Box Elder, South Dakota 57719
Balestrieri.marc@gmail.com

/s/ *Suzanne M. Elovecky*
Suzanne M. Elovecky