UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Very Reverend Georges F. de Laire, J.C.L.

     v.                               Civil No.  21-cv-131-JL

Gary Michael Voris, et al.

## Summary Order

After settling his defamation claims against the active defendants, Fr. de Laire moved for default judgment against defaulted defendant, Marc Balestrieri, seeking an award of $100,000.00 in damages. Balestrieri responded with a motion to set aside "default judgment" as void under Federal Rule of Civil Procedure 60(b)(4).

There is no dispute that the court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 based on the diversity of citizenship of the parties and the amount in controversy. As previously held, the court has personal jurisdiction over Balestrieri.[1] For the reasons that follow, the court denies Balestrieri's motion to set aside "default judgment."[2]

Balestrieri moves to set aside "default judgment," pursuant to Federal Rule of Civil Procedure 60(b)(4), asserting that the "default judgment" is void because the court lacks personal jurisdiction over him.[3] The court, however, has not entered default

---

[1] Doc. no. 286.
[2] Doc. no. 290.
[3] Doc. no. 290.

judgment. Fr. de Laire moved for default judgment, but the court has not yet addressed that motion. For that reason, there is no judgment against Balestrieri.

It appears, however, that Balestrieri may have intended to move to set aside the entry of default.[4] "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Good cause, in the context of Rule 55(c), requires the court to determine whether "(1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *United States v. $23,000 in United States Currency*, 356 F.3d 157, 166-67 (1st Cir. 2004); *accord Sostak v. DaPrato*, No. 2:23-CV-00376-JCN, 2024 WL 4308356, at *3 (D. Me. Sept. 26, 2024).

Balestrieri has not shown good cause. The unusual circumstances in this case and Balestrieri's actions demonstrate that Balestrieri willfully defaulted. Balestrieri was aware of Fr. de Laire's suit against the other defendants from its inception. He was not initially included as a defendant because of misrepresentations by other defendants.[5] After he was added as a defendant through an amended complaint in June 2022, he evaded service of process, in one instance by running away from the process server, which required the court to order service by alternative means in September of 2022.[6] He later attended a court hearing without seeking to set aside default, despite notice of default. During the hearing, Balestrieri agreed to a deposition but then failed to appear to be deposed.[7] He has repeatedly attempted to communicate with the court, despite being

---

[4] Doc. no. 134.
[5] Doc. no. 113.
[6] Doc. no. 131; end. or. Sept. 14, 2022.
[7] Doc. no. 170, at 8.

instructed that he is not a party due to default. For these reasons and others, the court finds that Balestrieri willfully defaulted and failed to move to set aside default in a timely manner.

Balestrieri's attempt to set aside default now is both untimely and without merit. Default was entered in October 2022. During the years that have passed since then, the other defendants have settled with Fr. de Laire. It would be highly prejudicial to Fr. de Laire, and likely to the other defendants, to revive this case to adjudicate the defamation claim against Balestrieri.

Further, Balestrieri lacks a meritorious reason to set aside default. He challenges default on the baseless ground that the court lacks personal jurisdiction over him. Balestrieri previously moved to dismiss for lack of personal jurisdiction.[8] The court addressed the motion, despite Balestrieri's default, because personal jurisdiction is a matter that must be resolved for purposes of Fr. de Laire's pending motion for default judgment. On December 23, 2024, the court denied Balestrieri's motion to dismiss, concluding that it has personal jurisdiction over him.[9] Balestrieri did not move for reconsideration of that order within the time allowed.[10]

Now, months later, Balestrieri essentially seeks reconsideration of the court's order denying his motion to dismiss. Even if the motion were timely, Balestrieri provides no cognizable grounds for reconsideration. "The granting of a motion for reconsideration is

---

[8] Doc. no. 184.
[9] Doc. no. 286.
[10] A party has 14 days to file a motion for reconsideration of an interlocutory order. LR 7.2(d).

an extraordinary remedy which should be used sparingly." *Salmon v. Lang*, 57 F.4th 296, 323 (1st Cir. 2022) (internal quotation marks omitted). To succeed on a motion to reconsider an interlocutory order, the moving party must "demonstrate that the order was based on a manifest error of fact or law." LR 7.2(d). "A motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment . . . nor is it a mechanism to regurgitate old arguments previously considered and rejected." *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014) (internal quotation marks and citations omitted).

Balestrieri merely reargues the factors pertaining to specific personal jurisdiction in light of his own view of the facts, attempting to minimize and recharacterize his contacts with New Hampshire.[11] He provides no new evidence, law, or other reason to reassess personal jurisdiction now. Despite his protestations to the contrary, the court is fully satisfied that personal jurisdiction exists over Balestrieri for the reasons stated in the court's prior order.[12] Therefore, the court has personal jurisdiction over Balestrieri, and Balestrieri's motion to set aside default is denied.

## Conclusion

For these reasons, the court denies Balestrieri's motion to set aside default (doc. no. 290). Balestrieri remains in default. The hearing on damages for purposes of

---

[11] Balestrieri filed a declaration in support of his motion to set aside default, which the court has considered for that purpose. Doc. no. 291.

[12] Doc. no. 286.

4

Fr. de Laire's motion for default judgment is scheduled for April 25, 2025, at 2:00 pm.

SO ORDERED.

_____
Joseph N. Laplante
United States District Judge

Dated: March 27, 2025

cc:   Marc Balestrieri, defaulted and proceeding pro se.
      Counsel of record.