# United States Court of Appeals
## For the First Circuit

---

No. 25-1825

VERY REVEREND GEORGES F. DE LAIRE, J.C.L.,

Plaintiff - Appellee,

v.

MARC BALESTRIERI,

Defendant - Appellant,

GARY MICHAEL VORIS; ANITA CAREY; ST. MICHAEL'S MEDIA, a/k/a Church Militant,

Defendants.

---

Before

Montecalvo, Aframe, and Dunlap,
Circuit Judges.

---

**JUDGMENT**

Entered: October 13, 2026

Pro se defendant-appellant Marc Balestrieri appeals following the default judgment against him. This case arises out of an online article that Balestrieri wrote about plaintiff-appellee the Very Reverend Georges F. de Laire ("Father de Laire"). Father de Laire sued the article's publisher and several individuals and learned after months of litigation that Balestrieri, who was not initially named in the suit, was the article's true author. The district court allowed Father de Laire to amend his complaint to add Balestrieri as an initial defendant, and following extensive efforts to serve Balestrieri in-hand, the district court allowed alternative service by mail and email. Balestrieri did not file an answer or any other pleading, and the court entered default. Later, the district court granted Father de Laire's motion for default judgment against Balestrieri and awarded Father de Laire $50,000 in damages based on Balestrieri's involvement.

We have reviewed the parties' arguments and the record below, "liberally constru[ing]" each of Balestrieri's filings, and we conclude that affirmance is in order. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Balestrieri asserts five appellate claims. As a general matter, review is for abuse of discretion. See Universitas Educ., LLC v. Granderson, 98 F.4th 357, 376–77 (1st Cir. 2024) (review of entry of default and default judgment); Indigo Am., Inc. v. Big Impressions, LLC, 597 F.3d 1, 3 (1st Cir. 2010) (decision on motion to set aside entry of default is reviewed deferentially; court reviews factual findings for clear error and balancing of relevant factors for abuse of discretion (citing Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 187 (1st Cir. 2004); Conetta v. Nat'l Hair Care Ctrs., Inc., 236 F.3d 67, 75 (1st Cir. 2001); Coon v. Grenier, 867 F.2d 73, 78 (1st Cir. 1989))).

But Balestrieri only raised one of his claims below. Of his five claims, Balestrieri raised only his argument regarding Father de Laire's alleged negligence regarding his mental health; thus, this is his only preserved argument. As to the other arguments, although Balestrieri mentioned his struggles in finding local counsel to the district court, he never contended that the Local Rules impeded on his rights. And his remaining claims are based on complaints he never raised in any way before the district court (right to a trial to and to be present, ineffective service of process, and statute of limitations bar). At best, these forfeited claims are subject to plain-error review. See S.E.C. v. Gastauer, 188 F.4th 80, 87–88 (1st Cir. 2026). But Balestrieri did not address plain error until his reply brief and so has waived any right to review under that standard. See United States v. Rodriguez-Monserrate, 22 F.4th 35, 40 (1st Cir. 2021) (citing United States v. Pabon, 819 F.3d 26, 33–34 (1st Cir. 2016); Waste Mgmt. Holdings, Inc. v. Mowbray, 208 F.3d 288, 299 (1st Cir. 2000)).

Moreover, with respect to all five of his claims, Balestrieri has failed to provide sufficient argumentation; indeed, several of his claims are supported with only a single sentence of explanation. Even taking into account his pro se status, as we must, Balestrieri has not provided anything from which we can properly assess his claims. As such, his claims are deemed waived due to his inadequate briefing. See United States v. Nishianidze, 342 F.3d 6, 18 (1st Cir. 2003) (waiver based on "perfunctory" analysis in pro se brief (quoting United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990))).

Nevertheless, even if we were to disregard these waivers and attempt to address Balestrieri's claims, Balestrieri has presented no compelling basis for reversal.

We address first Balestrieri's only preserved claim: that Father de Laire should be held entirely responsible for his emotional distress given his prior existing conditions and treatment plan or that the district court erred in awarding him damages in this context. Again, despite preserving this claim, as a result of Balestrieri's insufficient briefing, it is deemed waived. Regardless, Balestrieri has failed to explain why, as a matter of either fact or law, Father de Laire should be held entirely responsible for the decline in mental health he experienced following the article's publication. See McKinnon v. Kwong Wah Rest., 83 F.3d 498, 506 (1st Cir. 1996) ("In general, this court will not override a damage determination unless the award is unsupported by the evidence, grossly excessive, or shocking to the conscience. . . . Questions of law are subject to plenary review." (internal citations omitted)).

Moreover, with respect to Balestrieri's unpreserved and waived argument that Father de Laire had to prove financial loss, as the district court explained in its order, Father de Laire had no

obligation to prove actual financial loss in order to recover damages. See MacDonald v. Jacobs, 201 A.3d 1253, 1259 (N.H. 2019) (financial loss is not an element of defamation); Chagnon v. Union Leader Corp., 174 A.2d 825, 835 (N.H. 1961) (for defamation that "would tend to injure [the plaintiff] in [their] trade or business . . . [the plaintiff] can recover as general damages all damages which would normally result from such defamation." (citation omitted)).

Balestrieri's other, similarly unpreserved and waived arguments would fair no better were we to disregard the waiver. For one, to the extent that Balestrieri's first claim is an attempt to challenge the very concept of default, that process is a well-established and well-accepted aspect of litigation. See Wright & Miller, History and Policy of Default Judgments, 10A Fed. Prac. & Proc. Civ. § 2681 (4th ed.). And we are confident that those basic necessities of a valid default judgment -- notice to Balestrieri and jurisdiction over him and the case -- were satisfied. See Boddie v. Connecticut, 401 U.S. 371, 378 (1971) ("Due process does not, of course, require that the defendant in every civil case actually have a hearing on the merits. A State, can, for example, enter a default judgment against a defendant who, after adequate notice, fails to make a timely appearance." (citing Windsor v. McVeigh, 93 U.S. 274, 278 (1876))); Windsor, 93 U.S. at 278 ("The law is, and always has been, that whenever notice or citation is required, the party cited has the right to appear and be heard; and when the latter is denied, the former is ineffectual for any purpose. The denial to a party in such a case of the right to appear is in legal effect the recall of the citation to him."); Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 84 (1988) ("a judgment entered without notice or service is constitutionally infirm"); Harris v. Hardeman, 55 U.S. 334, 335, 339–40 (1852) (explaining that, to be valid, court issuing default judgment must have jurisdiction and defaulted defendant must have had notice). This is especially true given the district court's careful consideration of personal jurisdiction over Balestrieri, which it considered twice and which decisions Balestrieri has not challenged. We can perceive no error in the court's determination that personal jurisdiction over Balestrieri exists and discern no violation of Balestrieri's constitutional rights.

Second, a court's ability to require local counsel is similarly well-recognized, and Balestrieri has not pointed our attention to anything to suggest that his rights were impeded by this requirement, nor has the record revealed anything to so suggest. See Martin v. Walton, 368 U.S. 25, 26 (1961) (local counsel requirements are "allowable . . . under the Fourteenth Amendment"); King v. Greenblatt, 149 F.3d 9, 14 (1st Cir. 1998) ("This being a civil case, there is no constitutional right to counsel."); cf. Bemis v. Kelley, 857 F.2d 14, 15 (1st Cir. 1988) ("[t]here is no constitutional right to appointment of counsel in a civil case." (quoting Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986))).

And despite Balestrieri's protestations, service in this case satisfied due process. Not only does the record reflect Father de Laire's numerous attempts at in-hand service, it reflects that Balestrieri had actual knowledge of the suit against him, and service via regular mail and email -- especially in light of the numerous attempts at contact -- was sufficient to "apprise [Balestrieri] "of the pendency of the action." Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950) (citations omitted); see id. at 314 (due process requires that "notice [be] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (citations omitted)); Hugel v. McNell, 886 F.2d 1, 5 (1st Cir. 1989) ("Due process does not require [a] plaintiff to be a private investigator and

determine the actual whereabouts of defendants before commencing an action." (alteration in original)). Moreover, the district court's decision allowing alternative service is unassailable in this context. See AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 420, 428–29 (1st Cir. 2015) (considering claim that district court order was void based on use of alternative service reviewed for abuse of discretion (citing Crispin-Taveras v. Mun. of Carolina, 647 F.3d 1, 6 (1st Cir. 2011))). In sum, Balestrieri has not demonstrated that any fear he felt based on the various efforts of service rendered the entry of default or default judgment void or invalid in any way.

Finally, the district court cannot be faulted for any error regarding the timeliness of the claim against Balestrieri. See Núñez-Pérez v. Escobar-Pabón, 133 F.4th 33, 42 (1st Cir. 2025) ("because 'the principle of party presentation [is] basic to our adversary system,' a court generally may not raise an affirmative defense, such as a statute of limitations defense, that a party has not itself raised" (alteration in original) (internal citation omitted) (quoting Wood v. Milyard, 566 U.S. 463, 472 (2012))). Although the district court did consider timeliness, it did so only in the context of whether allowing Father de Laire to amend the complaint would be futile and only in the context of arguments made by other defendants. Balestrieri never raised this defense and cannot now undo default judgment on this basis.

For these reasons, the district court's judgment is **affirmed**.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Marc Balestrieri
Howard M. Cooper
Suzanne M. Elovecky
Joseph M. Cacace
Hannah Yang Amadei
Richard J. Lehmann
Anita Carey
W. Scott O'Connell